JEFFREY B. MARGULIES (BAR NO. 126002)
LAUREN A. SHOOR (BAR NO. 280788)
SHIRLEY B. KIM (BAR NO. 312870)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California  90071
Telephone:    (213) 892-9200
Facsimile:    (213) 892-9494
jeff.margulies@nortonrosefulbright.com
lauren.shoor@nortonrosefulbright.com
shirley.kim@nortonrosefulbright.com

Attorneys for Defendants
ROSS STORES, INC. AND
AQ TEXTILES, LLC

*Additional Counsel listed on Next Page*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE MORRISON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROSS STORES, INC., AQ TEXTILES LLC, CREATIVE TEXTILE MILLS PRIVATE LIMITED,<br><br>Defendants. | Civil Action No.  3:18-cv-02671-EDL<br><br>**DEFENDANT AQ TEXTILES, LLC'S NOTICE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(b)(2)**<br><br>Date:   August 14, 2018<br>Time:  9:00 a.m.<br>Courtroom:    E |

1   *Additional Counsel*

2   Reid L. Phillips *(pro hac vice application forthcoming)*
    Jennifer K. Van Zant *(pro hac vice application forthcoming)*
3   Andrew L. Rodenbough *(pro hac vice application forthcoming)*
    Ryan C. Fairchild *(pro hac vice application forthcoming)*
4   **BROOKS, PIERCE, MCLENDON, HUMPHREY &**
       **LEONARD, LLP**
5   230 North Elm Street
    2000 Renaissance Plaza
6   Greensboro, NC 27401
    Telephone:      (336) 373-8850
7   Facsimile:      (336) 378-1001
    rphillips@brookspierce.com
8   jvanzant@brookspierce.com
    arodenbough@brookspierce.com
9   rfairchild@brookspierce.com

10  Attorneys for Defendants
    Ross Stores, Inc. and AQ Textiles, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 14, 2018, at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Elizabeth D. Laporte in Courtroom E of the the San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA 94102, defendant AQ Textiles, LLC ("AQ"), pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2), will, and hereby does, move this Court to dismiss the Plaintiff's claims against AQ in their entirety. In support of its Motion, AQ respectfully shows the Court the following:

1.      Plaintiff's Complaint asserts claims against three named Defendants: Ross Stores, Inc., AQ, and Creative Textile Private Mills, Ltd.

2.      Plaintiff's claims against AQ must be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

3.      Plaintiff's claims against AQ must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

4.      Additionally, Plaintiff's claims must be dismissed for lack of standing to the extent she purports to bring claims for products she did not purchase.

5.      Pursuant to Local Rule 7.4, AQ contemporaneously files herewith a Memorandum of Points and Authorities in support of the Motion to Dismiss describing the reasons that this Motion should be granted and the authorities which support AQ's Motion.

For the reasons stated above and in the accompanying memorandum, AQ respectfully requests that the Court dismiss Plaintiff's claims against AQ, in their entirety, with prejudice.

///

///

///

///

///

///

///

///

1    Dated: June 29, 2018                 JEFFREY B. MARGULIES
2                                         LAUREN A. SHOOR
                                          SHIRLEY B. KIM
3                                         **NORTON ROSE FULBRIGHT US LLP**

4

5                                         By_____/s/ Shirley B. Kim_____
6                                             SHIRLEY B. KIM
                                              Attorneys for Defendants
7                                             ROSS STORES, INC. AND
                                              AQ TEXTILES, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

73124036.3                                 - 4 -

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

INTRODUCTION ................................................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ....................................................................... 1

STATEMENT OF RELEVANT ALLEGATIONS .................................................................. 1

ARGUMENT .......................................................................................................................... 2

    I.     PLAINTIFF'S CLAIMS AGAINST AQ MUST BE DISMISSED FOR
          LACK OF PERSONAL JURISDICTION ................................................................. 2

          a.     There is no general personal jurisdiction over AQ in California ............... 3

          b.     There is no specific personal jurisdiction over AQ in California .............. 4

    II.    PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR FAILURE TO
          STATE A CLAIM PURSUANT TO RULE 12(b)(6) ........................................... 5

          a.     Legal Standard .......................................................................................... 5

          b.     Plaintiff's fraud-based claims must be dismissed because they were
               not pleaded with sufficient particularity. .................................................. 6

               i.     The majority of Plaintiff's claims sound in fraud ......................... 6

               ii.     Plaintiff's lumping together of the Defendants does not
                     satisfy the requirements of Rule 9(b) ............................................ 7

               iii.     Plaintiff does not allege the who, what, when, where, or
                     how of the alleged fraud ................................................................ 8

                iv.     Allegations made upon information and belief do not satisfy
                     the requirements of Rule 9(b) ....................................................... 8

           c.     Plaintiff's claims for damages under the CLRA must be dismissed
               because Plaintiff did not timely give Defendants notice of their
               alleged violations ..................................................................................... 9

          d.     Plaintiff's breach of warranty claims (a) must also be dismissed for
                failure to timely notify Defendants of an alleged breach, and (b)
                additionally must be dismissed for failure to adequately plead the
               elements of breach of warranty ............................................................. 10

               i.     Plaintiff has failed to properly allege pre-suit notice ................... 10

                ii.     Plaintiff has failed to adequately plead the elements of
                     breach of warranty ...................................................................... 10

           e.     Plaintiff's Magnuson-Moss Warranty Act claims are defective and
                must be dismissed for multiple reasons ................................................. 11

**TABLE OF CONTENTS**
(continued)

Page

    i. Plaintiff has not alleged the existence of a written warranty as defined by the MMWA ........................................................ 12

    ii. Plaintiff failed to provide AQ with notice and opportunity to cure ........................................................................................ 13

  f. Plaintiff's claims for breach of the implied warranty of merchantability must be dismissed for multiple reasons ...................... 13

    i. Plaintiff does not allege a fundamental defect ............................. 14

    ii. Plaintiff has not adequately pleaded that the sheets are still within the warranty period ........................................................... 14

    iii. Plaintiff has failed to plead reasonable notice of a breach ............ 15

  g. Plaintiff has failed to plead negligent misrepresentation ........................ 15

III. PLAINTIFF'S CLASS-ACTION CLAIMS MUST BE DISMISSED FOR LACK OF STANDING TO THE EXTENT THEY ARISE FROM THE SALE OF PRODUCTS THAT THE NAMED PLAINTIFF DID NOT BUY ........................................................................................................ 16

  a. Plaintiff has made no allegations describing other sheets purportedly forming the basis for her class action claims ........................ 16

  b. Plaintiff has made no allegations regarding a level of quality or length of time for the sheets she purchased, much less for the sheets she did not purchase ................................................................................. 17

  c. Authority from the Northern District of California shows that claims for sheets not purchased by the named Plaintiff should be dismissed ...................................................................................................... 18

