JEFFREY B. MARGULIES (BAR NO. 126002)
LAUREN A. SHOOR (BAR NO. 280788)
SHIRLEY B. KIM (BAR NO. 312870)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California  90071
Telephone:     (213) 892-9200
Facsimile:     (213) 892-9494
jeff.margulies@nortonrosefulbright.com
lauren.shoor@nortonrosefulbright.com
shirley.kim@nortonrosefulbright.com

Attorneys for Defendants
ROSS STORES, INC. AND AQ TEXTILES, LLC

*Additional Counsel listed on Next Page*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE MORRISON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ROSS STORES, INC., AQ TEXTILES LLC, CREATIVE TEXTILE MILLS PRIVATE LIMITED,<br><br>    Defendants. | Civil Action No.  3:18-cv-02671-EDL<br><br>**DEFENDANT ROSS STORES, INC.'S NOTICE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Date:   August 14, 2018<br>Time:   9:00 a.m.<br>Courtroom:     E |

DOCUMENT PREPARED
ON RECYCLED PAPER

*Additional Counsel*

Reid L. Phillips *(pro hac vice application forthcoming)*
Jennifer K. Van Zant *(pro hac vice application forthcoming)*
Andrew L. Rodenbough *(pro hac vice application forthcoming)*
Ryan C. Fairchild *(pro hac vice application forthcoming)*
**BROOKS, PIERCE, MCLENDON, HUMPHREY &
    LEONARD, LLP**
230 North Elm Street
2000 Renaissance Plaza
Greensboro, NC 27401
Telephone:     (336) 373-8850
Facsimile:     (336) 378-1001
rphillips@brookspierce.com
jvanzant@brookspierce.com
arodenbough@brookspierce.com
rfairchild@brookspierce.com

Attorneys for Defendants
Ross Stores, Inc. and AQ Textiles, LLC

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 14, 2018, at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Elizabeth D. Laporte in Courtroom E of the San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA 94102, defendant Ross Stores, Inc. ("Ross"), pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), will, and hereby does, move this Court to dismiss the Plaintiff's claims against Ross in their entirety. In support of its Motion, Ross respectfully shows the Court the following:

1.      Plaintiff's Complaint asserts claims against three named Defendants: Ross, AQ Textiles, LLC, and Creative Textile Private Mills, Ltd.

2.      Plaintiff's claims against Ross must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

3.      Additionally, Plaintiff's claims must be dismissed for lack of standing to the extent she purports to bring claims for products she did not purchase.

4.      Pursuant to Local Rule 7.4, Ross contemporaneously files herewith a Memorandum of Points and Authorities in support of the Motion to Dismiss describing the reasons that this Motion should be granted and the authorities which support Ross's Motion.

For the reasons stated above and in the accompanying memorandum, Ross respectfully requests that the Court dismiss Plaintiff's claims against Ross, in their entirety, with prejudice.

Dated: June 29, 2018

JEFFREY B. MARGULIES
LAUREN A. SHOOR
SHIRLEY B. KIM
**NORTON ROSE FULBRIGHT US LLP**


By_____/s/ Shirley B. Kim_____
    SHIRLEY B. KIM
    Attorneys for Defendants
    ROSS STORES, INC. AND
    AQ TEXTILES, LLC

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES .................................................. 1

INTRODUCTION .......................................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED .......................................................... 1

STATEMENT OF RELEVANT ALLEGATIONS ...................................................... 1

ARGUMENT ................................................................................................................. 2

I.      MOTION TO DISMISS STANDARD .................................................. 2

II.     PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6) ............................ 3

     a.    Plaintiff's fraud-based claims must be dismissed because they were not pleaded with sufficient particularity. ...................................... 3

          i.    The majority of Plaintiff's claims sound in fraud .......................... 3

          ii.    Plaintiff's lumping together of the Defendants does not satisfy the requirements of Rule 9(b) ............................... 4

          iii.   Plaintiff does not allege the who, what, when, where, or how of the alleged fraud ............................................... 5

          iv.   Allegations made upon information and belief do not satisfy the requirements of Rule 9(b) ....................................... 5

     b.    Plaintiff's claims for damages under the CLRA must be dismissed because Plaintiff did not timely give Defendants notice of their alleged violations ................................................. 6

     c.    Plaintiff's breach of warranty claims must be dismissed (a) for failure to timely notify Defendants of an alleged breach, and (b) for failure to adequately plead the elements of breach of warranty ................ 7

          i.    Plaintiff has failed to properly allege pre-suit notice .................... 7

          ii.    Plaintiff has failed to adequately plead the elements of breach of warranty .......................................................... 7

     d.    Plaintiff's Magnuson-Moss Warranty Act claims are defective and must be dismissed for multiple reasons ........................................ 8

          i.    Plaintiff has not alleged the existence of a written warranty as defined by the MMWA .......................................... 9

          ii.    Plaintiff failed to provide Ross with notice and opportunity to cure ...................................................................... 10

     e.    Plaintiff's claims for breach of the implied warranty of merchantability must be dismissed for multiple reasons ................ 10

DOCUMENT PREPARED ON RECYCLED PAPER

# TABLE OF CONTENTS
(continued)

          i.     Plaintiff does not allege a fundamental defect .............................. 11

          ii.    Plaintiff has not adequately pleaded that the sheets are still within the warranty period ........................................................... 11

          iii.   Plaintiff has failed to plead reasonable notice of a breach............ 11

     f.     Plaintiff has failed to plead negligent misrepresentation ........................ 12

III.     PLAINTIFF'S CLASS-ACTION CLAIMS MUST BE DISMISSED FOR LACK OF STANDING TO THE EXTENT THEY ARISE FROM THE SALE OF PRODUCTS THAT THE NAMED PLAINTIFF DID NOT BUY ..................................................................................................... 12

     a.    Plaintiff has made no allegations describing other sheets purportedly forming the basis for her class action claims........................ 13

     b.    Plaintiff has made no allegations regarding a level of quality or length of time for the sheets she purchased, much less for the sheets she did not purchase .................................................................................. 14

     c.    Authority from the Northern District of California shows that claims for sheets not purchased by the named Plaintiff should be dismissed .................................................................................................. 15

