JEFFREY B. MARGULIES (BAR NO. 126002)
LAUREN A. SHOOR (BAR NO. 280788)
SHIRLEY B. KIM (BAR NO. 312870)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California  90071
Telephone:     (213) 892-9200
Facsimile:     (213) 892-9494
jeff.margulies@nortonrosefulbright.com
lauren.shoor@nortonrosefulbright.com
shirley.kim@nortonrosefulbright.com

Attorneys for Defendants
ROSS STORES, INC. AND
AQ TEXTILES, LLC

*Additional Counsel listed on next page*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE MORRISON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROSS STORES, INC., AQ TEXTILES LLC, CREATIVE TEXTILE MILLS PRIVATE LIMITED,<br><br>Defendants. | Civil Action No.  4:18-cv-02671-YGR<br><br>**DEFENDANT ROSS STORES, INC.'S NOTICE AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) and 12(b)(2)**<br><br>Date:   September 11, 2018<br>Time:  2:00 p.m.<br>Courtroom:    1 |

1 *Additional Counsel*

2 Reid L. Phillips *(pro hac vice application forthcoming)*
 Jennifer K. Van Zant *(admitted pro hac vice)*

3 Andrew L. Rodenbough *(pro hac vice application forthcoming)*
 Ryan C. Fairchild  *(admitted pro hac vice)*

4 **BROOKS, PIERCE, MCLENDON, HUMPHREY &**
 **LEONARD, LLP**

5 230 North Elm Street
 2000 Renaissance Plaza

6 Greensboro, NC 27401
 Telephone: (336) 373-8850

7 Facsimile: (336) 378-1001
 rphillips@brookspierce.com

8 jvanzant@brookspierce.com
 arodenbough@brookspierce.com

9 rfairchild@brookspierce.com

10 Attorneys for Defendants
 ROSS STORES, INC. AND AQ TEXTILES, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

DEFENDANT ROSS STORES, INC.'S NOTICE AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
4:18-CV-02671-YGR

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 11, 2018, at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Yvonne Gonzalez Rogers in Courtroom 1, Fourth Floor of the Oakland Courthouse, located at 1301 Clay Street, Oakland, California 94612, Defendant Ross Stores, Inc. ("Ross"), pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2), will, and hereby does, move this Court to dismiss the Plaintiff's claims of her Amended Complaint against Ross in their entirety. In support of its Motion, Ross respectfully shows the Court the following:

1.      Plaintiff's Amended Complaint asserts claims against three named Defendants: Ross Stores, Inc. ("Ross"), AQ Textiles, LLC, and Creative Textile Private Mills, Ltd.

2.      Plaintiff's claims against Ross must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

3.      Additionally, Plaintiff's claims must be dismissed for lack of standing to the extent she purports to bring claims for products she did not purchase.

4.      Pursuant to Local Rule 7.4, Ross contemporaneously files herewith a Memorandum of Points and Authorities in support of the Motion to Dismiss describing the reasons that this Motion should be granted and the authorities which support Ross's Motion.

For the reasons stated above and in the accompanying memorandum, Ross respectfully requests that the Court dismiss Plaintiff's claims against Ross, in their entirety, with prejudice.

Dated: August 3, 2018

JEFFREY B. MARGULIES
LAUREN A. SHOOR
SHIRLEY B. KIM
**NORTON ROSE FULBRIGHT US LLP**

JENNIFER K. VAN ZANT
RYAN C. FAIRCHILD
**BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, LLP**


By     /s/ Shirley B. Kim
        SHIRLEY B. KIM
        Attorneys for Defendants
        ROSS STORES, INC. AND
        AQ TEXTILES, LLC

73274394.1

- 3 -

DOCUMENT PREPARED
ON RECYCLED PAPER

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 10

INTRODUCTION ........................................................................................................ 10

STATEMENT OF ISSUES TO BE DECIDED ........................................................... 10

STATEMENT OF RELEVANT ALLEGATIONS ....................................................... 10

ARGUMENT ............................................................................................................... 11

    I.      MOTION TO DISMISS STANDARD ............................................... 11

    II.     PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6) ............................ 12

        a.    Plaintiff's fraud-based claims must be dismissed because they were not pleaded with sufficient particularity. ................................. 12

            i.     The majority of Plaintiff's claims sound in fraud ....................... 12

            ii.    Plaintiff's lumping together of the Defendants does not satisfy the requirements of Rule 9(b) .......................... 14

            iii.   Plaintiff does not allege the who, what, when, where, or how of the alleged fraud ............................................. 14

        b.    Plaintiff's claims for damages under the CLRA must also be dismissed because Plaintiff did not timely give Defendants notice of their alleged violations .................................................. 15

        c.    Plaintiff's breach of warranty claims must be dismissed (i) for failure to timely notify Defendants of an alleged breach, and (ii) for failure to adequately plead the elements of breach of warranty ............... 16

            i.     Plaintiff has failed to properly allege notice within a reasonable time of discovery of the breach ................................ 16

            ii.    Plaintiff has failed to adequately plead the elements of breach of warranty .......................................................... 16

        d.    Plaintiff's Magnuson-Moss Warranty Act claims are defective and must be dismissed for multiple reasons .................................... 17

            i.     Plaintiff has not alleged the existence of a written warranty as defined by the MMWA ....................................... 18

            ii.    Plaintiff failed to provide Ross with notice and opportunity to cure ..................................................................... 19

        e.    Plaintiff's claims for breach of the implied warranty of merchantability must be dismissed for multiple reasons ...................... 19

            i.     Plaintiff does not allege a fundamental defect .......................... 20

            ii.    Plaintiff has not adequately pleaded that the sheets are still within the warranty period ............................................... 21

            iii.   Plaintiff has failed to plead reasonable notice of a breach ........... 21

        f.    Plaintiff has failed to plead negligent misrepresentation ..................... 21

DOCUMENT PREPARED

ON RECYCLED PAPER

**TABLE OF CONTENTS**
(continued)

Page

III. PLAINTIFF'S CLASS-ACTION CLAIMS MUST BE DISMISSED FOR LACK OF STANDING TO THE EXTENT THEY ARISE FROM THE SALE OF PRODUCTS THAT THE NAMED PLAINTIFF DID NOT BUY ............................................................................................................ 22

a. Plaintiff has not sufficiently alleged the other sheets were substantially similar ................................................................................ 23

b. Plaintiff has made no allegations regarding a level of quality or length of time for the sheets she purchased, much less for the sheets she did not purchase .......................................................................... 24

c. Authority from the Northern District of California shows that claims for sheets not purchased by the named Plaintiff should be dismissed ............................................................................................ 24