CONCLUSION .......................................................................................................... 19

DOCUMENT PREPARED ON RECYCLED PAPER

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Aliano v. Quaker Oats Co.*,
No. 16 C 3087, 2017 U.S. Dist. LEXIS 1158 (N.D. Ill. Jan. 4, 2017)........................................4

*Ambriz v. Coca Cola Co.*,
No. 13-CV-03539, 2014 U.S. Dist. LEXIS 9870 (N.D. Cal. Jan. 27, 2014) ............................4

*American Suzuki Motor Corp. v. Superior Court*,
37 Cal. App. 4th 1291 (1995)................................................................................................13

*Ang v. Bimbo Bakeries USA, Inc.*,
No. 13-CV-01196-WHO, 2014 WL 1024182 (N.D. Cal. Mar. 13, 2014)..........................18, 19

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..............................................................................................................6

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .........................................................................................................6, 15

*Bias v. Moynihan*,
508 F.3d 1212 (9th Cir. 2007) ...............................................................................................5

*Bush v. Rewald*,
619 F. Supp. 585 (D. Haw. 1985) ..........................................................................................6

*In re Century Aluminum Co. Sec. Litig.*,
729 F.3d 1104 (9th Cir. 2013)................................................................................................5

*County of Santa Clara v. Astra U.S., Inc.*,
428 F. Supp. 2d 1029 (N.D. Cal. 2006) ..............................................................................6, 8

*Daimler AG v. Bauman*,
134 S. Ct. 746 (2014) .........................................................................................................3, 4

*Elec. Frontier Found. v. Glob. Equity Mgmt. (SA) Pty Ltd.*,
290 F. Supp. 3d 923 (N.D. Cal. 2017) ...................................................................................5

*Frenzel v. AliphCom*,
76 F. Supp. 3d 999 (N.D. Cal. 2014) ...................................................................................10

*Gil v. Bank of Am., Nat'l Ass'n*,
138 Cal. App. 3d 1371 (2006)...............................................................................................7

*Glenn K. Jackson Inc. v. Roe*,
273 F.3d 1192 (9th Cir.2001).............................................................................................15

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
131 S. Ct. 2846 (2011) .........................................................................................................3

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) .............................................................................................................3

DOCUMENT PREPARED ON RECYCLED PAPER

*Granfield v. Nvidia Corp.*,
   No. C 11-05403 JW, 2012 WL 2847575 (N.D. Cal. July 11, 2012)......................................16

*Helicopteros Nacionales de Colom., S.A. v. Hall*,
   466 U.S. 408 (1984) ...........................................................................................................4

*Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*,
   485 F.3d 450 (9th Cir. 2007)...........................................................................................4, 5

*Jackson v. Fischer*,
   931 F. Supp. 2d 1049 (N.D. Cal. 2013) ...............................................................................7

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009).........................................................................................7, 8

*Kremmel v. AQ Textiles, LLC et al.*,
   No. 3:17-CV-00147 (S.D. Ill. February 10, 2017) ................................................................5

*Kuns v. Ford Motor Co.*,
   543 F. App'x 572 (6th Cir. 2013) ......................................................................................13

*Ladore v. Sony Comput. Entm't Am., LLC*,
   75 F. Supp. 3d 1065 (N.D. Cal. 2014) ...............................................................................15

*Larsen v. Trader Joe's Co.*,
   No. C 11-05188 SI, 2012 WL 5458396 (N.D. Cal. June 14, 2012).......................................16

*Lazar v. Superior Court*,
   12 Cal. 4th 631 (1996) .......................................................................................................7

*Levitt v. Yelp! Inc.*,
   765 F.3d 1123 (9th Cir. 2014)........................................................................................5, 6

*Malifrando v. Real Time Resolutions, Inc.*, No. 2:16-cv-0223-TLN-GGH-PS, 2016
   WL 6955050 (E.D. Cal. Nov. 26, 2016)..............................................................................7

*Martinez v. Aero Caribbean*,
   764 F.3d 1062 (9th Cir. 2014)............................................................................................4

*Mathison v. Bumbo*,
   No. SA CV08-0369 DOC, 2008 WL 8797937 (C.D. Cal. Aug. 18, 2008) .................13, 14, 15

*Miller v. Ghiradelli Chocolate Co.*,
   912 F. Supp. 2d 861 (N.D. Cal. 2012) ...............................................................................16

*Minkler v. Apple, Inc.*,
   65 F. Supp. 3d 810 (N.D. Cal. 2014) .................................................................................10

*Murray v. Sears, Roebuck & Co.*,
   No. C 09-5744 CW, 2014 WL 563264 (N.D. Cal. Feb. 12, 2014) .........................................16

*In re MyFord Touch Consumer Litig.*,
   46 F. Supp. 3d 936 (N.D. Cal. 2014) .................................................................................13

DOCUMENT PREPARED
ON RECYCLED PAPER

*Nabors v. Google, Inc.*,
  No. 5:10-CV-03897 EJD (PSG), 2011 WL 3861893 (N.D. Cal. Aug. 30, 2011) ...................11

*Ovitz v. Chartis Prop. Cas. Co.*,
  No. CV 15-3916 PSG, 2015 WL 12746209 (C.D. Cal. Sept. 14, 2015) ...................................6

*Pearson v. Target Corp.*,
  No. 11 CV 7972, 2012 WL 7761986 (N.D. Ill. Nov. 9, 2012) .................................................16

*Ranza v. Nike, Inc.*,
  793 F.3d 1059 (9th Cir. 2015)............................................................................................3

*Rosal v. First Fed. Bank of Cal.*,
  671 F. Supp. 2d 1111 (N.D. Cal. 2009) ..........................................................................6

*Rushing v. Williams-Sonoma, Inc.*,
  No. 16-CV-01421-WHO, 2016 WL 4269787 (N.D. Cal. Aug. 15, 2016)..........................18, 19

*Saitsky v. DirecTV, Inc.*,
  No. CV 08-7918 AHM (CWx), 2009 WL 10670629 (C.D. Cal. Sep. 22, 2009).....................9

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004)..........................................................................................3

*Sher v. Johnson*,
  911 F.2d 1357 (9th Cir. 1990)........................................................................................3

*Somers v. Apple, Inc.*,
  729 F.3d 953 (9th Cir. 2013)..........................................................................................5

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007)..........................................................................................8

*Tasion Commc'ns., Inc. v. Ubiquiti Networks, Inc.*,
  No. C-13-1803 EMC, 2014 WL 2916472 (N.D. Cal. June 26, 2014) ..............................13, 14

*Tietsworth v. Sears, Roebuck & Co.*,
  720 F. Supp. 2d 1123 (N.D. Cal. 2010) ...................................................................10, 11, 13

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, &
  Prods. Liab. Litig.*,
  754 F. Supp. 2d 1145 (C.D. Cal. 2010).......................................................................6, 7, 10

*Utility Consumers' Action Network v. Sprint Solutions, Inc.*,
  No. C07-CV-2231-W (RJB), 2008 WL 1946859 (S.D. Cal. Apr. 25, 2008) ...........................9