CONCLUSION ................................................................................................................ 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*American Suzuki Motor Corp. v. Superior Court*,
    37 Cal. App. 4th 1291 (1995)...................................................................................................10

*Ang v. Bimbo Bakeries USA, Inc.*,
    No. 13-CV-01196-WHO, 2014 WL 1024182 (N.D. Cal. Mar. 13, 2014)...............................15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................................................3

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ...........................................................................................................2, 12

*Bush v. Rewald*,
    619 F. Supp. 585 (D. Haw. 1985) .............................................................................................3

*In re Century Aluminum Co. Sec. Litig.*,
    729 F.3d 1104 (9th Cir. 2013)...................................................................................................2

*County of Santa Clara v. Astra U.S., Inc.*,
    428 F. Supp. 2d 1029 (N.D. Cal. 2006) ................................................................................3, 5

*Frenzel v. AliphCom*,
    76 F. Supp. 3d 999 (N.D. Cal. 2014) ........................................................................................7

*Gil v. Bank of Am., Nat'l Ass'n*,
    138 Cal. App. 3d 1371 (2006)...................................................................................................4

*Glenn K. Jackson Inc. v. Roe*,
    273 F.3d 1192 (9th Cir.2001)..................................................................................................12

*Granfield v. Nvidia Corp.*,
    No. C 11-05403 JW, 2012 WL 2847575 (N.D. Cal. July 11, 2012)........................................13

*Jackson v. Fischer*,
    931 F. Supp. 2d 1049 (N.D. Cal. 2013) ....................................................................................4

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009)..............................................................................................4, 5

*Kuns v. Ford Motor Co.*,
    543 F. App'x 572 (6th Cir. 2013) ...........................................................................................10

*Ladore v. Sony Comput. Entm't Am., LLC*,
    75 F. Supp. 3d 1065 (N.D. Cal. 2014) ....................................................................................12

*Larsen v. Trader Joe's Co.*,
    No. C 11-05188 SI, 2012 WL 5458396 (N.D. Cal. June 14, 2012)........................................12

*Lazar v. Superior Court*,
    12 Cal. 4th 631 (1996) ..............................................................................................................4

DOCUMENT PREPARED ON RECYCLED PAPER

*Levitt v. Yelp! Inc.*,
   765 F.3d 1123 (9th Cir. 2014) ............................................................................2, 3

*Malifrando v. Real Time Resolutions, Inc.*,
   No. 2:16-cv-0223-TLN-GGH-PS, 2016 WL 6955050 (E.D. Cal. Nov. 26,
   2016) ...................................................................................................................4

*Mathison v. Bumbo*,
   No. SA CV08-0369 DOC, 2008 WL 8797937 (C.D. Cal. Aug. 18, 2008) ....................10, 11

*Miller v. Ghiradelli Chocolate Co.*,
   912 F. Supp. 2d 861 (N.D. Cal. 2012) ..................................................................13

*Minkler v. Apple, Inc.*,
   65 F. Supp. 3d 810 (N.D. Cal. 2014) .....................................................................7

*Murray v. Sears, Roebuck & Co.*,
   No. C 09-5744 CW, 2014 WL 563264 (N.D. Cal. Feb. 12, 2014) ..........................13

*In re MyFord Touch Consumer Litig.*,
   46 F. Supp. 3d 936 (N.D. Cal. 2014) ....................................................................10

*Nabors v. Google, Inc.*,
   No. 5:10-CV-03897 EJD (PSG), 2011 WL 3861893 (N.D. Cal. Aug. 30, 2011) ...................8

*Ovitz v. Chartis Prop. Cas. Co.*,
   No. CV 15-3916 PSG, 2015 WL 12746209 (C.D. Cal. Sept. 14, 2015) ..................................3

*Pearson v. Target Corp.*,
   No. 11 CV 7972, 2012 WL 7761986 (N.D. Ill. Nov. 9, 2012) ................................13

*Rosal v. First Fed. Bank of Cal.*,
   671 F. Supp. 2d 1111 (N.D. Cal. 2009) ..................................................................4

*Rushing v. Williams-Sonoma, Inc.*,
   No. 16-CV-01421-WHO, 2016 WL 4269787 (N.D. Cal. Aug. 15, 2016) ...................15, 16

*Saitsky v. DirecTV, Inc.*,
   No. CV 08-7918 AHM (CWx), 2009 WL 10670629 (C.D. Cal. Sep. 22, 2009) ...................6

*Somers v. Apple, Inc.*,
   729 F.3d 953 (9th Cir. 2013) .................................................................................2

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) .................................................................................5

*Tasion Commc'ns., Inc. v. Ubiquiti Networks, Inc.*,
   No. C-13-1803 EMC, 2014 WL 2916472 (N.D. Cal. June 26, 2014) ...............10, 11

*Tietsworth v. Sears, Roebuck & Co.*,
   720 F. Supp. 2d 1123 (N.D. Cal. 2010) ..........................................................7, 8, 10

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, &
   Prods. Liab. Litig.*,
   754 F. Supp. 2d 1145 (C.D. Cal. 2010) ...........................................................3, 4, 7

DOCUMENT PREPARED
ON RECYCLED PAPER

*Utility Consumers' Action Network v. Sprint Solutions, Inc.*,
  No. C07-CV-2231-W (RJB), 2008 WL 1946859 (S.D. Cal. Apr. 25, 2008) ...........................6

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003)...................................................................................4

*Von Grabe v. Sprint PCS*,
  312 F. Supp. 2d 1285 (S.D. Cal 2003) .....................................................................6

*Wine Bottle Recycling, LLC v. Niagara Sys. LLC*,
  No. 12-1924 SC, 2013 WL 1120962 (N.D. Cal. Mar. 18, 2013)............................12

*Young v. Cree, Inc.*,
  No. 17-cv-06252-YGR, 2018 WL 171-181 (N.D. Cal. Apr. 9, 2018)...............13, 14

**Rules and Statutes**

Cal. Civ. Code, § 1782(a)..............................................................................................6

Cal. Civ. Code § 1791.1 ..............................................................................................10

Cal. Com. Code § 2607(A) ...........................................................................................7

California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750-1784 ..................4

California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*............4

California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210............4

Fed. R. Civ. P. 9(b) ...........................................................................................3, 4, 5, 6, 12

Fed. R. Civ. P. 11 ........................................................................................................16

Fed. R. Civ. P. 12(b)(1)...............................................................................................12

Fed. R. Civ. P. 12(b)(6)......................................................................................1, 2, 3, 8

Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312 .............................8, 9, 10, 14

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Ross Stores, Inc. ("Ross") submits this Memorandum of Points and Authorities in support of its Motion to Dismiss all claims asserted against Ross by Plaintiff Dominique Morrison ("Plaintiff").