CONCLUSION ...................................................................................................................... 26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DOCUMENT PREPARED
ON RECYCLED PAPER

DEFENDANT ROSS STORES, INC.'S NOTICE AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
4:18-CV-02671-YGR

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*American Suzuki Motor Corp. v. Superior Court*,
  37 Cal. App. 4th 1291 (1995) ...............................................20

*Ang v. Bimbo Bakeries USA, Inc.*,
  No. 13-CV-01196-WHO, 2014 WL 1024182 (N.D. Cal. Mar. 13, 2014)..............................25

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...............................................12

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ...............................................11, 22

*Bush v. Rewald*,
  619 F. Supp. 585 (D. Haw. 1985) ...............................................12

*In re Century Aluminum Co. Sec. Litig.*,
  729 F.3d 1104 (9th Cir. 2013) ...............................................11

*County of Santa Clara v. Astra U.S., Inc.*,
  428 F. Supp. 2d 1029 (N.D. Cal. 2006) ...............................................12

*Dachauer v. NBTY, Inc.*,
  2016 WL 3176612 (N.D. Cal. June 3, 2016) ...............................................16

*Frenzel v. AliphCom*,
  76 F. Supp. 3d 999 (N.D. Cal. 2014) ...............................................16

*Gil v. Bank of Am., Nat'l Ass'n*,
  138 Cal. App. 3d 1371 (2006) ...............................................13

*Glenn K. Jackson Inc. v. Roe*,
  273 F.3d 1192 (9th Cir.2001)...............................................21

*Granfield v. Nvidia Corp.*,
  No. C 11-05403 JW, 2012 WL 2847575 (N.D. Cal. July 11, 2012)...............................................22

*Jackson v. Fischer*,
  931 F. Supp. 2d 1049 (N.D. Cal. 2013) ...............................................13

*Johnsen v. Honeywell Int'l Inc.*,
  No. 4:14CV594 RLW, 2016 WL 1242545 (E.D. Mo. Mar. 29, 2016)...............................................13

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009)...............................................13, 14

*Kuns v. Ford Motor Co.*,
  543 F. App'x 572 (6th Cir. 2013) ...............................................19

*Ladore v. Sony Comput. Entm't Am., LLC*,
  75 F. Supp. 3d 1065 (N.D. Cal. 2014) ...............................................22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DOCUMENT PREPARED
ON RECYCLED PAPER

<u>TABLE OF AUTHORITIES</u>
(continued)

**Page(s)**

*Larsen v. Trader Joe's Co.*,
   No. C 11-05188 SI, 2012 WL 5458396 (N.D. Cal. June 14, 2012)............................22

*Lazar v. Superior Court*,
   12 Cal. 4th 631 (1996) ........................................................................................13

*Levitt v. Yelp! Inc.*,
   765 F.3d 1123 (9th Cir. 2014)........................................................................11, 12

*Malifrando v. Real Time Resolutions, Inc.*,
   No. 2:16-cv-0223-TLN-GGH-PS, 2016 WL 6955050 (E.D. Cal. Nov. 26,
   2016) ....................................................................................................................13

*Mathison v. Bumbo*,
   No. SA CV08-0369 DOC, 2008 WL 8797937 (C.D. Cal. Aug. 18, 2008) ........20, 21

*Miller v. Ghiradelli Chocolate Co.*,
   912 F. Supp. 2d 861 (N.D. Cal. 2012) ..................................................................23

*Minkler v. Apple, Inc.*,
   65 F. Supp. 3d 810 (N.D. Cal. 2014) ....................................................................16

*Murray v. Sears, Roebuck & Co.*,
   No. C 09-5744 CW, 2014 WL 563264 (N.D. Cal. Feb. 12, 2014) ...........................22

*In re MyFord Touch Consumer Litig.*,
   46 F. Supp. 3d 936 (N.D. Cal. 2014) ....................................................................19

*Nabors v. Google, Inc.*,
   No. 5:10-CV-03897 EJD (PSG), 2011 WL 3861893 (N.D. Cal. Aug. 30, 2011) ...................17

*Pearson v. Target Corp.*,
   No. 11 CV 7972, 2012 WL 7761986 (N.D. Ill. Nov. 9, 2012) .................................22

*Rosal v. First Fed. Bank of Cal.*,
   671 F. Supp. 2d 1111 (N.D. Cal. 2009) ................................................................12

*Rushing v. Williams-Sonoma, Inc.*,
   No. 16-CV-01421-WHO, 2016 WL 4269787 (N.D. Cal. Aug. 15, 2016).........24, 25

*Saitsky v. DirecTV, Inc.*,
   No. CV 08-7918 AHM (CWx), 2009 WL 10670629, at *7 (C.D. Cal. Sep. 22,
   2009) ....................................................................................................................15

*Somers v. Apple, Inc.*,
   729 F.3d 953 (9th Cir. 2013)................................................................................11

*Swartz*, 476 F.3d at 764-65 ......................................................................................14

*Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*,
   No. C-13-1803 EMC, 2014 WL 2916472 (N.D. Cal. June 26, 2014) .....................20

DOCUMENT PREPARED
ON RECYCLED PAPER

# TABLE OF AUTHORITIES

(continued)

**Page(s)**

*Tietsworth v. Sears, Roebuck & Co.*,
   720 F. Supp. 2d 1123 (N.D. Cal. 2010) ...............................................................16, 17, 19

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, &*
   *Prods. Liab. Litig.*,
   754 F. Supp. 2d 1145 (C.D. Cal. 2010) ...............................................................12, 13, 16

*Utility Consumers' Action Network v. Sprint Solutions, Inc.*,
   No. C07-CV-2231-W (RJB), 2008 WL 1946859 (S.D. Cal. Apr. 25, 2008 ..........................15

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003).....................................................................................13

*Von Grabe v. Sprint PCS*,
   312 F. Supp. 2d 1285 (S.D. Cal 2003) .........................................................................15

*Wine Bottle Recycling, LLC v. Niagara Sys. LLC*,
   No. 12-1924 SC, 2013 WL 1120962 (N.D. Cal. Mar. 18, 2013)........................................22

*Young v. Cree, Inc.*,
   No. 17-cv-06252-YGR, 2018 WL 171-181 (N.D. Cal. Apr. 9, 2018)..............................23, 24

**Rules and Statutes**

California Commercial Code § 2607 ...........................................................................16

California Commercial Code § 2607(A)........................................................................16

California Commercial Code § 2607(3)(A) ....................................................................16

California's Consumer Legal Remedies Act, California Civil Code §§ 1750-1784....13, 15, 16, 20,
   22

California's False Advertising Law, California Business & Professions Code §§
   17500 *et seq.* ..........................................................................................................13