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003)........................................................................................7

*Von Grabe v. Sprint PCS*,
  312 F. Supp. 2d 1285 (S.D. Cal 2003) .........................................................................9

*Wine Bottle Recycling, LLC v. Niagara Sys. LLC*,
  No. 12-1924 SC, 2013 WL 1120962 (N.D. Cal. Mar. 18, 2013).........................................15

DOCUMENT PREPARED
ON RECYCLED PAPER

*Young v. Cree, Inc.,*
   No. 17-cv-06252-YGR, 2018 WL 171-181 (N.D. Cal. Apr. 9, 2018)................................17, 18

**Rules and Statutes**

Cal. Civ. Code §1782(a)............................................................................................................9

Cal. Civ. Code § 1791.1 ...........................................................................................................14

Cal. Com. Code § 2607(3)(A) ..................................................................................................10

California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750-1784 .......................7, 9, 16

California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.* ...............................7

California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210...........................7

Fed. R. Civ. P. 9(b) ....................................................................................... *passim*

Fed. R. Civ. P. 11 .....................................................................................................................19

Fed. R. Civ. P. 12(b)(1).............................................................................................................16

Fed. R. Civ. P. 12(b)(2).............................................................................................................5

Fed. R. Civ. P. 12(b)(6)......................................................................................................1, 5, 11

Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312 ...........................................11, 12, 13, 18

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant AQ Textiles, LLC ("AQ") submits this Memorandum of Points and Authorities in support of its Motion to Dismiss all claims asserted against AQ by Plaintiff Dominique Morrison ("Plaintiff").

**INTRODUCTION**

Plaintiff brings claims against AQ and fellow defendants Ross Stores, Inc. ("Ross") and Creative Textile Mills Pvt. Ltd. ("Creative") arising out of Plaintiff's purported purchase of sheets allegedly manufactured by Creative, imported by AQ, and sold by Ross.  Plaintiff alleges that AQ imported the sheets at issue to Plaintiff, though she does not allege where she bought the sheets. Compl. ¶ 35. That is the <u>single</u> specific allegations regarding AQ's conduct in the entire Complaint.

Plaintiff fails to establish that this Court has personal jurisdiction over AQ.  AQ has no connection whatsoever to California, and Plaintiff fails even to allege that she purchased the sheets in question in California. Furthermore, each of Plaintiff's claims against AQ must be dismissed for failure to state a claim pursuant to Rule 12(b)(6). Finally, Plaintiff's class-action claims must dismissed for lack of standing to the extent they arise from the sale of products that the named Plaintiff did not buy.

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Should the Complaint be dismissed for lack of personal jurisdiction over AQ?

2.      Should the Complaint be dismissed for failure to state a claim for relief?

3.      Should the Plaintiff's claims for products she did not purchase be dismissed for lack of standing?

**STATEMENT OF RELEVANT ALLEGATIONS**

Plaintiff alleges that she is an adult citizen of St. Louis County, Missouri. Compl. ¶ 12. She also alleges that she is a resident of the Northern District of California, *id.* ¶ 9, and the civil cover sheet served with the Complaint states that her County of Residence is St. Louis, Missouri.

Plaintiff allegedly bought a set of Grande Estate 800TC Luxurious Sateen Weave sheets with an advertised thread count of 800 from Ross.  Compl. ¶ 12.  She does not allege how much the sheets cost, when she bought the sheets, where she bought the sheets, whether the sheets were

ever actually used, or whether she ever viewed any advertising or marketing materials relating to the sheets.  Plaintiff alleges that AQ "on behalf of Creative Textiles, imports and distributes certain of the relevant sheet and bedding products to Defendant Ross." *Id.* ¶ 17

Plaintiff never specifically alleges that <u>AQ</u> made misrepresentations regarding the sheets at issue, much less identify the content of any misrepresentations made by AQ. Instead, Plaintiff uses the passive voice to state that the set of sheets in question, which was allegedly imported by AQ, "<u>was represented</u> to by 800 Thread Count." *Id.* ¶ 35. The crux of her misrepresentation claim is that "<u>upon information and belief</u>, the true thread count of those sheets was far less." *Id.* ¶ 35 (emphasis added). Plaintiff also never alleges that she actually saw or heard those misrepresentations, but instead makes only a summary allegation that she relied upon them. *Id.* ¶ 12.

Plaintiff's chief complaint—and the allegation on which each of her ten claims rests—is that the sheets she purchased from Ross had an "inflated" thread count.  *Id.* ¶¶ 1, 34.  Although Plaintiff alleges that she believed the thread count indicated that the sheets would be "of higher quality, softer and better for sleep" than sheets of lower thread count, she does not say whether she actually found the sheets to be of lower quality, insufficiently soft, or poor for sleeping.  Nor does she say when or how she determined that the thread count of the sheets at issue was inaccurate. Again, her allegation that the thread count was lower is made only "upon information and belief." *Id.* ¶ 35.

Plaintiff does not make any specific allegations regarding AQ's participation in packaging or advertising the sheets at issue with an allegedly inflated thread count.  Indeed, Plaintiff never specifies AQ's supposedly unlawful conduct—instead, the vast majority of the operative allegations in the Complaint are made against "Defendants" collectively, with no effort whatsoever to distinguish between their individual roles or actions.

## ARGUMENT

## I.   PLAINTIFF'S CLAIMS AGAINST AQ MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.

Plaintiff's claims against AQ must be dismissed because there is no personal jurisdiction over AQ in California with respect to Plaintiff's claims and the purported class claims.

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). In determining whether personal jurisdiction exists, a federal district court must apply "the law of the state in which the district court sits." *Id.* Generally, the Court must first determine whether personal jurisdiction exists pursuant to the forum state's laws, then determine whether the exercise of jurisdiction would violate the defendant's federal due process rights. However, "[b]ecause California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Id.* at 800-01.

There are two categories of personal jurisdiction which may be invoked:  general jurisdiction and specific jurisdiction.  General jurisdiction "permits a court to hear 'any and all' claims' against a defendant, whether or not the conduct at issue has any connection to the forum." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068-69 (9th Cir. 2015) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). Specific jurisdiction, however, "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State." *Id.* (quoting *Goodyear*, 131 S. Ct. at 2851). Plaintiff has not pled facts sufficient to establish either specific or general jurisdiction in this case.

### a.  There is no general personal jurisdiction over AQ in California.

In *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), the United States Supreme Court held that jurisdiction over out-of-state corporate entities is only appropriate "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* at 754 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The Court further stated that "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 760. Generally, for a corporation or similar entity, the "paradigm" states where it will be "essentially at home" are in the state of its incorporation and the state in which it has its principal place of business. *Id.*

The Ninth Circuit has recognized that the Supreme Court in *Daimler* rejected any argument

"that general jurisdiction is appropriate whenever a corporation 'engages in a substantial, continuous, and systematic course of business' in a state." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (quoting *Daimler*, 134 S. Ct. at 761). Instead, the "paradigm fora" for the exercise of general jurisdiction are "a corporation's place of incorporation and principal place of business," and "[o]nly in an 'exceptional case' will general jurisdiction be available anywhere else." *Id.* (quoting *Daimler*, 134 S. Ct. at 761 n.19).