## INTRODUCTION

Plaintiff brings claims against Ross and fellow defendants AQ Textiles, LLC ("AQ") and Creative Textile Mills Pvt. Ltd. ("Creative") arising out of Plaintiff's purported purchase of sheets allegedly manufactured by Creative, imported by AQ, and sold by Ross.  Plaintiff alleges that Ross sold the sheets at issue to Plaintiff, though she does not allege in which state she bought the sheets, nor whether she purchased the sheets from a Ross store or otherwise. Compl. ¶¶ 12, 35. Plaintiff further alleges that Ross made misrepresentations regarding the thread count of the sheets. *Id.* ¶ 34. Those are the only specific allegations regarding Ross's conduct in the entire Complaint.

Each of Plaintiff's claims against Ross must be dismissed for failure to state a claim pursuant to Rule 12(b)(6). Additionally, Plaintiff's class-action claims must dismissed for lack of standing to the extent they arise from the sale of products that the named Plaintiff did not buy.

## STATEMENT OF ISSUES TO BE DECIDED

1. Should the Complaint be dismissed for failure to state a claim for relief?
2. Should the Plaintiff's claims for products she did not purchase be dismissed for lack of standing?

## STATEMENT OF RELEVANT ALLEGATIONS

Plaintiff alleges that she is an adult citizen of St. Louis County, Missouri. Compl. ¶ 12. She also alleges that she is a resident of the Northern District of California, *id.* ¶ 9, and the civil cover sheet served with the Complaint states that her County of Residence is St. Louis, Missouri.

Plaintiff allegedly bought a set of Grande Estate 800TC Luxurious Sateen Weave sheets with an advertised thread count of 800 from Ross.  Compl. ¶ 12.  She does not allege how much the sheets cost, when she bought the sheets, where she bought the sheets, whether the sheets were ever actually used, or whether she ever viewed any advertising or marketing materials relating to the sheets.  She claims that Ross made misrepresentations regarding the sheets at issue, but she

DOCUMENT PREPARED
ON RECYCLED PAPER

1   does not identify the content of those misrepresentations, instead alleging that Ross "represented
2   that [the sheets] were of a certain thread count." *Id.* ¶ 34. Instead of alleging more specific content
3   of that representation or how Ross misrepresented the thread count, she alleges only "<u>upon
4   information and belief</u>, the true thread count of those sheets was far less." *Id.* ¶ 35 (emphasis added).
5   Plaintiff also never alleges that she actually saw or heard those misrepresentations, but instead
6   makes only a summary allegation that she relied upon them. *Id.* ¶ 12.

7        Plaintiff's chief complaint—and the allegation on which each of her ten claims rests—is
8   that the sheets she purchased from Ross had an "inflated" thread count. *Id.* ¶¶ 1, 34. Although
9   Plaintiff alleges that she believed the thread count indicated that the sheets would be "of higher
10  quality, softer and better for sleep" than sheets of lower thread count, she does not say whether she
11  actually found the sheets to be of lower quality, insufficiently soft, or poor for sleeping. Nor does
12  she say when or how she determined that the thread count of the sheets at issue was inaccurate.
13  Again, her allegation that the thread count was lower is made only "upon information and belief."
14  *Id.* ¶ 35.

15       Plaintiff does not make any specific allegations regarding Ross's participation in packaging
16  or advertising the sheets at issue with an allegedly inflated thread count, with the exception of the
17  allegation that Ross made representations that the sheets were of a certain thread count. Indeed,
18  the vast majority of the operative allegations in the Complaint are made against "Defendants"
19  collectively, with no effort whatsoever to distinguish between their individual roles or actions.

20  **ARGUMENT**

21  **I.    MOTION TO DISMISS STANDARD**

22       To survive a motion to dismiss under Rule 12(b)(6), a claim must have "at least a plausible
23  chance of success." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1134-35 (9th Cir. 2014) (citing *In re Century
24  Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013)). "Plausibility requires pleading
25  facts, as opposed to conclusory allegations or the formulaic recitation of the elements of a cause of
26  action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles
27  the pleader to relief." *Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation
28  marks and citations omitted) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007);

73123018.3       - 2 -
DEFENDANT ROSS STORES, INC.'S NOTICE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 3:18-CV-02671-EDL

1  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). That is, the complaint must allege factual content

2  raising a reasonable inference of the defendant's liability for the alleged misconduct. *Levitt*, 765

3  F.3d at 1134-35. A complaint that does not meet these standards cannot survive a motion to dismiss.

4  **II.    PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A**

5  **CLAIM PURSUANT TO RULE 12(b)(6).**

6      **a.    Plaintiff's fraud-based claims must be dismissed because they were not pleaded**

7          **with sufficient particularity.[1]**

8      Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or

9  mistake, a party must state with particularity the circumstances constituting fraud or mistake."

10  Claims that do not meet the particularity requirements of Rule 9(b) of the Federal Rules of Civil

11  Procedure must be dismissed. *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales*

12  *Practices, & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1170 (C.D. Cal. 2010).   Furthermore,

13  "[a]llegations of fraud based on information and belief do not satisfy FRCP 9(b) requirements."

14  *County of Santa Clara v. Astra U.S., Inc.*, 428 F. Supp. 2d 1029, 1036 (N.D. Cal. 2006).[2] The same

15  applies to mere conclusory allegations. *Id.*

16      These requirements are intended to protect defendants from a "fishing expedition" whereby

17  a plaintiff shoots first and interposes discovery questions later hoping for the defendants to supply

18  her with a case. *See Bush v. Rewald*, 619 F. Supp. 585, 601 (D. Haw. 1985). Here, most of Plaintiff's

19  claims sound in fraud and must be dismissed because they were not pleaded with sufficient

20  particularity.