California's Unfair Competition Law, California Business & Professions Code §§
   17200-17210 ...........................................................................................................13

Federal Rules of Civil Procedure Rule 9(b)....................................................12, 13, 14, 15, 22

Federal Rules of Civil Procedure Rule 11......................................................................25

Federal Rules of Civil Procedure Rule 12(b)(1) ...............................................................22

Federal Rules of Civil Procedure Rule 12(b)(6) ...............................................10, 11, 12, 17

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6)....................................................17, 18, 19, 24

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(7)..........................................................18

Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)..........................................................18

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(e)............................................................18, 19

Missouri Merchandising Practices Act ........................................................................................13

DEFENDANT ROSS STORES, INC.'S NOTICE AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

4:18-CV-02671-YGR

DOCUMENT PREPARED
ON RECYCLED PAPER

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Ross Stores, Inc. ("Ross") submits this Memorandum of Points and Authorities in support of its Motion to Dismiss all claims asserted against Ross by Plaintiff Dominique Morrison ("Plaintiff").

## INTRODUCTION

Plaintiff brings claims against Ross and fellow defendants AQ Textiles, LLC ("AQ") and Creative Textile Mills Pvt. Ltd. ("Creative") arising out of Plaintiff's purported purchase of sheets allegedly manufactured by Creative, imported and labeled by AQ, and sold by Ross.  Plaintiff alleges that Ross sold the sheets at issue to Plaintiff, and now admits that she purchased the sheets from a Ross store located in St. Louis, Missouri. Am. Compl. ¶¶ 11, 35. Plaintiff further alleges that Ross made misrepresentations regarding the thread count of the sheets. *Id.* ¶ 34.  Those are the only specific factual allegations regarding Ross's conduct in the entire Amended Complaint.

Each of Plaintiff's claims against Ross must be dismissed for failure to state a claim pursuant to Rule 12(b)(6). Additionally, Plaintiff's class-action claims must dismissed for lack of standing to the extent they arise from the sale of products that the named Plaintiff did not buy.

## STATEMENT OF ISSUES TO BE DECIDED

1.      Should the Amended Complaint be dismissed for failure to state a claim for relief?

2.      Should the Plaintiff's claims for products she did not purchase be dismissed for lack of standing?

## STATEMENT OF RELEVANT ALLEGATIONS

Plaintiff alleges that she is an adult citizen of St. Louis County, Missouri. Am. Compl. ¶ 11. She also alleges that she purchased a set of Grande Estate 800TC Luxurious Sateen Weave sheets, with an advertised thread count of 800, from a Ross store located in St. Louis, Missouri. *Id.* ¶¶ 11-12.

Plaintiff does not allege how much the sheets cost, when she bought the sheets other than during an amorphous Class Period, whether the sheets were ever actually used, or, despite also alleging that she reasonably believed and relied on the representations, whether she ever actually viewed any advertising or marketing materials relating to the sheets.  She claims that Ross made

DOCUMENT PREPARED
ON RECYCLED PAPER

1    misrepresentations regarding the sheets at issue, namely by alleging that Ross "represented that [the

2    sheets] were of a certain thread count." *Id.* ¶ 34. Plaintiff never alleges that she actually saw or

3    heard those misrepresentations, but instead makes only summary allegations that she relied upon

4    them. *Id.* ¶¶ 12, 37.

5        Plaintiff's chief complaint—and the allegation on which each of her eleven claims rests—

6    is that the sheets she purchased from Ross had an "inflated" thread count. *Id.* ¶¶ 1, 34.  Although

7    Plaintiff alleges that she believed the thread count indicated that the sheets would be "of higher

8    quality, more durable, softer and better for sleep" than sheets of lower thread count, she does not

9    say whether she actually found the sheets to be of lower quality, less durable, insufficiently soft, or

10   poor for sleeping.  Nor does she say when or how she determined that the thread count of the sheets

11   at issue was inaccurate. Indeed, Plaintiff never alleges that she used the sheets.

12       Plaintiff does not make any specific allegations regarding Ross's participation in packaging

13   or advertising the sheets at issue with an allegedly inflated thread count. Indeed, she alleges that

14   Defendant AQ labeled and packaged the sheets. *Id.* ¶¶ 12, 36. Despite those allegations, Plaintiff

15   alleges that Ross made representations that the sheets were of a certain thread count.  Plaintiff

16   makes no specific allegations regarding Ross's knowledge that the sheets at issue had an allegedly

17   inflated thread count. Instead, the vast majority of the operative allegations in the Amended

18   Complaint are made against "Defendants" collectively, with no effort whatsoever to distinguish

19   between their individual roles or actions.

20                                **ARGUMENT**

21   **I.**    **MOTION TO DISMISS STANDARD**

22       To survive a motion to dismiss under Rule 12(b)(6), a claim must have "at least a plausible

23   chance of success." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1134-35 (9th Cir. 2014) (citing *In re Century

24   Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013)). "Plausibility requires pleading

25   facts, as opposed to conclusory allegations or the formulaic recitation of the elements of a cause of

26   action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles

27   the pleader to relief." *Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation

28   marks and citations omitted) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007);

1    *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). That is, the complaint must allege factual content

2    raising a reasonable inference of the defendant's liability for the alleged misconduct. *Levitt*, 765

3    F.3d at 1134-35. A complaint that does not meet these standards cannot survive a motion to dismiss.

4    **II.**    **PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A**

5          **CLAIM PURSUANT TO RULE 12(b)(6).**

6          **a.**    **Plaintiff's fraud-based claims must be dismissed because they were not pleaded**

7          **with sufficient particularity.**[1]

8        Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or

9    mistake, a party must state with particularity the circumstances constituting fraud or mistake."

10    Claims that do not meet the particularity requirements of Rule 9(b) of the Federal Rules of Civil

11    Procedure must be dismissed. *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales*

12    *Practices, & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1170 (C.D. Cal. 2010).  Furthermore,

13    "[a]llegations of fraud based on information and belief do not satisfy FRCP 9(b) requirements."

14    *County of Santa Clara v. Astra U.S., Inc.*, 428 F. Supp. 2d 1029, 1036 (N.D. Cal. 2006).[2] The same

15    applies to mere conclusory allegations. *Id.*

16        These requirements are intended to protect defendants from a "fishing expedition" whereby

17    a plaintiff shoots first and interposes discovery questions later hoping for the defendants to supply

18    her with a case. *See Bush v. Rewald*, 619 F. Supp. 585, 601 (D. Haw. 1985). Here, most of Plaintiff's

19    claims sound in fraud and must be dismissed because they were not pleaded with sufficient

20    particularity.