Here, AQ is a North Carolina limited liability company with its principal place of business in North Carolina. Plaintiff makes virtually no specific allegations about AQ's conduct as it relates to Plaintiff's claims, and none of her allegations identify any connection whatsoever between AQ and California. This is plainly not the "rare situation" where AQ can be considered "at home" outside its home state of North Carolina, and therefore there can be no general jurisdiction over AQ.

**b.    There is no specific personal jurisdiction over AQ in California.**

"Specific personal jurisdiction must 'aris[e] out of or [be] related to the defendant's contacts with the forum.'" *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007) (quoting *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414 (1984)). That means that, to plead facts which will support specific jurisdiction, a plaintiff must sufficiently allege both contacts between a defendant and the forum state, and a "nexus" between the defendant's in-state conduct and the plaintiff's claims. *See id.*

In the context of a class action, "it is the named plaintiff's claim that must arise out of or result from the defendant's forum-related activities, not the claims of the unnamed members of the proposed class, who are not party to the litigation absent class certification." *Ambriz v. Coca Cola Co.*, No. 13-CV-03539, 2014 U.S. Dist. LEXIS 9870, at *6 (N.D. Cal. Jan. 27, 2014); *see also Aliano v. Quaker Oats Co.*, No. 16 C 3087, 2017 U.S. Dist. LEXIS 1158, at *13-14 (N.D. Ill. Jan. 4, 2017) (quoting *Ambriz*).

Here, the claims of the named Plaintiff are not sufficient to establish either any California-based conduct by AQ or any nexus between that conduct and Plaintiff's claims. As discussed above, Plaintiff does not allege <u>any</u> conduct by AQ which occurred in California. The vast majority

1    of Plaintiff's allegations describe conduct by "Defendants" generally. And indeed, Plaintiff makes

2    no allegations whatsoever that any of the allegedly unlawful conduct took place in California.

3    Indeed, the only connection to California appears to be that Ross is located in California and that

4    Plaintiff bought allegedly mislabeled sheets from Ross, without actually alleging where that

5    purchase took place.[1] This dearth of allegations is clearly insufficient to establish jurisdiction over

6    AQ. *See Holland America*, 485 F.3d at 459 ("The placement of a product into the stream of

7    commerce, without more, is not an act purposefully directed toward a forum state.").

8         In sum, Plaintiff has not alleged facts sufficient to establish either general or specific

9    personal jurisdiction over AQ, and as a result the claims against AQ must be dismissed pursuant to

10   Rule 12(b)(2) for lack of personal jurisdiction.

11   **II.    PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A**

12   **         CLAIM PURSUANT TO RULE 12(b)(6).**

13   **         a.    Legal Standard**

14        To survive a motion to dismiss under Rule 12(b)(6), a claim must have "at least a plausible

15   chance of success." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1134-35 (9th Cir. 2014) (citing *In re Century

16   Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013)). "Plausibility requires pleading

17   facts, as opposed to conclusory allegations or the formulaic recitation of the elements of a cause of

18   action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles

19   the pleader to relief." *Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation

20

21   ---

     [1] Given (1) the conflict between Plaintiff's allegations about her residence and the county of
22   residence she claimed on the civil cover sheet, and (2) the fact that Plaintiff was also a plaintiff in
     *Kremmel v. AQ Textiles, LLC et al.*, No. 3:17-CV-00147 (S.D. Ill. February 10, 2017), where she
23   claimed to be a resident of St. Louis County, Missouri, *id.* (Compl. [ECF No. 1] ¶ 10), it does not
     appear that Plaintiff bought the sheets in California. Even if Plaintiff were to have purchased the
24   sheets in California, that would still be far from sufficient to establish specific jurisdiction over AQ.
         For the Court's convenience, AQ has attached the complaint from the Southern District of
25   Illinois as Exhibit A to AQ's Motion to Dismiss. AQ respectfully requests the Court take judicial
     notice of the complaint. *Elec. Frontier Found. v. Glob. Equity Mgmt. (SA) Pty Ltd.*, 290 F. Supp.
26   3d 923, 930 (N.D. Cal. 2017) (citing *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) for the
     proposition that a court "may take judicial notice of proceedings in other courts . . . if those
27   proceedings have a direct relation to matters at issue")).

28

marks and citations omitted) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). That is, the complaint must allege factual content raising a reasonable inference of the defendant's liability for the alleged misconduct. *Levitt*, 765 F.3d at 1134-35. A complaint that does not meet these standards cannot survive a motion to dismiss.

### b.   Plaintiff's fraud-based claims must be dismissed because they were not pleaded with sufficient particularity.[2]

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Claims that do not meet the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure must be dismissed. *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1170 (C.D. Cal. 2010).   Furthermore, "[a]llegations of fraud based on information and belief do not satisfy FRCP 9(b) requirements." *County of Santa Clara v. Astra U.S., Inc.*, 428 F. Supp. 2d 1029, 1036 (N.D. Cal. 2006).[3] The same applies to mere conclusory allegations. *Id.*

These requirements are intended to protect defendants from a "fishing expedition" whereby a plaintiff shoots first and interposes discovery questions later hoping for the defendants to supply her with a case. *See Bush v. Rewald*, 619 F. Supp. 585, 601 (D. Haw. 1985). Here, most of Plaintiff's claims sound in fraud and must be dismissed because they were not pleaded with sufficient particularity.

### i.   The majority of Plaintiff's claims sound in fraud.

"Under California law, the elements of common law fraud are 'misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages.'" *Rosal v.*

---

[2] AQ briefly notes that Plaintiff's allegations regarding equitable tolling are virtually nonexistent. Plaintiff's allegations are—at best—summary conclusions of concealment with no facts being pleaded in support.

[3] While this rule can be relaxed where matters are specially within the defendant's knowledge, *Ovitz v. Chartis Prop. Cas. Co.*, No. CV 15-3916 PSG, 2015 WL 12746209, at *8 (C.D. Cal. Sept. 14, 2015), that is not the case here. Instead, Plaintiff could have readily tested the thread count of the sheets she purchased before filing a complaint alleging wrongdoing. She has either not tested the sheets or chosen not to make allegations as to the results of the testing. Either way, her claims appear to be the quintessential fishing expedition: alleging that her claim exists and hoping to later find evidence of the same.