21          i.    The majority of Plaintiff's claims sound in fraud.

22      "Under   California   law,   the elements   of   common   law fraud are   'misrepresentation,

---

[1] Ross briefly notes that Plaintiff's allegations regarding equitable tolling are virtually nonexistent. Plaintiff's allegations are—at best—summary conclusions of concealment with no facts being pleaded in support.

[2] While this rule can be relaxed where matters are specially within the defendant's knowledge, *Ovitz v. Chartis Prop. Cas. Co.*, No. CV 15-3916 PSG, 2015 WL 12746209, at *8 (C.D. Cal. Sept. 14, 2015), that is not the case here. Instead, Plaintiff could have readily tested the thread count of the sheets she purchased before filing a complaint alleging wrongdoing. She has either not tested the sheets or chosen not to make allegations as to the results of the testing. Either way, her claims appear to be the quintessential fishing expedition: alleging that her claim exists and hoping to later find evidence of the same.

DOCUMENT PREPARED ON RECYCLED PAPER

knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages.'" *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1131 (N.D. Cal. 2009) (quoting *Gil v. Bank of Am., Nat'l Ass'n*, 138 Cal. App. 3d 1371, 1381 (2006)). When the defendant is a corporation, "the plaintiff's burden . . . is even greater . . . . The plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Malifrando v. Real Time Resolutions, Inc.*, No. 2:16-cv-0223-TLN-GGH-PS, 2016 WL 6955050, at *8 (E.D. Cal. Nov. 26, 2016) (quoting *Lazar v. Superior Court*, 12 Cal. 4th 631, 645 (1996)) (internal quotation marks omitted). Generally, "[t]he circumstances of the alleged fraud must be specific enough 'to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *In re Toyota Motor*, 754 F. Supp. 2d at 1170 (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

The Ninth Circuit Court of Appeals has held that the requirements of Rule 9(b) apply not just to common-law fraud claims, but also to claims under California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750-1784; California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210; and California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq. See Toyota Motor*, 754 F. Supp. 2d at 1170; *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (noting the same as to the CLRA and UCL). In addition, "the majority view among district courts in California" is that Rule 9(b)'s heightened pleading standard applies to a claim for negligent misrepresentation. *See Jackson v. Fischer*, 931 F. Supp. 2d 1049, 1068 (N.D. Cal. 2013).

Plaintiff alleges claims for, *inter alia*, fraud, negligent misrepresentation, and violations of the CLRA, UCL (including the unlawful, unfair, and fraudulent prongs), and FAL (the "Fraud-Based Claims").[3] Those claims fail to meet the requirements of Rule 9(b) for multiple reasons.

        ii.    Plaintiff's lumping together of the Defendants does not satisfy the requirements of Rule 9(b).

First, the Complaint does not allege <u>any</u> specific misrepresentation made by <u>any</u> individual

---

[3] These are Claims Two, Three, Four, Five, Six, Seven, and Nine of the Complaint.

DOCUMENT PREPARED
ON RECYCLED PAPER

1   defendant, including Ross. Nor does Plaintiff allege that Ross (or any other single defendant) knew

2   of the supposedly false thread count. Instead, Plaintiff makes broad allegations regarding all of the

3   Defendants, repeatedly lumping them together for purposes of the allegations upon which her

4   claims rely.  *See, e.g.*, Compl. ¶¶ 4, 7, 42, 51, 79, 98, 110-11, 135-36 & 144 (examples of

5   "Defendants" making misrepresentations).  The failure to make allegations specific to Ross is fatal

6   to Plaintiff's Fraud-Based Claims, each of which relies on misrepresentations.  *See Swartz v. KPMG*

7   *LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump

8   multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing

9   more than one defendant . . . and inform each defendant separately of the allegations surrounding

10  his alleged participation in the fraud." (internal quotation marks omitted)).

11              iii.    Plaintiff does not allege the who, what, when, where, or how of the alleged

12                      fraud.

13          Second, the Fraud-Based Claims fail because the Complaint is devoid of the "who, what,

14  when, where, and how" of the alleged fraud. *See Kearns*, 567 F.3d at 1124. At no point does

15  Plaintiff allege when or where she or any other person saw, read, or heard any allegedly deceptive

16  advertising or false representations by Ross. Indeed, even though Plaintiff alleges that she

17  purchased bed sheets, the Complaint surprisingly omits the date of that purchase and the location

18  of that purchase.  Furthermore, even where the Complaint alleges misrepresentations, there are no

19  allegations as to the content of those representations, much less that Plaintiff or any of the purported

20  class members actually <u>saw</u> those representations.[4]  Such vague allegations do not adequately put

21  Ross, or any Defendant, on notice of the details of their alleged fraud.

22              iv.    Allegations made upon information and belief do not satisfy the

23                     requirements of Rule 9(b).

24          Third, the one allegation as to the actual thread count of the sheets purchased by the named

25  Plaintiff is made only "upon information and belief." Such an allegation is insufficient to meet the

26  requirements of Rule 9(b). *Astra U.S.*, 428 F. Supp. 2d at 1036. More egregious still, that allegation

27

28  _____
    [4] By way of further example, consider Section III *infra*. Plaintiff fails to even <u>name</u> the other
    unpurchased products that supposedly support her class action claims.

DOCUMENT PREPARED
ON RECYCLED PAPER

1   is the lone allegation forming the basis of Plaintiff's purported harm. If Plaintiff's information and

2   belief is wrong—and Ross asserts that it is wrong—then Plaintiff has no claims. Indeed, for this

3   reason alone, all of Plaintiff's claims should be dismissed.

4          In summary, the Fraud-Based Claims fail to meet the particularity requirements of Rule

5   9(b) for multiple reasons and must be dismissed.