21               i.    <u>The majority of Plaintiff's claims sound in fraud.</u>

22        "Under California law, the elements of common law fraud are 'misrepresentation,

23    knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages.'" *Rosal v.*

24

---

25    [1] Ross briefly notes that Plaintiff's allegations regarding equitable tolling are virtually nonexistent.
   Plaintiff's allegations are—at best—summary conclusions of concealment with no facts being

26    pleaded in support.
   [2] Ross briefly notes that Plaintiff has removed her allegation that "<u>upon information and belief</u>, the

27    true thread count of those sheets was far less," Original Compl. ¶ 35 (emphasis added), without
   providing new factual allegations indicating why her allegations no longer being made on

28    information and belief.

DOCUMENT PREPARED
ON RECYCLED PAPER

1  *First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1131 (N.D. Cal. 2009) (quoting *Gil v. Bank of Am.,*

2  *Nat'l Ass'n*, 138 Cal. App. 3d 1371, 1381 (2006)). When the defendant is a corporation, "the

3  plaintiff's burden . . . is even greater . . . . The plaintiff must allege the names of the persons who

4  made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what

5  they said or wrote, and when it was said or written." *Malifrando v. Real Time Resolutions, Inc.*, No.

6  2:16-cv-0223-TLN-GGH-PS, 2016 WL 6955050, at *8 (E.D. Cal. Nov. 26, 2016) (quoting *Lazar*

7  *v. Superior Court*, 12 Cal. 4th 631, 645 (1996)) (internal quotation marks omitted). Generally,

8  "[t]he circumstances of the alleged fraud must be specific enough 'to give defendants notice of the

9  particular misconduct . . . so that they can defend against the charge and not just deny that they

10  have done anything wrong.'" *In re Toyota Motor*, 754 F. Supp. 2d at 1170 (quoting *Vess v. Ciba-*

11  *Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

12         The Ninth Circuit Court of Appeals has held that the requirements of Rule 9(b) apply not

13  just to common-law fraud claims, but also to claims under California's Consumer Legal Remedies

14  Act ("CLRA"), Cal. Civ. Code §§ 1750-1784; California's Unfair Competition Law ("UCL"), Cal.

15  Bus. & Prof. Code §§ 17200-17210; and California's False Advertising Law ("FAL"), Cal. Bus. &

16  Prof. Code §§ 17500 *et seq.*  *See Toyota Motor*, 754 F. Supp. 2d at 1170; *see also Kearns v. Ford*

17  *Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (noting the same as to the CLRA and UCL).

18  Furthermore, "the majority view among district courts in California" is that Rule 9(b)'s heightened

19  pleading standard applies to a claim for negligent misrepresentation. *See Jackson v. Fischer*, 931

20  F. Supp. 2d 1049, 1068 (N.D. Cal. 2013). Finally, Missouri courts have held that the Rule 9(b)

21  particularity standard applies to claims brought under the Missouri Merchandising Practices Act

22  ("MMPA") (Count Eleven). *Johnsen v. Honeywell Int'l Inc.*, No. 4:14CV594 RLW, 2016 WL

23  1242545, at *6 (E.D. Mo. Mar. 29, 2016). "[I]n an MMPA claim, Plaintiff must identify the 'who,

24  what, where, when, and how' of the alleged fraud 'to allow Defendant to prepare a defense to the

25  MMPA charges.'" *Id.* at *7-8.

26         Plaintiff alleges claims for, *inter alia*, fraud, negligent misrepresentation, and violations of

27  the CLRA, UCL (including the unlawful, unfair, and fraudulent prongs), FAL, and MMPA (the

28

DOCUMENT PREPARED
ON RECYCLED PAPER

1    "Fraud-Based Claims").[3] Those claims fail to meet the requirements of Rule 9(b) for multiple

2    reasons.

3                    ii.      Plaintiff's lumping together of the Defendants does not satisfy the

4                             requirements of Rule 9(b).

5            First, the Amended Complaint does not allege any specific misrepresentation made by any

6    individual defendant, including Ross. Nor does Plaintiff allege that Ross (or any other single

7    defendant) knew of the supposedly false thread count. Instead, Plaintiff makes broad allegations

8    regarding all of the Defendants, repeatedly lumping them together for purposes of the allegations

9    upon which her claims rely. *See, e.g.*, Am. Compl. ¶¶ 4, 7, and 61-62 (examples of "Defendants"

10   making misrepresentations).  The Amended Complaint otherwise employs passive allegations

11   regarding the misrepresentations. *See, e.g., id.* ¶¶ 38, 45, 64-65. The failure to make allegations

12   specific to Ross is fatal to Plaintiff's Fraud-Based Claims, each of which relies on

13   misrepresentations.  *See Swartz*, 476 F.3d at 764-65 ("Rule 9(b) does not allow a complaint to

14   merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations

15   when suing more than one defendant . . . and inform each defendant separately of the allegations

16   surrounding his alleged participation in the fraud." (internal quotation marks omitted)).

17                   iii.     Plaintiff does not allege the who, what, when, where, or how of the alleged

18                            fraud.

19           Second, the Fraud-Based Claims fail because the Amended Complaint is devoid of the

20   "who, what, when, where, and how" of the alleged fraud. *See Kearns*, 567 F.3d at 1124. At no point

21   does Plaintiff allege when or where she or any other person saw, read, or heard any allegedly

22   deceptive advertising or false representations by Ross. Indeed, even though Plaintiff now alleges

23   that she purchased bed sheets from a Ross store in Missouri, the Amended Complaint surprisingly

24   omits the date of that purchase.   Moreover, even where the Amended Complaint alleges

25   misrepresentations and reliance, there are no allegations that Plaintiff or any of the purported class

26

27   _____

28   [3] These are Claims Two, Three, Four, Five, Six, Seven, Ten, and Eleven of the Amended
     Complaint.

73274394.1

- 14 -

DOCUMENT PREPARED
ON RECYCLED PAPER

members actually <u>saw</u> those representations or when or where they saw those representations.[4] Plaintiff continuously makes allegations as to the thread count's purported falsity and Defendants' purported conduct without connecting those actions to her purchase. Such vague allegations do not adequately put Ross, or any Defendant, on notice of the details of their alleged fraud.

In summary, the Fraud-Based Claims fail to meet the particularity requirements of Rule 9(b) for multiple reasons and must be dismissed.

### b.    Plaintiff's claims for damages under the CLRA must also be dismissed because Plaintiff did not timely give Defendants notice of their alleged violations.