*First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1131 (N.D. Cal. 2009) (quoting *Gil v. Bank of Am., Nat'l Ass'n*, 138 Cal. App. 3d 1371, 1381 (2006)). When the defendant is a corporation, "the plaintiff's burden . . . is even greater . . . . The plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Malifrando v. Real Time Resolutions, Inc.*, No. 2:16-cv-0223-TLN-GGH-PS, 2016 WL 6955050, at *8 (E.D. Cal. Nov. 26, 2016) (quoting *Lazar v. Superior Court*, 12 Cal. 4th 631, 645 (1996)) (internal quotation marks omitted). Generally, "[t]he circumstances of the alleged fraud must be specific enough 'to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *In re Toyota Motor*, 754 F. Supp. 2d at 1170 (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

The Ninth Circuit Court of Appeals has held that the requirements of Rule 9(b) apply not just to common-law fraud claims, but also to claims under California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750-1784; California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210; and California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq. See Toyota Motor*, 754 F. Supp. 2d at 1170; see *also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (noting the same as to the CLRA and UCL). In addition, "the majority view among district courts in California" is that Rule 9(b)'s heightened pleading standard applies to a claim for negligent misrepresentation. *See Jackson v. Fischer*, 931 F. Supp. 2d 1049, 1068 (N.D. Cal. 2013).

Plaintiff alleges claims for, *inter alia*, fraud, negligent misrepresentation, and violations of the CLRA, UCL (including the unlawful, unfair, and fraudulent prongs), and FAL (the "Fraud-Based Claims").[4] Those claims fail to meet the requirements of Rule 9(b) for multiple reasons.

> ii.   Plaintiff's lumping together of the Defendants does not satisfy the requirements of Rule 9(b).

First, the Complaint does not allege any specific misrepresentation made by any individual defendant, including AQ. Nor does Plaintiff allege that AQ (or any other single defendant) knew

---

[4] These are Claims Two, Three, Four, Five, Six, Seven, and Nine of the Complaint.

DOCUMENT PREPARED ON RECYCLED PAPER

DEFENDANT AQ TEXTILES, LLC'S NOTICE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 3:18-CV-02671-EDL

of the supposedly false thread count. Instead, Plaintiff makes broad allegations regarding all of the Defendants, repeatedly lumping them together for purposes of the allegations upon which her claims rely. *See, e.g.*, Compl. ¶¶ 4, 7, 42, 51, 79, 98, 110-11, 135-36 & 144 (examples of "Defendants" making misrepresentations). The failure to make allegations specific to AQ is fatal to Plaintiff's Fraud-Based Claims, each of which relies on misrepresentations. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." (internal quotation marks omitted)).

        iii.    <u>Plaintiff does not allege the who, what, when, where, or how of the alleged fraud.</u>

Second, the Fraud-Based Claims fail because the Complaint is devoid of the "who, what, when, where, and how" of the alleged fraud. *See Kearns*, 567 F.3d at 1124. At no point does Plaintiff allege when or where she or any other person saw, read, or heard any allegedly deceptive advertising or false representations by AQ. Indeed, even though Plaintiff alleges that she purchased bed sheets, the Complaint surprisingly omits the date of that purchase and the location of that purchase. Furthermore, even where the Complaint alleges misrepresentations, there are no allegations as to the content of those representations, much less that Plaintiff or any of the purported class members actually <u>saw</u> those representations.[5] Such vague allegations do not adequately put AQ, or any Defendant, on notice of the details of their alleged fraud.

        iv.    <u>Allegations made upon information and belief do not satisfy the requirements of Rule 9(b).</u>

Third, the one allegation as to the actual thread count of the sheets purchased by the named Plaintiff is made only "upon information and belief." Such an allegation is insufficient to meet the requirements of Rule 9(b). *Astra U.S.*, 428 F. Supp. 2d at 1036. More egregious still, that allegation is the lone allegation forming the basis of Plaintiff's purported harm. If Plaintiff's information and

---

[5] By way of further example, consider Section IV *infra*. Plaintiff fails to even <u>name</u> the other unpurchased products that supposedly support her class action claims.

DOCUMENT PREPARED
ON RECYCLED PAPER

1  belief is wrong—and AQ asserts that it is wrong—then Plaintiff has no claims. Indeed, for this

2  reason alone, all of Plaintiff's claims should be dismissed.

3      In summary, the Fraud-Based Claims fail to meet the particularity requirements of Rule

4  9(b) for multiple reasons and must be dismissed.

5      **c.    Plaintiff's claims for damages under the CLRA must be dismissed because**

6              **Plaintiff did not timely give Defendants notice of their alleged violations.**

7      Under Section 1782(a) of the California Civil Code, part of the CLRA, a prospective

8  plaintiff wishing to bring claims under the CLRA must provide notice to the party allegedly

9  violating the Act "[t]hirty days or more prior to the commencement of an action for damages

10 pursuant to [the CLRA]."[6] The notice must be sent by "certified or registered mail, return receipt

11 requested, to the place where the transaction occurred or to the person's principal place of business

12 within California." *Id.* District Courts in California have strictly construed the notice requirement,

13 dismissing suits where notice was sent one day before filing the complaint or otherwise failed to

14 meet the requirements of Section 1872. *See, e.g.*, *Saitsky v. DirecTV, Inc.*, No. CV 08-7918 AHM

15 (CWx), 2009 WL 10670629, at *7 (C.D. Cal. Sep. 22, 2009) (discussing *Utility Consumers' Action*

16 *Network v. Sprint Solutions, Inc.*, No. C07-CV-2231-W (RJB), 2008 WL 1946859 (S.D. Cal. Apr.

17 25, 2008), where notice was sent only one day before filing suit)); *Von Grabe v. Sprint PCS*, 312

18 F. Supp. 2d 1285, 1303-04 (S.D. Cal 2003) (dismissing for failure to comply with Section 1872,

19 and noting that "***strict*** application of the requirement was necessary" (emphasis in original)).

20     Here, Plaintiff does not allege that she sent the required notice at least thirty days before

21 filing suit. Indeed, she admits that she sent notice only three days before filing suit. *See* Compl.

22 ¶ 114. Plaintiff therefore cannot establish that she complied with the requirements of the CLRA

23 before filing suit and her claims for damages under the CLRA must therefore be dismissed.

24

25

26 [6] The Complaint contains contradictory statements regarding whether Plaintiff seeks damages
   pursuant to her CLRA claims. In Paragraph 114, Plaintiff states that "Plaintiff and the California
27 State Class do not seek to recover damages under the CLRA in this Complaint." However, in the
   paragraph immediately preceding that one, Plaintiff purports to seek actual damages, punitive
28 damages, and restitution with respect to her CLRA claim.

DOCUMENT PREPARED
ON RECYCLED PAPER

**d.    Plaintiff's breach of warranty claims (a) must also be dismissed for failure to timely notify Defendants of an alleged breach, and (b) additionally must be dismissed for failure to adequately plead the elements of breach of warranty.**

i.    <u>Plaintiff has failed to properly allege pre-suit notice.</u>

Similar to the CLRA's notice requirements, California Commercial Code § 2607(3)(A) requires that a buyer, "within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy." Where a plaintiff "fails to plead that she provided this notice within a reasonable time of discovering the breach, as is required by § 2607," her breach of express "warranty claims must be dismissed." *See Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 817-18 (N.D. Cal. 2014).