6          **b.      Plaintiff's claims for damages under the CLRA must be dismissed because**

7                  **Plaintiff did not timely give Defendants notice of their alleged violations.**

8          Under Section 1782(a) of the California Civil Code, part of the CLRA, a prospective

9   plaintiff wishing to bring claims under the CLRA must provide notice to the party allegedly

10  violating the Act "[t]hirty days or more prior to the commencement of an action for damages

11  pursuant to [the CLRA]."[5] The notice must be sent by "certified or registered mail, return receipt

12  requested, to the place where the transaction occurred or to the person's principal place of business

13  within California." *Id.* District Courts in California have strictly construed the notice requirement,

14  dismissing suits where notice was sent one day before filing the complaint or otherwise failed to

15  meet the requirements of Section 1872. *See, e.g.*, *Saitsky v. DirecTV, Inc.*, No. CV 08-7918 AHM

16  (CWx), 2009 WL 10670629, at *7 (C.D. Cal. Sep. 22, 2009) (discussing *Utility Consumers' Action*

17  *Network v. Sprint Solutions, Inc.*, No. C07-CV-2231-W (RJB), 2008 WL 1946859 (S.D. Cal. Apr.

18  25, 2008), where notice was sent only one day before filing suit)); *Von Grabe v. Sprint PCS*, 312

19  F. Supp. 2d 1285, 1303-04 (S.D. Cal 2003) (dismissing for failure to comply with Section 1872,

20  and noting that "***strict*** application of the requirement was necessary" (emphasis in original)).

21         Here, Plaintiff does not allege that she sent the required notice at least thirty days before

22  filing suit. Indeed, she admits that she sent notice only three days before filing suit. *See* Compl.

23  ¶ 114. Plaintiff therefore cannot establish that she complied with the requirements of the CLRA

24  before filing suit and her claims for damages under the CLRA must therefore be dismissed.

25

26  [5] The Complaint contains contradictory statements regarding whether Plaintiff seeks damages

27  pursuant to her CLRA claims. In Paragraph 114, Plaintiff states that "Plaintiff and the California
    State Class do not seek to recover damages under the CLRA in this Complaint." However, in the

28  paragraph immediately preceding that one, Plaintiff purports to seek actual damages, punitive
    damages, and restitution with respect to her CLRA claim.

DOCUMENT PREPARED
ON RECYCLED PAPER

**c.**    **Plaintiff's breach of warranty claims must be dismissed (a) for failure to timely notify Defendants of an alleged breach, and (b) for failure to adequately plead the elements of breach of warranty.**

i.    <u>Plaintiff has failed to properly allege pre-suit notice.</u>

Similar to the CLRA's notice requirements, California Commercial Code § 2607(3)(A) requires that a buyer, "within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy." Where a plaintiff "fails to plead that she provided this notice within a reasonable time of discovering the breach, as is required by § 2607," her breach of express "warranty claims must be dismissed." *See Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 817-18 (N.D. Cal. 2014).

Plaintiff does not allege that any such notice was sent.  Plaintiff instead alleges that "[a]ffording Defendants a reasonable opportunity to cure their breaches of warranty would be unnecessary and futile here."  *See* Compl. ¶ 79. However, there is no such exception to the pre-suit notice requirement stated in the California Commercial Code. Furthermore, even if, *arguendo*, the Court were to consider Plaintiff's notice described in Paragraph 114, Plaintiff has not pleaded when she purchased the sheets, so there is no way to evaluate whether that notice was sent "within a reasonable time of discovering the breach." As a result, Plaintiff's claim for breach of express warranty must be dismissed for failure to plead that pre-suit notice was provided within a reasonable time of discovering the breach.

ii.    <u>Plaintiff has failed to adequately plead the elements of breach of warranty.</u>

Under California law, a plaintiff must allege (1) the exact terms of the warranty, (2) reasonable reliance on the warranty, and (3) a breach of that warranty that proximately caused plaintiff injury. *Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1140 (N.D. Cal. 2010). "To create a warranty, representations regarding a product must be specified and unequivocal." *Toyota Motor*, 754 F. Supp. 2d at 1182; *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1018 (N.D. Cal. 2014) (explaining express warranties must be "specific and unequivocal" and may not be vague statements).

Here, Plaintiff never actually alleges the "exact terms of the warranty," instead stating

1    generally that Defendants warranted that the sheets were of a "certain true and accurate thread

2    count." Compl. ¶ 72. Plaintiff never identifies where she saw that warranty, if she saw that warranty,

3    what the actual wording of the warranty was, or any other form of specificity that would support

4    her claim. This failure to plead "the exact terms of the warranty" with sufficient specificity, defeats

5    her breach of express warranty claims. *Tiestworth*, 720 F. Supp. 2d at 1140; *see also Nabors v.*

6    *Google, Inc.*, No. 5:10-CV-03897 EJD (PSG), 2011 WL 3861893, at \*3 (N.D. Cal. Aug. 30, 2011)

7    (finding failure to allege breach of express warranty where plaintiff failed to "identify the particular

8    commercial or advertisement upon which he relied and [] describe with the requisite specificity the

9    content of that particular commercial or advertisement"). Plaintiff's claim for breach of express

10    warranty must thus be dismissed.

11          **d.**     **Plaintiff's Magnuson-Moss Warranty Act claims are defective and must be**

12                  **dismissed for multiple reasons.**

13      Plaintiff's Magnuson-Moss Warranty Act ("MMWA") claims must be dismissed pursuant

14    to Rule 12(b)(6). The MMWA provides a federal cause of action for breach of a "written warranty"

15    or an implied warranty with respect to consumer goods. The MMWA defines "written warranty"

16    as:

17      (A) any written affirmation of fact or written promise made in connection with the sale of
      a consumer product by a supplier to a buyer which relates to the nature of the material or
18      workmanship and affirms or promises that such material or workmanship is defect free or
      will meet a specified level of performance over a specified period of time, or

19      (B) any undertaking in writing in connection with the sale by a supplier of a consumer
      product to refund, repair, replace, or take other remedial action with respect to such product
20      in the event that such product fails to meet the specifications set forth in the undertaking,

21      which written affirmation, promise, or undertaking becomes part of the basis of the bargain
      between a supplier and a buyer for purposes other than resale of such product.
22

23    15 U.S.C. § 2301(6). The MMWA does not define "implied warranty," instead providing that the

24    scope of an implied warranty is defined by the state law creating the implied warranty. *Id.*

25    § 2301(7).