Under Section 1782(a) of the California Civil Code, part of the CLRA, a prospective plaintiff wishing to bring claims under the CLRA must provide notice to the party allegedly violating the Act "[t]hirty days or more prior to the commencement of an action for damages pursuant to [the CLRA]." The notice must be sent by "certified or registered mail, return receipt requested, to the place where the transaction occurred or to the person's principal place of business within California." *Id.* District Courts in California have strictly construed the notice requirement, dismissing suits where notice was sent one day before filing the complaint or otherwise failed to meet the requirements of Section 1872. *See, e.g.*, *Saitsky v. DirecTV, Inc.*, No. CV 08-7918 AHM (CWx), 2009 WL 10670629, at *7 (C.D. Cal. Sep. 22, 2009) (discussing *Utility Consumers' Action Network v. Sprint Solutions, Inc.*, No. C07-CV-2231-W (RJB), 2008 WL 1946859 (S.D. Cal. Apr. 25, 2008), where notice was sent only one day before filing suit)); *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1303-04 (S.D. Cal 2003) (dismissing for failure to comply with Section 1872, and noting that "***strict*** application of the requirement was necessary" (emphasis in original)).

Here, Plaintiff does not allege that she sent the required notice at least thirty days before filing suit. Instead, Plaintiff admits that she sent notice only three days before filing suit. *See* Am. Compl. ¶ 133. Plaintiff therefore cannot establish that she complied with the requirements of the CLRA before filing suit and her claims for damages under the CLRA must therefore be dismissed.[5]

---

[4] By way of further example, consider Section III *infra*. Plaintiff fails to even <u>name</u> all but one of the other unpurchased products that supposedly support her class action claims.

[5] Plaintiff's Prayer for Relief includes a request for injunctive relief, but is not clear whether Plaintiff seeks that relief with respect to her CLRA claims.  In any event, to the extent Plaintiff and

- 15 -

DOCUMENT PREPARED
ON RECYCLED PAPER

**c.** **Plaintiff's breach of warranty claims must be dismissed (i) for failure to timely notify Defendants of an alleged breach, and (ii) for failure to adequately plead the elements of breach of warranty.**

    **i.** Plaintiff has failed to properly allege notice within a reasonable time of discovery of the breach.

Similar to the CLRA's notice requirements, California Commercial Code § 2607(A) requires that a buyer, "within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy." Where a plaintiff "fails to plead that she provided this notice within a reasonable time of discovering the breach, as is required by § 2607," her breach of express "warranty claims must be dismissed." *See Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 817 (N.D. Cal. 2014), at 817-18.

Plaintiff does not allege "that she provided [the notice required by Section 2607(3)(A)] within a reasonable time of discovering the breach." *Id.* Indeed, she never alleges when she purchased the sheets, so there is no way to evaluate whether that notice was sent "within a reasonable time of discovering the breach." As a result, Plaintiff's claim for breach of express warranty must be dismissed for failure to plead that pre-suit notice was provided within a reasonable time of discovering the breach.

    **ii.** Plaintiff has failed to adequately plead the elements of breach of warranty.

Under California law, a plaintiff must allege (1) the exact terms of the warranty, (2) reasonable reliance on the warranty, and (3) a breach of that warranty that proximately caused plaintiff injury. *Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1140 (N.D. Cal. 2010). "To create a warranty, representations regarding a product must be specified and unequivocal." *Toyota Motor*, 754 F. Supp. 2d at 1182; *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1018 (N.D. Cal. 2014) (explaining express warranties must be "specific and unequivocal" and may not be vague

---

the unnamed class members seek injunctive relief, they have no standing to do so, because consumers allegedly misled by product labels lack standing for injunctive relief when there is no danger that they will be misled in the future. *Dachauer v. NBTY, Inc.*, 2016 WL 3176612, at *1-2 (N.D. Cal. June 3, 2016).

DOCUMENT PREPARED
ON RECYCLED PAPER

1    statements).

2           Here, Plaintiff now attempts to allege the "exact terms of the warranty" as having been

3    "communicated expressly through packaging and other marketing representations." Am. Compl. ¶

4    84; *see also id.* ¶ 169. Despite this recasting, and even looking at the pictures provided in the

5    Amended Complaint of an alleged set of Grande Estate 800TC Luxurious Sateen Weave sheets, *id.*

6    ¶ 44, Plaintiff has not alleged the "exact terms of the warranty" as that warranty purportedly pertains

7    to "the qualities and durability of the Products," *see id.* ¶¶ 85, 170.

8           Additionally, despite making general allegations as to her reliance on an alleged warranty

9    of the sheets' thread count, Plaintiff never identifies if she saw that warranty, where she saw that

10   warranty, when she saw that warranty, whether she even used the sheets in reliance on any supposed

11   warranty, or any other form of specificity that would support her claim. This failure to plead "the

12   exact terms of the warranty" with sufficient specificity, defeats her breach of express warranty

13   claims. *Tiestworth*, 720 F. Supp. 2d at 1140; *see also Nabors v. Google, Inc.*, No. 5:10-CV-03897

14   EJD (PSG), 2011 WL 3861893, at *3 (N.D. Cal. Aug. 30, 2011) (finding failure to allege breach

15   of express warranty where plaintiff failed to "identify the particular commercial or advertisement

16   upon which he relied and [] describe with the requisite specificity the content of that particular

17   commercial or advertisement"). Plaintiff's claim for breach of warranty must thus be dismissed.

18          **d.      Plaintiff's Magnuson-Moss Warranty Act claims are defective and must be**

19                  **dismissed for multiple reasons.**

20          Plaintiff's Magnuson-Moss Warranty Act ("MMWA") claims must be dismissed pursuant

21   to Rule 12(b)(6). The MMWA provides a federal cause of action for breach of a "written warranty"

22   or an implied warranty with respect to consumer goods. The MMWA defines "written warranty"

23   as:

24          (A) any written affirmation of fact or written promise made in connection with the
            sale of a consumer product by a supplier to a buyer which relates to the nature of the
25          material or workmanship and affirms or promises that such material or workmanship
            is defect free or will meet a specified level of performance over a specified period
26          of time, or

27          (B) any undertaking in writing in connection with the sale by a supplier of a
            consumer product to refund, repair, replace, or take other remedial action with

28

DOCUMENT PREPARED

ON RECYCLED PAPER

1
2

respect to such product in the event that such product fails to meet the specifications set forth in the undertaking,

3
4

which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product.

5

15 U.S.C. § 2301(6). The MMWA does not define "implied warranty," instead providing that the

6

scope of an implied warranty is defined by the state law creating the implied warranty. *Id.*

7

§ 2301(7).