Plaintiff does not allege that any such notice was sent. Plaintiff instead alleges that "[a]ffording Defendants a reasonable opportunity to cure their breaches of warranty would be unnecessary and futile here." *See* Compl. ¶ 79. However, there is no such exception to the pre-suit notice requirement stated in the California Commercial Code. Furthermore, even if, *arguendo*, the Court were to consider Plaintiff's notice described in Paragraph 114, Plaintiff has not pleaded when she purchased the sheets, so there is no way to evaluate whether that notice was sent "within a reasonable time of discovering the breach." As a result, Plaintiff's claim for breach of express warranty must be dismissed for failure to plead that pre-suit notice was provided within a reasonable time of discovering the breach.

ii.    <u>Plaintiff has failed to adequately plead the elements of breach of warranty.</u>

Under California law, a plaintiff must allege (1) the exact terms of the warranty, (2) reasonable reliance on the warranty, and (3) a breach of that warranty that proximately caused plaintiff injury. *Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1140 (N.D. Cal. 2010). "To create a warranty, representations regarding a product must be specified and unequivocal." *Toyota Motor*, 754 F. Supp. 2d at 1182; *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1018 (N.D. Cal. 2014) (explaining express warranties must be "specific and unequivocal" and may not be vague statements).

Here, Plaintiff never actually alleges the "exact terms of the warranty," instead stating

generally that Defendants warranted that the sheets were of a "certain true and accurate thread count." Compl. ¶ 72. Plaintiff never identifies where she saw that warranty, if she saw that warranty, what the actual wording of the warranty was, or any other form of specificity that would support her claim. This failure to plead "the exact terms of the warranty" with sufficient specificity, defeats her breach of express warranty claims. *Tiestworth*, 720 F. Supp. 2d at 1140; *see also Nabors v. Google, Inc.*, No. 5:10-CV-03897 EJD (PSG), 2011 WL 3861893, at *3 (N.D. Cal. Aug. 30, 2011) (finding failure to allege breach of express warranty where plaintiff failed to "identify the particular commercial or advertisement upon which he relied and [] describe with the requisite specificity the content of that particular commercial or advertisement"). Plaintiff's claim for breach of warranty must thus be dismissed.

>    **e.      Plaintiff's Magnuson-Moss Warranty Act claims are defective and must be dismissed for multiple reasons.**

Plaintiff's Magnuson-Moss Warranty Act ("MMWA") claims must be dismissed pursuant to Rule 12(b)(6). The MMWA provides a federal cause of action for breach of a "written warranty" or an implied warranty with respect to consumer goods. The MMWA defines "written warranty" as:

> (A) any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time, or
>
> (B) any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking,
>
> which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product.

15 U.S.C. § 2301(6). The MMWA does not define "implied warranty," instead providing that the scope of an implied warranty is defined by the state law creating the implied warranty. *Id.* § 2301(7).

The portion of the MMWA that creates a civil remedy is 15 U.S.C. § 2310(d). That section provides that a consumer who is damaged by a seller's failure to comply with a written or implied warranty may file a civil suit for damages in state or federal court.  However, 15 U.S.C. § 2310(e) provides that neither a class action nor an individual claim brought under subsection 2310(d) for a failure to comply with a warranty may proceed on the merits "unless the person obligated under the warranty or service contract is afforded a reasonable opportunity to cure such failure to comply." In the case of a class action suit, the same subsection provides that "such reasonable opportunity will be afforded by the named plaintiffs and they shall at that time notify the defendant that they are acting on behalf of the class."

Plaintiff's MMWA claims fail these requirements in part or in whole for multiple reasons.

       i.      <u>Plaintiff has not alleged the existence of a written warranty as defined by the MMWA.</u>

First, to the extent Plaintiff's MMWA claims rely on a written warranty, those claims fail because Plaintiff has not alleged the existence of a "written warranty" as defined by the MMWA. The only written warranty that Plaintiff claims existed was Defendants' alleged warranty "that the sheeting and bedding products had a certain true and accurate thread count." *See* Compl. ¶ 72. This does not constitute a warranty that "affirms or promises that such material or workmanship is defect free or will meet <u>a specified level of performance over a specified period of time</u>" or that includes a promise "to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking." *See* 15 U.S.C. § 2301(6) (emphasis added). Even if, *arguendo*, the Court were to read Plaintiff's arguments regarding quality of sleep or softness into the Complaint, the Complaint would still contain no allegations whatsoever as to a level of quality of sleep or a specified period of time. Instead, the allegations of the Complaint state only that Plaintiff had a subjective belief that the sheets "were of a higher quality, softer, and better for sleeping than sheets with lower thread counts." Compl. ¶ 12. Plaintiff's allegations about what <u>Plaintiff believed</u> about sheets, however, do not constitute representations <u>made by Defendants</u> regarding a specified level of performance over a specified

DOCUMENT PREPARED
ON RECYCLED PAPER

period of time.[7] Because Plaintiff has not alleged the existence of a warranty that falls into one of those two categories, her MMWA claims must be dismissed to the extent they rely on an alleged "written warranty."

ii.     Plaintiff failed to provide AQ with notice and opportunity to cure.

Second, Plaintiff's MMWA claims against AQ fail in their entirety because Plaintiff did not provide AQ with notice and an opportunity to cure before filing her MMWA claims, as required by subsection 2310(e). Plaintiff acknowledges this failure, and attempts to excuse it by arguing that providing an opportunity to cure in this case would have been "unnecessary and futile." *See* Compl. ¶ 79. However, the MMWA contains no "futility" exception to the notice requirement, and federal courts have refused to create one. *See Kuns v. Ford Motor Co.*, 543 F. App'x 572, 576 (6th Cir. 2013) (holding that notice requirement cannot be waived just because "a plaintiff subjectively determines that demand would be futile and does not so much as request the seller to cover the necessary repair"); *see also In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 970-71 (N.D. Cal. 2014) (noting that a futility argument was only "theoretically possible"); *Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1143-44 (N.D. Cal. 2010); *see also supra*, Section II.c. As a result, Plaintiff has failed to comply with the statutory requirement of notice and opportunity to cure, and Plaintiff's MMWA claims must be dismissed in their entirety.

**f.     Plaintiff's claims for breach of the implied warranty of merchantability must be dismissed for multiple reasons.**

To state a claim for breach of the implied warranty of merchantability, a plaintiff must allege that a product suffers from some "fundamental defect that renders the product *unfit for its ordinary purpose.*" *Tasion Commc'ns., Inc. v. Ubiquiti Networks, Inc.*, No. C-13-1803 EMC, 2014 WL 2916472, at *11 (N.D. Cal. June 26, 2014) (emphasis added). The "mere manifestation of 'some' defect is insufficient," *id.*, because "the implied warranty merely provides a 'minimum level of quality.'" *Mathison v. Bumbo*¸ No. SA CV08-0369 DOC (ANx), 2008 WL 8797937, at *9 (C.D. Cal. Aug. 18, 2008) (quoting *American Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1296 (1995)). California district courts have accordingly dismissed claims for breach of the

---

[7] Furthermore, at no point does Plaintiff allege that she used the sheets and was dissatisfied.