26      The portion of the MMWA that creates a civil remedy is 15 U.S.C. § 2310(d). That section

27    provides that a consumer who is damaged by a seller's failure to comply with a written or implied

28    warranty may file a civil suit for damages in state or federal court.  However, 15 U.S.C. § 2310(e)

1  provides that neither a class action nor an individual claim brought under subsection 2310(d) for a

2  failure to comply with a warranty may proceed on the merits "unless the person obligated under

3  the warranty or service contract is afforded a reasonable opportunity to cure such failure to

4  comply." In the case of a class action suit, the same subsection provides that "such reasonable

5  opportunity will be afforded by the named plaintiffs and they shall at that time notify the defendant

6  that they are acting on behalf of the class."

7         Plaintiff's MMWA claims fail these requirements in part or in whole for multiple reasons.

8              i.   Plaintiff has not alleged the existence of a written warranty as defined by the

9                   MMWA.

10         First, to the extent Plaintiff's MMWA claims rely on a written warranty, those claims fail

11  because Plaintiff has not alleged the existence of a "written warranty" as defined by the MMWA.

12  The only written warranty that Plaintiff claims existed was Defendants' alleged warranty "that the

13  sheeting and bedding products had a certain true and accurate thread count." *See* Compl. ¶ 72. This

14  does not constitute a warranty that "affirms or promises that such material or workmanship is defect

15  free or will meet a specified level of performance over a specified period of time" or that includes

16  a promise "to refund, repair, replace, or take other remedial action with respect to such product in

17  the event that such product fails to meet the specifications set forth in the undertaking." *See* 15

18  U.S.C. § 2301(6) (emphasis added). Even if, *arguendo*, the Court were to read Plaintiff's arguments

19  regarding quality of sleep or softness into the Complaint, the Complaint would still contain no

20  allegations whatsoever as to a level of quality of sleep or a specified period of time. Instead, the

21  allegations of the Complaint state only that Plaintiff had a subjective belief that the sheets "were of

22  a higher quality, softer, and better for sleeping than sheets with lower thread counts." Compl. ¶ 12.

23  Plaintiff's allegations about what Plaintiff believed about sheets, however, do not constitute

24  representations made by Defendants regarding a specified level of performance over a specified

25  period of time.[6] Because Plaintiff has not alleged the existence of a warranty that falls into one of

26  those two categories, her MMWA claims must be dismissed to the extent they rely on an alleged

27  "written warranty."

28

---

[6] Furthermore, at no point does Plaintiff allege that she used the sheets and was dissatisfied.

DOCUMENT PREPARED
ON RECYCLED PAPER

ii.     Plaintiff failed to provide Ross with notice and opportunity to cure.

Second, Plaintiff's MMWA claims against Ross fail in their entirety because Plaintiff did not provide Ross with notice and an opportunity to cure before filing her MMWA claims, as required by subsection 2310(e). Plaintiff acknowledges this failure, and attempts to excuse it by arguing that providing an opportunity to cure in this case would have been "unnecessary and futile." *See* Compl. ¶ 79. However, the MMWA contains no "futility" exception to the notice requirement, and federal courts have refused to create one. *See Kuns v. Ford Motor Co.*, 543 F. App'x 572, 576 (6th Cir. 2013) (holding that notice requirement cannot be waived just because "a plaintiff subjectively determines that demand would be futile and does not so much as request the seller to cover the necessary repair"); *see also In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 970-71 (N.D. Cal. 2014) (noting that a futility argument was only "theoretically possible"); *Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1143-44 (N.D. Cal. 2010); *see also supra*, Section I.c. As a result, Plaintiff has failed to comply with the statutory requirement of notice and opportunity to cure, and Plaintiff's MMWA claims must be dismissed in their entirety.

**e.     Plaintiff's claims for breach of the implied warranty of merchantability must be dismissed for multiple reasons.**

To state a claim for breach of the implied warranty of merchantability, a plaintiff must allege that a product suffers from some "fundamental defect that renders the product *unfit for its ordinary purpose*." *Tasion Commc'ns., Inc. v. Ubiquiti Networks, Inc.*, No. C-13-1803 EMC, 2014 WL 2916472, at *11 (N.D. Cal. June 26, 2014) (emphasis added). The "mere manifestation of 'some' defect is insufficient," *id.*, because "the implied warranty merely provides a 'minimum level of quality.'" *Mathison v. Bumbo¸* No. SA CV08-0369 DOC (ANx), 2008 WL 8797937, at *9 (C.D. Cal. Aug. 18, 2008) (quoting *American Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1296 (1995)). California district courts have accordingly dismissed claims for breach of the warranty of merchantability "where the good serves its purpose without issue throughout its useful life" even where some alleged defect causes a loss in resale value or has some latent defect but can still be used for its purpose. *See id.*

Under California law, and pursuant to Section 1791.1 of the California Civil Code, "the

DOCUMENT PREPARED
ON RECYCLED PAPER

1  Implied Warranty of Merchantability has a duration coextensive with any express warranty

2  provided, but 'not more than one year following the sale of new consumer goods to a retail buyer.'"

3  *Mathison*, 2008 WL 8797937, at *8.  Additionally, "a plaintiff seeking to assert a claim for breach

4  of the implied warranty of merchantability must provide reasonable notice of the alleged breach."

5  *Tasion*, 2014 WL 2916472, at *11. Plaintiff's breach of warranty of merchantability claims against

6  Ross fail for multiple reasons.

7  i.    <u>Plaintiff does not allege a fundamental defect.</u>

8  First, Plaintiff's claims for breach of the implied warranty fail because she does not allege

9  a "fundamental defect" with the allegedly mislabeled sheets at issue.  Plaintiff does not allege that

10  the sheets are unusable, unsuitable for their intended purpose, or even uncomfortable.  Instead, the

11  only alleged defect is that the stated thread count is different from the actual thread count.  Even if

12  that allegation is true, which Ross denies, there is no evidence that the sheets at issue cannot still

13  be successfully used for their intended purpose.[7] Indeed, nowhere does Plaintiff allege that the

14  sheets she purchased were not as soft, comfortable, or durable than they should have been, based

15  on their represented thread count.