8

The portion of the MMWA that creates a civil remedy is 15 U.S.C. § 2310(d). That section

9

provides that a consumer who is damaged by a seller's failure to comply with a written or implied

10

warranty may file a civil suit for damages in state or federal court.  However, 15 U.S.C. § 2310(e)

11

provides that neither a class action nor an individual claim brought under subsection 2310(d) for a

12

failure to comply with a warranty may proceed on the merits "unless the person obligated under

13

the warranty or service contract is afforded a reasonable opportunity to cure such failure to

14

comply." In the case of a class action suit, the same subsection provides that "such reasonable

15

opportunity will be afforded by the named plaintiffs and they shall at that time notify the defendant

16

that they are acting on behalf of the class."

17

Plaintiff's MMWA claims fail these requirements in part or in whole for multiple reasons.

18
19

      i.   <u>Plaintiff has not alleged the existence of a written warranty as defined by the MMWA.</u>

20

First, to the extent Plaintiff's MMWA claims rely on a written warranty, those claims fail

21

because Plaintiff has not alleged the existence of a "written warranty" as defined by the MMWA.

22

The only written warranty that Plaintiff claims existed was Defendants' alleged warranty "that the

23

Products had a certain true and accurate thread count." *See* Am. Compl. ¶ 84. This does not

24

constitute a warranty that "affirms or promises that such material or workmanship is defect free or

25

will meet <u>a specified level of performance over a specified period of time</u>" or that includes a

26

promise "to refund, repair, replace, or take other remedial action with respect to such product in the

27

event that such product fails to meet the specifications set forth in the undertaking." *See* 15 U.S.C.

28

§ 2301(6) (emphasis added). Even if, *arguendo*, the Court were to read Plaintiff's arguments

DOCUMENT PREPARED ON RECYCLED PAPER

regarding quality of sleep or softness into the Amended Complaint, the Amended Complaint would still contain no allegations whatsoever as to a level of quality of sleep or a specified period of time. Instead, the allegations of the Amended Complaint state only that Plaintiff had a subjective belief that the sheets "were of a higher quality, more durable, softer, and better for sleeping than sheets with lower thread counts." Am. Compl. ¶ 12. Plaintiff's allegations about what <u>Plaintiff believed</u> about sheets, however, do not constitute representations <u>made by Defendants</u> regarding a specified level of performance over a specified period of time.[6] Because Plaintiff has not alleged the existence of a warranty that falls into one of those two categories, her MMWA claims must be dismissed to the extent they rely on an alleged "written warranty."

ii.      <u>Plaintiff failed to provide Ross with notice and opportunity to cure.</u>

Second, Plaintiff's MMWA claims against Ross fail in their entirety because Plaintiff did not provide Ross with notice and an opportunity to cure before filing her MMWA claims, as required by subsection 2310(e). Plaintiff acknowledges this failure, and attempts to excuse it by arguing that providing an opportunity to cure in this case would have been "unnecessary and futile." *See* Am. Compl. ¶ 98. However, the MMWA contains no "futility" exception to the notice requirement, and federal courts have refused to create one. *See Kuns v. Ford Motor Co.*, 543 F. App'x 572, 576 (6th Cir. 2013) (holding that notice requirement cannot be waived just because "a plaintiff subjectively determines that demand would be futile and does not so much as request the seller to cover the necessary repair"); *see also In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 970-71 (N.D. Cal. 2014) (noting that a futility argument was only "theoretically possible"); *Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1143-44 (N.D. Cal. 2010); *see also supra*, Section II.c. As a result, Plaintiff has failed to comply with the statutory requirement of notice and opportunity to cure, and Plaintiff's MMWA claims must be dismissed in their entirety.

**e.      <u>Plaintiff's claims for breach of the implied warranty of merchantability must be dismissed for multiple reasons.</u>**

To state a claim for breach of the implied warranty of merchantability, a plaintiff must allege that a product suffers from some "fundamental defect that renders the product <u>unfit for its ordinary</u>

---

[6] Furthermore, at no point does Plaintiff allege that she used the sheets and was dissatisfied.

DOCUMENT PREPARED
ON RECYCLED PAPER

1  purpose." *Tasion Commc'ns., Inc. v. Ubiquiti Networks, Inc.*, No. C-13-1803 EMC, 2014 WL

2  2916472, at *11 (N.D. Cal. June 26, 2014) (emphasis added). The "mere manifestation of 'some'

3  defect is insufficient," *id.*, because "the implied warranty merely provides a 'minimum level of

4  quality,'" *Mathison v. Bumbo¸* No. SA CV08-0369 DOC (ANx), 2008 WL 8797937, at *9 (C.D.

5  Cal. Aug. 18, 2008) (quoting *American Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th

6  1291, 1296 (1995)). California district courts have accordingly dismissed claims for breach of the

7  warranty of merchantability "where the good serves its purpose without issue throughout its useful

8  life" even where some alleged defect causes a loss in resale value or has some latent defect but can

9  still be used for its purpose. *See id.*

10  Under California law, and pursuant to Section 1791.1 of the California Civil Code, "the

11  Implied Warranty of Merchantability has a duration coextensive with any express warranty

12  provided, but 'not more than one year following the sale of new consumer goods to a retail buyer.'"

13  *Mathison*, 2008 WL 8797937, at *8.  Additionally, "a plaintiff seeking to assert a claim for breach

14  of the implied warranty of merchantability must provide reasonable notice of the alleged breach."

15  *Tasion*, 2014 WL 2916472, at *11. Plaintiff's breach of warranty of merchantability claims against

16  Ross fail for multiple reasons.

17  i.   Plaintiff does not allege a fundamental defect.

18  First, Plaintiff's claims for breach of the implied warranty fail because she does not allege

19  an actual "fundamental defect" with the allegedly mislabeled sheets at issue.  While Plaintiff now

20  makes general allegations that the sheets were "inherently defective and not fit for their intended

21  use due to the lower thread count," these allegations defy logic. Am. Compl. ¶¶ 35, 190. The only

22  alleged defect is that the stated thread count is different from the actual thread count.  Even if that

23  allegation were true, which Ross denies, there would still be no evidence that the sheets at issue

24  cannot still be successfully used for their intended purpose.[7] Indeed, while Plaintiff alleges that the

25  sheets she purchased were not as soft, comfortable, or durable than they should have been based on

26  their represented thread count, even sheets that are allegedly less soft and durable can still be used

---

[7] This assumes that the purpose for which Plaintiff bought the sheets at issue was to actually use them as bedsheets.

73274394.1

- 20 -

DOCUMENT PREPARED
ON RECYCLED PAPER

as sheets—i.e., "bedding, commonly spread in pairs so that one sheet is immediately above and the other immediately below the sleeper." *See* Sheet, Dictionary.com, https://www.dictionary.com/browse/sheet (last visited July 30, 2018).