DOCUMENT PREPARED
ON RECYCLED PAPER

warranty of merchantability "where the good serves its purpose without issue throughout its useful life" even where some alleged defect causes a loss in resale value or has some latent defect but can still be used for its purpose. *See id.*

Under California law, and pursuant to Section 1791.1 of the California Civil Code, "the Implied Warranty of Merchantability has a duration coextensive with any express warranty provided, but 'not more than one year following the sale of new consumer goods to a retail buyer.'" *Mathison*, 2008 WL 8797937, at *8.  Additionally, "a plaintiff seeking to assert a claim for breach of the implied warranty of merchantability must provide reasonable notice of the alleged breach." *Tasion*, 2014 WL 2916472, at *11. Plaintiff's breach of warranty of merchantability claims against AQ fail for multiple reasons.

i.      Plaintiff does not allege a fundamental defect.

First, Plaintiff's claims for breach of the implied warranty fail because she does not allege a "fundamental defect" with the allegedly mislabeled sheets at issue.  Plaintiff does not allege that the sheets are unusable, unsuitable for their intended purpose, or even uncomfortable.  Instead, the only alleged defect is that the stated thread count is different from the actual thread count.  Even if that allegation is true, which AQ denies, there is no evidence that the sheets at issue cannot still be successfully used for their intended purpose.[8] Indeed, nowhere does Plaintiff allege that the sheets she purchased were not as soft, comfortable, or durable than they should have been, based on their represented thread count.

ii.     Plaintiff has not adequately pleaded that the sheets are still within the warranty period.

Second, Plaintiff's implied warranty claims fail because she has not adequately pleaded that the sheets at issue are still within the warranty period.  As stated above, the implied warranty of merchantability has a duration equal to that of an express warranty given with respect to the same goods, but with a maximum duration of one year.  It is not clear from the face of the Complaint that the products at issue are still warranted, because Plaintiff did not allege the date on which she

---

[8] That assumes that the purpose for which Plaintiff bought the sheets at issue was to actually use them as bedsheets.

1   bought the sheets. As a result, Plaintiff has not pleaded "facts sufficient to demonstrate that [she]

2   still had an express warranty when [she] filed suit." *Accord Mathison*, 2008 WL 8797937, at *8.

3                    iii.   Plaintiff has failed to plead reasonable notice of a breach.

4           Third, Plaintiff's implied warranty claim fails because, as discussed throughout, she failed

5   to allege facts sufficient to show that she provided "reasonable notice" of the breach.  Plaintiff did

6   not allege the sending of any notice whatsoever, and even if she had, it would be unclear whether

7   such notice was "reasonable" because she did not allege the date on which she discovered the

8   alleged breach.  As a result, her claims for breach of the implied warranty of merchantability fail

9   for that additional reason.

10          In sum, Plaintiff's individual and class-action claims for breach of the implied warranty of

11  merchantability fail as a matter of law and must be dismissed.

12          **g.     Plaintiff has failed to plead negligent misrepresentation.**

13          In order to state a claim for negligent misrepresentation, a plaintiff must plead (1)

14  misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing

15  it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of

16  the truth and justifiable reliance on the misrepresentation by the party to whom it was directed, and

17  (5) resulting damage. *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1200 n. 2 (9th Cir.2001).

18  Beyond failing to meet the requirements of Rule 9(b), Plaintiff pleads merely summary allegations

19  of the elements of negligent misrepresentation with no factual support for her claim. *See, e.g.*, *Wine*

20  *Bottle Recycling, LLC v. Niagara Sys. LLC*, No. 12-1924 SC, 2013 WL 1120962, at *11 (N.D. Cal.

21  Mar. 18, 2013) ("Plaintiff's pleadings, without more, are formulaic recitations of a negligent

22  misrepresentation claim's elements." (citing *Twombly*, 550 U.S. at 554-55)). Plaintiff's claim for

23  negligent misrepresentation should be dismissed for failure to state a claim.[9]

24

25

26

27  _____
    [9] Plaintiff's claim for negligent misrepresentation is also barred by the economic loss rule. *Ladore*

28  *v. Sony Comput. Entm't Am., LLC*, 75 F. Supp. 3d 1065, 1074–76 (N.D. Cal. 2014) (barring claim
    for negligent misrepresentation based on sale of goods).

III. **PLAINTIFF'S CLASS-ACTION CLAIMS MUST BE DISMISSED FOR LACK OF STANDING TO THE EXTENT THEY ARISE FROM THE SALE OF PRODUCTS THAT THE NAMED PLAINTIFF DID NOT BUY.**

Plaintiff's claims must be dismissed for lack of standing to the extent they are based on products that the named Plaintiff did not actually purchase. The Court lacks subject matter jurisdiction for claims brought by parties without standing, and those claims should be dismissed under Rule 12(b)(1). *Larsen v. Trader Joe's Co.*, No. C 11-05188 SI, 2012 WL 5458396, at *4-5 (N.D. Cal. June 14, 2012). In fact, several federal courts have found that, where a named plaintiff in a class-action lawsuit attempts to assert class-action claims with respect to products she did not actually buy, those claims must be dismissed for lack of standing. *See, e.g., Murray v. Sears, Roebuck & Co.*, No. C 09-5744 CW, 2014 WL 563264, at *9 (N.D. Cal. Feb. 12, 2014) ("A plaintiff therefore may not represent a class in bringing CLRA claims based on products that he or she never purchased."); *Pearson v. Target Corp.*, No. 11 CV 7972, 2012 WL 7761986, at *3-4 (N.D. Ill. Nov. 9, 2012) ("[H]ow could [plaintiff] possibly have been injured by representations made on a product he did not buy?"); *Granfield v. Nvidia Corp.*, No. C 11-05403 JW, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012) ("[W]hen a plaintiff asserts claims based both on products that she purchased and products that she did not purchase, claims relating to products not purchased must be dismissed for lack of standing.").

Here, despite having purchased only one specific sheet set, Compl. ¶ 12, the named Plaintiff seeks to assert class claims on behalf of "all persons" in California who purchased <u>any</u> set of sheets from Defendants "that Defendants represented as having thread counts higher than the bedding or linen's actual thread counts," *id.*  ¶ 46.  However, as the decisions above demonstrate, Plaintiff cannot have standing to proceed with claims for any products except the ones she actually purchased.

a. **Plaintiff has made no allegations describing other sheets purportedly forming the basis for her class action claims.**

A plaintiff has standing for unpurchased products only where the products and alleged misrepresentations are substantially similar. *See, e.g., Miller v. Ghiradelli Chocolate Co.*, 912 F.