16  ii.    <u>Plaintiff has not adequately pleaded that the sheets are still within the</u>

17  <u>warranty period.</u>

18  Second, Plaintiff's implied warranty claims fail because she has not adequately pleaded that

19  the sheets at issue are still within the warranty period.  As stated above, the implied warranty of

20  merchantability has a duration equal to that of an express warranty given with respect to the same

21  goods, but with a maximum duration of one year.  It is not clear from the face of the Complaint that

22  the products at issue are still warranted, because Plaintiff did not allege the date on which she

23  bought the sheets. As a result, Plaintiff has not pleaded "facts sufficient to demonstrate that [she]

24  still had an express warranty when [she] filed suit." *Accord Mathison*, 2008 WL 8797937, at *8.

25  iii.    <u>Plaintiff has failed to plead reasonable notice of a breach.</u>

26  Third, Plaintiff's implied warranty claim fails because, as discussed throughout, she failed

27

28  ---

[7] That assumes that the purpose for which Plaintiff bought the sheets at issue was to actually use them as bedsheets.

DOCUMENT PREPARED
ON RECYCLED PAPER

1   to allege facts sufficient to show that she provided "reasonable notice" of the breach.  Plaintiff did

2   not allege the sending of any notice whatsoever, and even if she had, it would be unclear whether

3   such notice was "reasonable" because she did not allege the date on which she discovered the

4   alleged breach.  As a result, her claims for breach of the implied warranty of merchantability fail

5   for that additional reason.

6          In sum, Plaintiff's individual and class-action claims for breach of the implied warranty of

7   merchantability fail as a matter of law and must be dismissed.

8                  **f.      Plaintiff has failed to plead negligent misrepresentation.**

9          In order to state a claim for negligent misrepresentation, a plaintiff must plead (1)

10  misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing

11  it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of

12  the truth and justifiable reliance on the misrepresentation by the party to whom it was directed, and

13  (5) resulting damage. *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1200 n. 2 (9th Cir.2001).

14  Beyond failing to meet the requirements of Rule 9(b), Plaintiff pleads merely summary allegations

15  of the elements of negligent misrepresentation with no factual support for her claim. *See, e.g.*, *Wine*

16  *Bottle Recycling, LLC v. Niagara Sys. LLC*, No. 12-1924 SC, 2013 WL 1120962, at *11 (N.D. Cal.

17  Mar. 18, 2013) ("Plaintiff's pleadings, without more, are formulaic recitations of a negligent

18  misrepresentation claim's elements." (citing *Twombly*, 550 U.S. at 554-55)). Plaintiff's claim for

19  negligent misrepresentation should be dismissed for failure to state a claim.[8]

20  **III.    PLAINTIFF'S CLASS-ACTION CLAIMS MUST BE DISMISSED FOR LACK OF**

21  **STANDING TO THE EXTENT THEY ARISE FROM THE SALE OF PRODUCTS THAT**

22  **THE NAMED PLAINTIFF DID NOT BUY.**

23         Plaintiff's claims must be dismissed for lack of standing to the extent they are based on

24  products that the named Plaintiff did not actually purchase. The Court lacks subject matter

25  jurisdiction for claims brought by parties without standing, and those claims should be dismissed

26  under Rule 12(b)(1). *Larsen v. Trader Joe's Co.*, No. C 11-05188 SI, 2012 WL 5458396, at *4-5

27
28
---

[8] Plaintiff's claim for negligent misrepresentation is also barred by the economic loss rule. *Ladore v. Sony Comput. Entm't Am., LLC*, 75 F. Supp. 3d 1065, 1074–76 (N.D. Cal. 2014) (barring claim for negligent misrepresentation based on sale of goods).

(N.D. Cal. June 14, 2012). In fact, several federal courts have found that, where a named plaintiff in a class-action lawsuit attempts to assert class-action claims with respect to products she did not actually buy, those claims must be dismissed for lack of standing. *See, e.g.*, *Murray v. Sears, Roebuck & Co.*, No. C 09-5744 CW, 2014 WL 563264, at *9 (N.D. Cal. Feb. 12, 2014) ("A plaintiff therefore may not represent a class in bringing CLRA claims based on products that he or she never purchased."); *Pearson v. Target Corp.*, No. 11 CV 7972, 2012 WL 7761986, at *3-4 (N.D. Ill. Nov. 9, 2012) ("[H]ow could [plaintiff] possibly have been injured by representations made on a product he did not buy?"); *Granfield v. Nvidia Corp.*, No. C 11-05403 JW, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012) ("[W]hen a plaintiff asserts claims based both on products that she purchased and products that she did not purchase, claims relating to products not purchased must be dismissed for lack of standing.").

Here, despite having purchased only one specific sheet set, Compl. ¶ 12, the named Plaintiff seeks to assert class claims on behalf of "all persons" in California who purchased <u>any</u> set of sheets from Defendants "that Defendants represented as having thread counts higher than the bedding or linen's actual thread counts," *id.*  ¶ 46.  However, as the decisions above demonstrate, Plaintiff cannot have standing to proceed with claims for any products except the ones she actually purchased.

    a.    **Plaintiff has made no allegations describing other sheets purportedly forming the basis for her class action claims.**

A plaintiff has standing for unpurchased products only where the products and alleged misrepresentations are substantially similar. *See, e.g.*, *Miller v. Ghiradelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012) (discussing those courts that have stated there can be no standing for unpurchased products and those that allow standing where the products and alleged misrepresentations are substantially similar); *see also Young v. Cree, Inc.*, No. 17-cv-06252-YGR, 2018 WL 1710181 (N.D. Cal. Apr. 9, 2018).

In *Young*, the complaint[9] identified all products manufactured by Cree that the plaintiff alleged were falsely represented. *See* Young Compl. ¶¶ 17-18, 22 (using language such as "Cree

---

[9] Hereinafter, the "Young Complaint."

1   manufactures three categories of LED bulbs," "Defendant manufactures six types of . . . bulbs,"

2   and "[t]he Cree Reflector (Flood/Spot) products come in eight variations") (attached as Exhibit A).

3   The Young Complaint further described why each of the products manufactured by Cree, including

4   those not purchased by the plaintiff, provided a basis for the Young Complaint's claims. *See id.* ¶¶

5   18-25 (stating, after describing all of the Cree products, that "each Cree product makes a claim

6   about an 'estimated' cost savings for the purchaser buying the product"). Moreover, the Young

7   Complaint gave examples of actionable misrepresentations for several of the unpurchased Cree

8   products identified. *See id.* ¶ 25.