> ii.   Plaintiff has not adequately pleaded that the sheets are still within the warranty period.

Second, Plaintiff's implied warranty claims fail because she has not adequately pleaded that the sheets at issue are still within the warranty period.  As stated above, the implied warranty of merchantability has a duration equal to that of an express warranty given with respect to the same goods, but with a maximum duration of one year.  It is not clear from the face of the Amended Complaint that the products at issue are still warranted, because Plaintiff did not allege the date on which she bought the sheets. As a result, Plaintiff has not pleaded "facts sufficient to demonstrate that [she] still had an express warranty when [she] filed suit." *Accord Mathison*, 2008 WL 8797937, at *8.

> iii.   Plaintiff has failed to plead reasonable notice of a breach.

Third, Plaintiff's implied warranty claim fails because, as discussed throughout, she failed to allege facts sufficient to show that she provided "reasonable notice" of the breach.  Though Plaintiff now alleges notice based on alleged customer complaints and a letter sent before, but not received until after, suit was filed, it is unclear whether such notice was "reasonable" because she did not allege the date on which she discovered the alleged breach.  As a result, her claims for breach of the implied warranty of merchantability also fail for that reason.

In sum, Plaintiff's individual and class-action claims for breach of the implied warranty of merchantability fail as a matter of law and must be dismissed.

### f.   **Plaintiff has failed to plead negligent misrepresentation.**

In order to state a claim for negligent misrepresentation, a plaintiff must plead (1) misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed, and (5) resulting damage. *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1200 n. 2 (9th

1  Cir.2001). Beyond failing to meet the requirements of Rule 9(b), Plaintiff pleads merely summary

2  allegations of the elements of negligent misrepresentation with no factual support for her claim.

3  *See, e.g.*, *Wine Bottle Recycling, LLC v. Niagara Sys. LLC*, No. 12-1924 SC, 2013 WL 1120962,

4  at *11 (N.D. Cal. Mar. 18, 2013) ("Plaintiff's pleadings, without more, are formulaic recitations of

5  a negligent misrepresentation claim's elements." (citing *Twombly*, 550 U.S. at 554-55)). In addition

6  to its failure to satisfy Rule 9(b), Plaintiff's claim for negligent misrepresentation should be

7  dismissed for failure to state a claim.[8]

8  **III.   PLAINTIFF'S CLASS-ACTION CLAIMS MUST BE DISMISSED FOR LACK OF**

9  **STANDING TO THE EXTENT THEY ARISE FROM THE SALE OF PRODUCTS**

10  **THAT THE NAMED PLAINTIFF DID NOT BUY.**

11  Plaintiff's claims must be dismissed for lack of standing to the extent those claims are based

12  on products that the named Plaintiff did not actually purchase. The Court lacks subject matter

13  jurisdiction for claims brought by parties without standing, and those claims should be dismissed

14  under Rule 12(b)(1).  *Larsen v. Trader Joe's Co.*, No. C 11-05188 SI, 2012 WL 5458396, at *4-5

15  (N.D. Cal. June 14, 2012). In fact, several federal courts have found that, where a named plaintiff

16  in a class-action lawsuit attempts to assert class-action claims with respect to products she did not

17  actually buy, those claims must be dismissed for lack of standing.  *See, e.g.*, *Murray v. Sears*,

18  *Roebuck & Co.*, No. C 09-5744 CW, 2014 WL 563264, at *9 (N.D. Cal. Feb. 12, 2014) ("A plaintiff

19  therefore may not represent a class in bringing CLRA claims based on products that he or she never

20  purchased."); *Pearson v. Target Corp.*, No. 11 CV 7972, 2012 WL 7761986, at *3-4 (N.D. Ill. Nov.

21  9, 2012) ("[H]ow could [plaintiff] possibly have been injured by representations made on a product

22  he did not buy?"); *Granfield v. Nvidia Corp.*, No. C 11-05403 JW, 2012 WL 2847575, at *6 (N.D.

23  Cal. July 11, 2012) ("[W]hen a plaintiff asserts claims based both on products that she purchased

24  and products that she did not purchase, claims relating to products not purchased must be dismissed

25  for lack of standing.").

26

27  [8] Plaintiff's claim for negligent misrepresentation is also barred by the economic loss rule. *Ladore v. Sony Comput. Entm't Am., LLC*, 75 F. Supp. 3d 1065, 1074–76 (N.D. Cal. 2014) (barring claim

28  for negligent misrepresentation based on sale of goods).

DOCUMENT PREPARED
ON RECYCLED PAPER

Here, despite having purchased only one specific sheet set, Am. Compl. ¶ 12, the named Plaintiff seeks to assert class claims on behalf of "all persons" in Missouri and nationwide who purchased "Grande Estate Fine Linens 800 TC Luxurious Sateen Weave sheet sets, Hampton House 1200 TC, and all other cotton/polyester blend sheet sets with inflated thread counts that were manufactured or supplied by Defendant AQ Textiles and/or Defendant Creative Textiles and was [sic] packaged or advertised and sold at one of Defendant Ross' [sic] stores." *Id.*  ¶¶ 47, 55, 60. However, as the decisions above demonstrate, Plaintiff cannot have standing to proceed with claims for any products except the ones she actually purchased.

  **a.**  <u>**Plaintiff has not sufficiently alleged the other sheets were substantially similar.**</u>

A plaintiff has standing for unpurchased products only where the products and alleged misrepresentations are substantially similar. *See, e.g.*, *Miller v. Ghiradelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012) (discussing those courts that have stated there can be no standing for unpurchased products and those that allow standing where the products and alleged misrepresentations are substantially similar); *see also Young v. Cree, Inc.*, No. 17-cv-06252-YGR, 2018 WL 171-181 (N.D. Cal. Apr. 9, 2018).

In *Young*, the complaint[9] identified all products manufactured by Cree that the plaintiff alleged were falsely represented. *See* Young Compl. ¶¶ 17-18, 22 (using language such as "Cree manufactures three categories of LED bulbs," "Defendant manufactures six types of . . . bulbs," and "[t]he Cree Reflector (Flood/Spot) products come in eight variations") (attached as Exhibit A). The Young Complaint further described why each of the products manufactured by Cree, including those not purchased by the plaintiff, provided a basis for the Young Complaint's claims. *See id.* ¶¶ 18-25 (stating, after describing all of the Cree products, that "each Cree product makes a claim about an 'estimated' cost savings for the purchaser buying the product"). Moreover, the Young Complaint gave examples of actionable misrepresentations for several of the unpurchased Cree products identified. *See id.* ¶ 25.

Here, the Amended Complaint identifies only a single product purchased from Ross by Plaintiff, otherwise specifies one other brand by name, and then makes vague allegations regarding

---

[9] Hereinafter, the "Young Complaint."