1  Supp. 2d 861, 869 (N.D. Cal. 2012) (discussing those courts that have stated there can be no

2  standing for unpurchased products and those that allow standing where the products and alleged

3  misrepresentations are substantially similar); *see also Young v. Cree, Inc.*, No. 17-cv-06252-YGR,

4  2018 WL 1710181 (N.D. Cal. Apr. 9, 2018).

5  In *Young*, the complaint[10] identified all products manufactured by Cree that the plaintiff

6  alleged were falsely represented. *See* Young Compl. ¶¶ 17-18, 22 (using language such as "Cree

7  manufactures three categories of LED bulbs," "Defendant manufactures six types of . . . bulbs,"

8  and "[t]he Cree Reflector (Flood/Spot) products come in eight variations") (attached as Exhibit A).

9  The Young Complaint further described why each of the products manufactured by Cree, including

10 those not purchased by the plaintiff, provided a basis for the Young Complaint's claims. *See id.* ¶¶

11 18-25 (stating, after describing all of the Cree products, that "each Cree product makes a claim

12 about an 'estimated' cost savings for the purchaser buying the product"). Moreover, the Young

13 Complaint gave examples of actionable misrepresentations for several of the unpurchased Cree

14 products identified. *See id.* ¶ 25.

15 Here, the Complaint identifies only a single product purchased from Ross by Plaintiff and

16 otherwise makes vague allegations regarding "sheets" generally and alleges that Ross represented

17 that "numerous" (unidentified) other products had inflated thread counts. *Id.* ¶ 34. Indeed, Plaintiff

18 has not even bothered to identify any of the other products she claims to be suing over. As to the

19 unnamed sheets, she does not say whether any representations regarding thread count were made

20 for those sheets, nor do she say whether or how she has any information that any thread counts for

21 those sheets are incorrect.  Such vague allegations serve to further emphasize the fact that the named

22 Plaintiff is not in position to assert claims for anything other than the products she purchased.

23 **b.    Plaintiff has made no allegations regarding a level of quality or length of time**

24 **for the sheets she purchased, much less for the sheets she did not purchase.**

25 The difference between *Young* and the present case goes further. The court in *Young* found

26 that the plaintiff had standing "because plaintiff allege[d] substantially similar misrepresentations

27 concerning <u>longevity and cost savings</u>." 2018 WL 1710181, at *9 (emphasis added). Those

28

---

[10] Hereinafter, the "Young Complaint."

DOCUMENT PREPARED
ON RECYCLED PAPER

1   allegations are strikingly similar to the requirement under the MMWA that a written warranty must

2   affirm or promise "that such material or workmanship is defect free or will meet a <u>specified level</u>

3   <u>of performance over a specified period of time</u>." *See* 15 U.S.C. § 2301(6) (emphasis added). In

4   other words, both *Young* and the MMWA require a level of quality and a length of time to

5   adequately plead standing or a claim, respectively.

6         The Complaint here contains no allegations of a "specified level of performance over a

7   specified period of time." Given that the Complaint does not describe the products not purchased

8   by the Plaintiff, much less describe a level of quality over a length of time, the Complaint fails to

9   establish standing for products not purchased by the named Plaintiffs.

10        **c.**    **Authority from the Northern District of California shows that claims for sheets**

11                 **not purchased by the named Plaintiff should be dismissed.**

12        The decision in *Rushing v. Williams-Sonoma, Inc.*, No. 16-CV-01421-WHO, 2016 WL

13  4269787 (N.D. Cal. Aug. 15, 2016), demonstrates why Plaintiff lacks standing for products she did

14  not purchase.  There, the plaintiff brought class-action claims accusing Williams-Sonoma and other

15  retailers of selling sheets with inflated thread counts.  The plaintiff attempted to bring class-action

16  claims not only with respect to the sheets he purchased—which he claimed had an inflated thread

17  count due to counting two-ply yarn as two threads rather than one—but for "31 additional products

18  with misleading thread counts at or above 350," which he claimed could be reasonably presumed

19  to have exaggerated thread counts. *Id.* at *2.  The defendants sought to dismiss all of the plaintiff's

20  claims with respect to sheets he did not actually purchase.

21        The court in *Rushing* first described the situations in which it would allow a plaintiff to

22  proceed with class claims with respect to products he did not purchase, saying that the inquiry

23  "necessarily focuses on whether the resolution of the asserted claims will be identical between the

24  purchased and unpurchased products." *Id.* at *3 (quoting *Ang v. Bimbo Bakeries USA, Inc.*, No.

25  13-CV-01196-WHO, 2014 WL 1024182, at *8 (N.D. Cal. Mar. 13, 2014)).  The court went on to

26  say that "a claim that a reasonable consumer would be misled by a representation on a label may

27  well require a context-specific analysis of the appearance of the label, the misrepresentation's

28  placement on the label, and other information contained on the label," and that "where the actual

composition or appearance of the product is legally significant to the claim at issue, the consumer may only be allowed to pursue claims for products with identical product composition and/or appearance." *Id.* (quoting *Ang*, 2014 WL 1024182, at \*8).

Applying those standards, the court found that the plaintiff could only proceed with claims for sheets that suffered from the exact same alleged misrepresentation—counting two-ply yarn as two threads, holding that "[t]he legal theory and defenses applicable to his claim are legally significant and raise different questions not applicable" to any other alleged thread-count defects. *Id.* at \*4. And even then, the court would only allow the plaintiff to proceed with other claims "only to the extent that he can plausibly allege, consistent with Rule 11, that the unpurchased products are two-ply products that suffer from the same deception of which he complains." *Id.*

Applying the reasoning of the court in *Rushing* to the alleged facts here, the Plaintiff's claims with respect to products she did not purchase fall woefully short. Plaintiff does not make any allegations regarding how, why, or in what proportion the thread counts of the other sheets are incorrect, except to say that they are "inflated." Nor does Plaintiff even directly allege which other sheet sets may have misrepresented thread counts; instead, she says only that she seeks to bring class claims for all persons who purchased sheets from Defendants that were represented as having thread counts higher than the actual thread counts, without individually naming those sheet sets or even directly alleging that the thread counts for those other sets are inaccurate.

In short, Plaintiff here purchased a unique sheet set for which she claims the thread count was inflated. That does not, however, give her standing to assert claims with respect to a number of distinct products which she did <u>not</u> purchase, particularly given that she has failed to specifically identify any allegedly mislabeled products other than those she actually bought. Therefore, her claims for any product except the one she actually purchased should be dismissed for lack of standing.

## CONCLUSION

For the reasons stated above, AQ respectfully requests that the Court dismiss Plaintiff's Complaint and her claims against AQ, in their entirety, with prejudice.

///

Dated: June 29, 2018

JEFFREY B. MARGULIES
LAUREN A. SHOOR
SHIRLEY B. KIM
**NORTON ROSE FULBRIGHT US LLP**


By_____/s/ Shirley B. Kim_____
    SHIRLEY B. KIM
    Attorneys for Defendants
    ROSS STORES, INC. AND
    AQ TEXTILES, LLC