9        Here, the Complaint identifies only a single product purchased from Ross by Plaintiff and

10   otherwise makes vague allegations regarding "sheets" generally and alleges that Ross represented

11   that "numerous" (unidentified) other products had inflated thread counts. *Id.* ¶ 34. Indeed, Plaintiff

12   has not even bothered to identify any of the other products she claims to be suing over. As to the

13   unnamed sheets, she does not say whether any representations regarding thread count were made

14   for those sheets, nor do she say whether or how she has any information that any thread counts for

15   those sheets are incorrect.  Such vague allegations serve to further emphasize the fact that the named

16   Plaintiff is not in position to assert claims for anything other than the products she purchased.

17        **b.    Plaintiff has made no allegations regarding a level of quality or length of time**

18            **for the sheets she purchased, much less for the sheets she did not purchase.**

19        The difference between *Young* and the present case goes further. The court in *Young* found

20   that the plaintiff had standing "because plaintiff allege[d] substantially similar misrepresentations

21   concerning <u>longevity and cost savings</u>." 2018 WL 1710181, at *9 (emphasis added). Those

22   allegations are strikingly similar to the requirement under the MMWA that a written warranty must

23   affirm or promise "that such material or workmanship is defect free or will meet a <u>specified level</u>

24   <u>of performance over a specified period of time</u>." *See* 15 U.S.C. § 2301(6) (emphasis added). In

25   other words, both *Young* and the MMWA require a level of quality and a length of time to

26   adequately plead standing or a claim, respectively.

27        The Complaint here contains no allegations of a "specified level of performance over a

28   specified period of time." Given that the Complaint does not describe the products not purchased

1    by the Plaintiff, much less describe a level of quality over a length of time, the Complaint fails to

2    establish standing for products not purchased by the named Plaintiffs.

3        c.    **Authority from the Northern District of California shows that claims for sheets**

4              **not purchased by the named Plaintiff should be dismissed.**

5        The decision in *Rushing v. Williams-Sonoma, Inc.*, No. 16-CV-01421-WHO, 2016 WL

6    4269787 (N.D. Cal. Aug. 15, 2016), demonstrates why Plaintiff lacks standing for products she did

7    not purchase.  There, the plaintiff brought class-action claims accusing Williams-Sonoma and other

8    retailers of selling sheets with inflated thread counts.  The plaintiff attempted to bring class-action

9    claims not only with respect to the sheets he purchased—which he claimed had an inflated thread

10   count due to counting two-ply yarn as two threads rather than one—but for "31 additional products

11   with misleading thread counts at or above 350," which he claimed could be reasonably presumed

12   to have exaggerated thread counts.  *Id.* at *2.  The defendants sought to dismiss all of the plaintiff's

13   claims with respect to sheets he did not actually purchase.

14       The court in *Rushing* first described the situations in which it would allow a plaintiff to

15   proceed with class claims with respect to products he did not purchase, saying that the inquiry

16   "necessarily focuses on whether the resolution of the asserted claims will be identical between the

17   purchased and unpurchased products."  *Id.* at *3 (quoting *Ang v. Bimbo Bakeries USA, Inc.*, No.

18   13-CV-01196-WHO, 2014 WL 1024182, at *8 (N.D. Cal. Mar. 13, 2014)).  The court went on to

19   say that "a claim that a reasonable consumer would be misled by a representation on a label may

20   well require a context-specific analysis of the appearance of the label, the misrepresentation's

21   placement on the label, and other information contained on the label," and that "where the actual

22   composition or appearance of the product is legally significant to the claim at issue, the consumer

23   may only be allowed to pursue claims for products with identical product composition and/or

24   appearance."  *Id.* (quoting *Ang*, 2014 WL 1024182, at *8).

25       Applying those standards, the court found that the plaintiff could only proceed with claims

26   for sheets that suffered from the exact same alleged misrepresentation—counting two-ply yarn as

27   two threads, holding that "[t]he legal theory and defenses applicable to his claim are legally

28   significant and raise different questions not applicable" to any other alleged thread-count defects.

73123018.3                                    - 15 -

1    *Id.* at \*4.  And even then, the court would only allow the plaintiff to proceed with other claims

2    "only to the extent that he can plausibly allege, consistent with Rule 11, that the unpurchased

3    products are two-ply products that suffer from the same deception of which he complains."  *Id.*

4         Applying the reasoning of the court in *Rushing* to the alleged facts here, the Plaintiff's

5    claims with respect to products she did not purchase fall woefully short.  Plaintiff does not make

6    any allegations regarding how, why, or in what proportion the thread counts of the other sheets are

7    incorrect, except to say that they are "inflated."  Nor does Plaintiff even directly allege which other

8    sheet sets may have misrepresented thread counts; instead, she says only that she seeks to bring

9    class claims for all persons who purchased sheets from Defendants that were represented as having

10   thread counts higher than the actual thread counts, without individually naming those sheet sets or

11   even directly alleging that the thread counts for those other sets are inaccurate.

12        In short, Plaintiff here purchased a unique sheet set for which she claims the thread count

13   was inflated.  That does not, however, give her standing to assert claims with respect to a number

14   of distinct products which she did <u>not</u> purchase, particularly given that she has failed to specifically

15   identity any allegedly mislabeled products other than those she actually bought.  Therefore, her

16   claims for any product except the one she actually purchased should be dismissed for lack of

17   standing.

18                                    **CONCLUSION**

19        For the reasons stated above, Ross respectfully requests that the Court dismiss Plaintiff's

20   Complaint and her claims against Ross, in their entirety, with prejudice.

21   ///

22   Dated: June 29, 2018                      JEFFREY B. MARGULIES
                                               LAUREN A. SHOOR
23                                             SHIRLEY B. KIM
                                               **NORTON ROSE FULBRIGHT US LLP**
24

25

26                                             By_____/s/ Shirley B. Kim_____
                                                   SHIRLEY B. KIM
27                                                 Attorneys for Defendants
                                                   ROSS STORES, INC. AND
28                                                 AQ TEXTILES, LLC