73274394.1

- 23 -

DOCUMENT PREPARED
ON RECYCLED PAPER

"sheets" generally, alleging that Ross represented that "numerous" (unidentified) other products had inflated thread counts. Am. Compl. ¶¶ 34, 49. Indeed, outside of one additional product, Plaintiff has not even bothered to identify any of the other products she claims to be suing over. As to the unnamed sheets, she makes only summary allegations about representations regarding inflated thread count. *Id.* ¶¶ 47-50. Moreover, as to those unnamed sheets, Plaintiff does not allege any of the Defendants' supposed roles in or knowledge of the inflated thread counts other than stating that the sheets were "manufactured or supplied by Defendant AQ Textiles and/or Defendant Creative Textiles and was [sic] packaged or advertised and sold at one Defendants Ross' [sic] stores." *Id.* ¶ 47. Such vague allegations serve to further emphasize the fact that the named Plaintiff is not in position to assert claims for anything other than the product she purchased.

**b.**    <u>**Plaintiff has made no allegations regarding a level of quality or length of time for the sheets she purchased, much less for the sheets she did not purchase.**</u>

The difference between *Young* and the present case goes further. The court in *Young* found that the plaintiff had standing "because plaintiff allege[d] substantially similar misrepresentations concerning <u>longevity and cost savings</u>." 2018 WL 1710181, at *9 (emphasis added). Those allegations are strikingly similar to the requirement under the MMWA that a written warranty must affirm or promise "that such material or workmanship is defect free or will meet a <u>specified level of performance over a specified period of time</u>." *See* 15 U.S.C. § 2301(6) (emphasis added). In other words, both *Young* and the MMWA require a level of quality and a length of time to adequately plead standing or a claim, respectively.

The Amended Complaint here contains no allegations of a "specified level of performance over a specified period of time." Given that the Amended Complaint does not describe the products not purchased by the Plaintiff, much less describe a level of quality over a length of time, the Amended Complaint fails to establish standing for products not purchased by the named Plaintiffs.

**c.**    <u>**Authority from the Northern District of California shows that claims for sheets not purchased by the named Plaintiff should be dismissed.**</u>

The decision in *Rushing v. Williams-Sonoma, Inc.*, No. 16-CV-01421-WHO, 2016 WL 4269787 (N.D. Cal. Aug. 15, 2016), demonstrates why Plaintiff lacks standing for products she did

1   not purchase.  There, the plaintiff brought class-action claims accusing Williams-Sonoma and other

2   retailers of selling sheets with inflated thread counts.  The plaintiff attempted to bring class-action

3   claims not only with respect to the sheets he purchased—which he claimed had an inflated thread

4   count due to counting two-ply yarn as two threads rather than one—but for "31 additional products

5   with misleading thread counts at or above 350," which he claimed could be reasonably presumed

6   to have exaggerated thread counts.  *Id.* at *2.  The defendants sought to dismiss all of the plaintiff's

7   claims with respect to sheets he did not actually purchase.

8       The court in *Rushing* first described the situations in which it would allow a plaintiff to

9   proceed with class claims with respect to products he did not purchase, saying that the inquiry

10  "necessarily focuses on whether the resolution of the asserted claims will be identical between the

11  purchased and unpurchased products."  *Id.* at *3 (quoting *Ang v. Bimbo Bakeries USA, Inc.*, No.

12  13-CV-01196-WHO, 2014 WL 1024182, at *8 (N.D. Cal. Mar. 13, 2014)).  The court went on to

13  say that "a claim that a reasonable consumer would be misled by a representation on a label may

14  well require a context-specific analysis of the appearance of the label, the misrepresentation's

15  placement on the label, and other information contained on the label," and that "where the actual

16  composition or appearance of the product is legally significant to the claim at issue, the consumer

17  may only be allowed to pursue claims for products with identical product composition and/or

18  appearance."  *Id.* (quoting *Ang*, 2014 WL 1024182, at *8).

19      Applying those standards, the court found that the plaintiff could only proceed with claims

20  for sheets that suffered from the exact same alleged misrepresentation—counting two-ply yarn as

21  two threads, holding that "[t]he legal theory and defenses applicable to his claim are legally

22  significant and raise different questions not applicable" to any other alleged thread-count defects.

23  *Id.* at *4.  And even then, the court would only allow the plaintiff to proceed with other claims

24  "only to the extent that he can plausibly allege, consistent with Rule 11, that the unpurchased

25  products are two-ply products that suffer from the same deception of which he complains."  *Id.*

26      Applying the reasoning of the court in *Rushing* to the alleged facts here, the Plaintiff's

27  claims with respect to products she did not purchase fall woefully short.  Plaintiff does not make

28  any allegations regarding how, why, or in what proportion the thread counts of the other sheets are

DOCUMENT PREPARED
ON RECYCLED PAPER

1   incorrect, except to say that they are "inflated." Nor does Plaintiff even directly allege which other

2   sheet sets may have misrepresented thread counts; instead, she says only that she seeks to bring

3   class claims for all persons who purchased sheets from Defendants that were represented as having

4   thread counts higher than the actual thread counts, without individually naming those sheet sets or

5   even directly alleging that the thread counts for those other sets are inaccurate.

6        In short, Plaintiff here purchased a unique sheet set for which she claims the thread count

7   was inflated. That does not, however, give her standing to assert claims with respect to a number

8   of distinct products which she did <u>not</u> purchase, particularly given that she has failed to specifically

9   identity any allegedly mislabeled products other than those she actually bought and one other.

10   Given the foregoing, and in addition to the myriad of other reasons for dismissal, her claims for

11   any product except the one she actually purchased should be dismissed for lack of standing.

12   **<u>CONCLUSION</u>**

13        For the reasons stated above, Ross respectfully requests that the Court dismiss Plaintiff's

14   Amended Complaint and her claims against Ross, in their entirety, with prejudice

15        Respectfully submitted, this the 3rd day of August, 2018.

16

17   Dated: August 3, 2018         JEFFREY B. MARGULIES
    LAUREN A. SHOOR
    SHIRLEY B. KIM

18   **NORTON ROSE FULBRIGHT US LLP**

19   JENNIFER K. VAN ZANT
    RYAN C. FAIRCHILD

20   **BROOKS, PIERCE, MCLENDON,
    HUMPHREY & LEONARD, LLP**

21

22

23   By_____/s/ Shirley B. Kim_____

24   SHIRLEY B. KIM
    Attorneys for Defendants

25   ROSS STORES, INC. AND
    AQ TEXTILES, LLC

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

73274394.1

- 26 -