JEFFREY B. MARGULIES (BAR NO. 126002)
LAUREN A. SHOOR (BAR NO. 280788)
SHIRLEY B. KIM (BAR NO. 312870)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California  90071
Telephone:     (213) 892-9200
Facsimile:      (213) 892-9494
jeff.margulies@nortonrosefulbright.com
lauren.shoor@nortonrosefulbright.com
shirley.kim@nortonrosefulbright.com

Attorneys for Defendants
ROSS STORES, INC. AND
AQ TEXTILES, LLC

*Additional Counsel listed on next page*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE MORRISON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROSS STORES, INC., AQ TEXTILES LLC, CREATIVE TEXTILE MILLS PRIVATE LIMITED,<br><br>Defendants. | Civil Action No.  4:18-cv-02671-YGR<br><br>**DEFENDANT AQ TEXTILES, LLC'S NOTICE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(b)(2)**<br><br>Date:   September 11, 2018<br>Time:  2:00 p.m.<br>Courtroom:    1 |

1 | *Additional Counsel*

2 | Reid L. Phillips *(pro hac vice application forthcoming)*
Jennifer K. Van Zant *(admitted pro hac vice)*

3 | Andrew L. Rodenbough *(pro hac vice application forthcoming)*
Ryan C. Fairchild  *(admitted pro hac vice)*

4 | **BROOKS, PIERCE, MCLENDON, HUMPHREY &**
**LEONARD, LLP**

5 | 230 North Elm Street
2000 Renaissance Plaza

6 | Greensboro, NC 27401
Telephone:     (336) 373-8850

7 | Facsimile:     (336) 378-1001
rphillips@brookspierce.com

8 | jvanzant@brookspierce.com
arodenbough@brookspierce.com

9 | rfairchild@brookspierce.com

10 | Attorneys for Defendants
ROSS STORES, INC. AND AQ TEXTILES, LLC

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

DOCUMENT PREPARED
ON RECYCLED PAPER

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 11, 2018, at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Yvonne Gonzalez Rogers in Courtroom 1, Fourth Floor of the Oakland Courthouse, located at 1301 Clay Street, Oakland, California 94612, Defendant AQ Textiles, LLC ("AQ"), pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2), will, and hereby does, move this Court to dismiss the Plaintiff's claims of her Amended Complaint against AQ in their entirety. In support of its Motion, AQ respectfully shows the Court the following:

1.     Plaintiff's Amended Complaint asserts claims against three named Defendants: Ross Stores, Inc., AQ, and Creative Textile Private Mills, Ltd.

2.     Plaintiff's claims against AQ must be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

3.     Plaintiff's claims against AQ must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

4.     Additionally, Plaintiff's claims must be dismissed for lack of standing to the extent she purports to bring claims for products she did not purchase.

5.     Pursuant to Local Rule 7.4, AQ contemporaneously files herewith a Memorandum of Points and Authorities in support of the Motion to Dismiss describing the reasons that this Motion should be granted and the authorities which support AQ's Motion.

For the reasons stated above and in the accompanying memorandum, AQ respectfully requests that the Court dismiss Plaintiff's claims against AQ, in their entirety, with prejudice.

///

///

///

///

///

///

///

DOCUMENT PREPARED
ON RECYCLED PAPER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: August 3, 2018

JEFFREY B. MARGULIES
LAUREN A. SHOOR
SHIRLEY B. KIM
**NORTON ROSE FULBRIGHT US LLP**

JENNIFER K. VAN ZANT
RYAN C. FAIRCHILD
**BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD, LLP**


By_____/s/ Shirley B. Kim_____
     SHIRLEY B. KIM
     Attorneys for Defendants
     ROSS STORES, INC. AND
     AQ TEXTILES, LLC

DOCUMENT PREPARED
ON RECYCLED PAPER

## TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 11

INTRODUCTION ............................................................................................................ 11

STATEMENT OF ISSUES TO BE DECIDED ........................................................... 11

STATEMENT OF RELEVANT ALLEGATIONS ...................................................... 11

ARGUMENT ................................................................................................................... 13

    I.    PLAINTIFF'S CLAIMS AGAINST AQ MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION ................................................ 13

        a.    There is no general personal jurisdiction over AQ in California ............. 13

        b.    There is no specific personal jurisdiction over AQ in California ............. 14

    II.    PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6) .......................................... 15

        a.    Legal Standard ........................................................................................ 15

        b.    Plaintiff's fraud-based claims must be dismissed because they were not pleaded with sufficient particularity. ................................................ 16

            i.    Several of Plaintiff's claims sound in fraud ................................ 16

            ii.    Plaintiff's lumping together of the Defendants does not satisfy the requirements of Rule 9(b) ............................................. 17

            iii.    Plaintiff does not allege the who, what, when, where, or how of the alleged fraud ................................................................ 18

        c.    Plaintiff's breach of warranty claims (a) must also be dismissed for failure to timely notify Defendants of an alleged breach, and (b) additionally must be dismissed for failure to adequately plead the elements of breach of warranty ............................................................... 18

            i.    Plaintiff has failed to properly allege notice within a reasonable time of discovery the breach ...................................... 18

            ii.    Plaintiff has failed to adequately plead the elements of breach of warranty ............................................................... 19

        d.    Plaintiff's Magnuson-Moss Warranty Act claims are defective and must be dismissed for multiple reasons ..................................................... 20

        e.    Plaintiff's claims for breach of the implied warranty of merchantability must be dismissed for multiple reasons ......................... 22

            i.    Plaintiff does not allege a fundamental defect ............................ 22

            ii.    Plaintiff has not adequately pleaded that the sheets are still within the warranty period ........................................................ 23

            iii.    Plaintiff has failed to plead reasonable notice of a breach ........... 23

        f.    Plaintiff has failed to plead negligent misrepresentation ......................... 24

    III.    PLAINTIFF'S CLASS-ACTION CLAIMS MUST BE DISMISSED FOR LACK OF STANDING TO THE EXTENT THEY ARISE FROM THE SALE OF PRODUCTS THAT THE NAMED PLAINTIFF DID NOT BUY ................................................................................................................. 24

DOCUMENT PREPARED ON RECYCLED PAPER

# TABLE OF CONTENTS
### (continued)

|  |  | **Page** |
|---|---|---|
| a. | Plaintiff has not sufficiently alleged the other sheets were substantially similar | 25 |
| b. | Plaintiff has made no allegations regarding a level of quality or length of time for the sheets she purchased, much less for the sheets she did not purchase | 26 |
| c. | Authority from the Northern District of California shows that claims for sheets not purchased by the named Plaintiff should be dismissed | 27 |
| CONCLUSION | | 28 |

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Aliano v. Quaker Oats Co.*,
  No. 16 C 3087, 2017 U.S. Dist. LEXIS 1158 (N.D. Ill. Jan. 4, 2017) .....................................15

*Ambriz v. Coca Cola Co.*,
  No. 13-CV-03539, 2014 U.S. Dist. LEXIS 9870 (N.D. Cal. Jan. 27, 2014) .....................14, 15

*American Suzuki Motor Corp. v. Superior Court*,
  37 Cal. App. 4th 1291 (1995) ...........................................................................................22

*Ang v. Bimbo Bakeries USA, Inc.*,
  No. 13-CV-01196-WHO, 2014 WL 1024182 (N.D. Cal. Mar. 13, 2014) .............................27

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .........................................................................................................15

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................................15, 24

*Bush v. Rewald*,
  619 F. Supp. 585 (D. Haw. 1985) ....................................................................................16

*In re Century Aluminum Co. Sec. Litig.*,
  729 F.3d 1104 (9th Cir. 2013) ..........................................................................................15

*County of Santa Clara v. Astra U.S., Inc.*,
  428 F. Supp. 2d 1029 (N.D. Cal. 2006) ..........................................................................16

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ...................................................................................................13, 14

*Frenzel v. AliphCom*,
  76 F. Supp. 3d 999 (N.D. Cal. 2014) ...............................................................................19

*Gil v. Bank of Am., Nat'l Ass'n*,
  138 Cal. App. 3d 1371 (2006) ..........................................................................................16

*Glenn K. Jackson Inc. v. Roe*,
  273 F.3d 1192 (9th Cir. 2001) ..........................................................................................24

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ...................................................................................................13, 14

*Granfield v. Nvidia Corp.*,
  No. C 11-05403 JW, 2012 WL 2847575 (N.D. Cal. July 11, 2012) .....................................25

*Helicopteros Nacionales de Colom., S.A. v. Hall*,
  466 U.S. 408 (1984) .........................................................................................................14

*Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*,
  485 F.3d 450 (9th Cir. 2007) ......................................................................................14, 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DOCUMENT PREPARED
ON RECYCLED PAPER

*Jackson v. Fischer*,
   931 F. Supp. 2d 1049 (N.D. Cal. 2013) ...................................................................17

*Johnsen v. Honeywell Int'l Inc.*,
   No. 4:14CV594 RLW, 2016 WL 1242545 (E.D. Mo. Mar. 29, 2016)....................17

*Kearns*, 567 F.3d at 1124 ............................................................................................18

*Ladore v. Sony Comput. Entm't Am., LLC*,
   75 F. Supp. 3d 1065 (N.D. Cal. 2014) ...................................................................24

*Larsen v. Trader Joe's Co.*,
   No. C 11-05188 SI, 2012 WL 5458396 (N.D. Cal. June 14, 2012)........................24

*Lavender v. Wolpoff & Abramson, L.L.P.*,
   No. 07-0015-CV-W-FJG, 2007 U.S. Dist. LEXIS 64375 (W.D. Mo. Aug. 30,
   2007) .......................................................................................................................17

*Lazar v. Superior Court*,
   12 Cal. 4th 631 (1996) ............................................................................................16

*Levitt v. Yelp! Inc.*,
   765 F.3d 1123 (9th Cir. 2014)................................................................................15

*Malifrando v. Real Time Resolutions, Inc.*,
   No. 2:16-cv-0223-TLN-GGH-PS, 2016 WL 6955050 (E.D. Cal. Nov. 26,
   2016) .......................................................................................................................16

*Martinez v. Aero Caribbean*,
   764 F.3d 1062 (9th Cir. 2014)................................................................................14

*Mathison v. Bumbo*,
   No. SA CV08-0369 DOC, 2008 WL 8797937 (C.D. Cal. Aug. 18, 2008) ........22, 23

*Miller v. Ghiradelli Chocolate Co.*,
   912 F. Supp. 2d 861 (N.D. Cal. 2012) ...................................................................25

*Minkler v. Apple, Inc.*,
   65 F. Supp. 3d 810 (N.D. Cal. 2014) .....................................................................19

*Murray v. Sears, Roebuck & Co.*,
   No. C 09-5744 CW, 2014 WL 563264 (N.D. Cal. Feb. 12, 2014) .........................24

*Nabors v. Google, Inc.*,
   No. 5:10-CV-03897 EJD (PSG), 2011 WL 3861893 (N.D. Cal. Aug. 30, 2011) ...................20

*Pearson v. Target Corp.*,
   No. 11 CV 7972, 2012 WL 7761986 (N.D. Ill. Nov. 9, 2012) .................................24

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015).................................................................................13

*Rosal v. First Fed. Bank of Cal.*,
   671 F. Supp. 2d 1111 (N.D. Cal. 2009) ..................................................................16

DOCUMENT PREPARED
ON RECYCLED PAPER

*Rushing v. Williams-Sonoma, Inc.*,
   No. 16-CV-01421-WHO, 2016 WL 4269787 (N.D. Cal. Aug. 15, 2016)..........................27, 28

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004)..................................................................................................13

*Sher v. Johnson*,
   911 F.2d 1357 (9th Cir. 1990)................................................................................................13

*Somers v. Apple, Inc.*,
   729 F.3d 953 (9th Cir. 2013)..................................................................................................15

*Swartz*, 476 F.3d at 764-6 ..............................................................................................................18

*Tasion Commc'ns., Inc. v. Ubiquiti Networks, Inc.*,
   No. C-13-1803 EMC, 2014 WL 2916472 (N.D. Cal. June 26, 2014) ....................................22

*Tietsworth v. Sears, Roebuck & Co.*,
   720 F. Supp. 2d 1123 (N.D. Cal. 2010) ...........................................................................19, 20

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, &
   Prods. Liab. Litig.*,
   754 F. Supp. 2d 1145 (C.D. Cal. 2010) ........................................................................16, 17, 19

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003)................................................................................................17

*Wine Bottle Recycling, LLC v. Niagara Sys. LLC*,
   No. 12-1924 SC, 2013 WL 1120962 (N.D. Cal. Mar. 18, 2013)............................................24

*Young v. Cree, Inc.*,
   No. 17-cv-06252-YGR, 2018 WL 171-181 (N.D. Cal. Apr. 9, 2018)...............................25, 26

**Rules and Statutes**

California Civil Code Section 1791.1 ..........................................................................................22

California Commercial Code § 2607 ............................................................................................19

California Commercial Code § 2607(3)(A) .............................................................................18, 19

Federal Rules of Civil Procedure Rule 9(b)........................................................16, 17, 18, 24

Federal Rules of Civil Procedure Rule 11................................................................................27, 28

Federal Rules of Civil Procedure Rule 12(b)(1) ..........................................................................24

Federal Rules of Civil Procedure Rule 12(b)(2) ..........................................................................15

Federal Rules of Civil Procedure Rule 12(b)(6)................................................................11, 15, 20

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6)........................................................20, 21, 26

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(7)..................................................................20

DOCUMENT PREPARED
ON RECYCLED PAPER

73273058.1

1

Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)...............................................................20, 21

2

Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(e)....................................................................21

3

Missouri Merchandising Practices Act ......................................................................................17

4

United States District Court Local Rule 7.4.................................................................................3

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

73273058.1

DEFENDANT AQ TEXTILES, LLC'S NOTICE AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

4:18-CV-02671-YGR

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant AQ Textiles, LLC ("AQ") submits this Memorandum of Points and Authorities in support of its Motion to Dismiss all claims asserted against AQ by Plaintiff Dominique Morrison ("Plaintiff") in her Amended Complaint.

**INTRODUCTION**

In her Amended Complaint, Plaintiff brings claims against AQ and fellow defendants Ross Stores, Inc. ("Ross") and Creative Textile Mills Pvt. Ltd. ("Creative") arising out of Plaintiff's purported purchase of sheets allegedly manufactured by Creative, imported and labeled by AQ, and sold by Ross.  Plaintiff now alleges that AQ, in addition to importing the sheets at issue, also labeled those sheets. Am. Compl. ¶¶ 12, 35. Those are the two lone allegations about AQ's conduct as that conduct allegedly relates to Plaintiff's claims. Plaintiff now also alleges that she purchased sheets from a Ross store located in St. Louis, Missouri. *Id.* ¶ 11.

Plaintiff fails to establish that this Court has personal jurisdiction over AQ. AQ has no connection whatsoever to California, and Plaintiff fails even to allege that she purchased the sheets in question in California. Furthermore, each of Plaintiff's claims against AQ must be dismissed for failure to state a claim pursuant to Rule 12(b)(6). Finally, Plaintiff's class-action claims must dismissed for lack of standing to the extent they arise from the sale of products that the named Plaintiff did not buy.

**STATEMENT OF ISSUES TO BE DECIDED**

1.	Should the Amended Complaint be dismissed for lack of personal jurisdiction over AQ?

2.	Should the Amended Complaint be dismissed for failure to state a claim for relief?

3.	Should the Plaintiff's claims for products she did not purchase be dismissed for lack of standing?

**STATEMENT OF RELEVANT ALLEGATIONS**

Plaintiff alleges that she is an adult citizen of St. Louis County, Missouri. Am. Compl. ¶ 11. She also alleges that she purchased a set of Grande Estate 800TC Luxurious Sateen Weave sheets, with an advertised thread count of 800, from a Ross store located in St. Louis, Missouri. *Id.* ¶¶ 11-

DOCUMENT PREPARED
ON RECYCLED PAPER

1    12.

2         Plaintiff does not allege how much the sheets cost, when she bought the sheets other than

3    during an amorphous Class Period, whether the sheets were ever actually used, or, despite also

4    alleging that she reasonably believed and relied on the representations, whether she actually ever

5    viewed any advertising or marketing materials relating to the sheets.  Plaintiff alleges that AQ

6    "labels, imports and distributes certain of the relevant sheet and bedding products to Defendant

7    Ross." *Id.* ¶ 17.

8         Plaintiff never specifically alleges that <u>AQ</u> made misrepresentations regarding the sheets at

9    issue, much less identify the content of any misrepresentations made by AQ. Instead, Plaintiff uses

10   the passive voice to state that the set of sheets in question, which was allegedly imported by AQ,

11   "<u>was represented</u> to be 800 Thread Count." *Id.* ¶ 36. Plaintiff also never alleges that she actually

12   saw or heard those misrepresentations, but instead makes only summary allegations that she relied

13   upon and was deceived by them. *Id.* ¶¶ 12, 37-38.

14        Plaintiff's chief complaint—and the allegation on which each of her claims rests—is that

15   the sheets she purchased from Ross had an "inflated" thread count.  *Id.* ¶¶ 1, 34.  Although Plaintiff

16   alleges that she believed the thread count indicated that the sheets would be "of higher quality,

17   more durable, softer and better for sleep" than sheets of lower thread count, she does not say

18   whether she actually found the sheets to be of lower quality, less durable, insufficiently soft, or

19   poor for sleeping.  Nor does she say when or how she determined that the thread count of the sheets

20   at issue was inaccurate.

21        Plaintiff does not make any specific allegations regarding AQ's knowledge that the sheets

22   at issue with an allegedly inflated thread count.  Indeed, Plaintiff never specifies AQ's supposedly

23   unlawful conduct—instead, the vast majority of the operative allegations in the Amended

24   Complaint are made against "Defendants" collectively, with no effort whatsoever to distinguish

25   between their individual roles or actions.

26

27

28

1

**ARGUMENT**

2  **I.     PLAINTIFF'S CLAIMS AGAINST AQ MUST BE DISMISSED FOR LACK OF**

3  **PERSONAL JURISDICTION.**

4      Plaintiff's claims against AQ must be dismissed because there is no personal jurisdiction

5  over AQ in California with respect to Plaintiff's claims and the purported class claims.

6      "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the

7  plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v.*

8  *Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357,

9  1361 (9th Cir. 1990)). In determining whether personal jurisdiction exists, a federal district court

10  must apply "the law of the state in which the district court sits." *Id.* Generally, the Court must first

11  determine whether personal jurisdiction exists pursuant to the forum state's laws, then determine

12  whether the exercise of jurisdiction would violate the defendant's federal due process rights.

13  However, "[b]ecause California's long-arm jurisdictional statute is coextensive with federal due

14  process requirements, the jurisdictional analyses under state law and federal due process are the

15  same." *Id.* at 800-01.

16      There are two categories of personal jurisdiction which may be invoked: general jurisdiction

17  and specific jurisdiction.  General jurisdiction "permits a court to hear 'any and all claims' against

18  a defendant, whether or not the conduct at issue has any connection to the forum." *Ranza v. Nike,*

19  *Inc.*, 793 F.3d 1059, 1068-69 (9th Cir. 2015) (quoting *Goodyear Dunlop Tires Operations, S.A. v.*

20  *Brown*, 564 U.S. 915, 919 (2011)). Specific jurisdiction, however, "depends on an affiliation

21  between the forum and the underlying controversy, principally, activity or an occurrence that takes

22  place in the forum State." *Id.* (quoting *Goodyear*, 564 U.S. at 919).  Plaintiff has not pled facts

23  sufficient to establish either specific or general jurisdiction in this case.

24      **a.     There is no general personal jurisdiction over AQ in California.**

25      In *Daimler AG v. Bauman*, 571 U.S. 117 (2014), the United States Supreme Court held that

26  jurisdiction over out-of-state corporate entities is only appropriate "when their affiliations with the

27  State are so 'continuous and systematic' as to render them essentially at home in the forum State."

28  *Id.* at 754 (quoting *Goodyear*, 564 U.S. at 919). The Court further stated that "only a limited set of

DOCUMENT PREPARED
ON RECYCLED PAPER

73273058.1

DEFENDANT AQ TEXTILES, LLC'S NOTICE AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

4:18-CV-02671-YGR

1  affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at

2  760. Generally, for a corporation or similar entity, the "paradigm" states where it will be

3  "essentially at home" are in the state of its incorporation and the state in which it has its principal

4  place of business. *Id.*

5      The Ninth Circuit has recognized that the Supreme Court in *Daimler* rejected any argument

6  "that general jurisdiction is appropriate whenever a corporation 'engages in a substantial,

7  continuous, and systematic course of business' in a state." *Martinez v. Aero Caribbean*, 764 F.3d

8  1062, 1070 (9th Cir. 2014) (quoting *Daimler*, 134 S. Ct. at 761). Instead, the "paradigm fora" for

9  the exercise of general jurisdiction are "a corporation's place of incorporation and principal place

10  of business," and "[o]nly in an 'exceptional case' will general jurisdiction be available anywhere

11  else." *Id.* (quoting *Daimler*, 571 U.S. at 139 n.19).

12      Here, AQ is a North Carolina limited liability company with its principal place of business

13  in North Carolina. Plaintiff makes virtually no specific allegations about AQ's conduct as it relates

14  to Plaintiff's claims, and none of her allegations identify any connection whatsoever between AQ

15  and California. This is plainly not the "rare situation" where AQ can be considered "at home"

16  outside its home state of North Carolina, and therefore there can be no general jurisdiction over

17  AQ.

18      **b.**    **There is no specific personal jurisdiction over AQ in California.**

19      "Specific personal jurisdiction must 'aris[e] out of or [be] related to the defendant's contacts

20  with the forum.'" *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir.

21  2007) (quoting *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414 (1984)). That

22  means that, to plead facts which will support specific jurisdiction, a plaintiff must sufficiently allege

23  both contacts between a defendant and the forum state, and a "nexus" between the defendant's in-

24  state conduct and the plaintiff's claims. *See id.*

25      In the context of a class action, "it is the named plaintiff's claim that must arise out of or

26  result from the defendant's forum-related activities, not the claims of the unnamed members of the

27  proposed class, who are not party to the litigation absent class certification." *Ambriz v. Coca Cola

28  Co.*, No. 13-CV-03539, 2014 U.S. Dist. LEXIS 9870, at *6 (N.D. Cal. Jan. 27, 2014); *see also*

DOCUMENT PREPARED
ON RECYCLED PAPER

73273058.1
- 14 -
DEFENDANT AQ TEXTILES, LLC'S NOTICE AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
4:18-CV-02671-YGR

*Aliano v. Quaker Oats Co.*, No. 16 C 3087, 2017 U.S. Dist. LEXIS 1158, at *13-14 (N.D. Ill. Jan. 4, 2017) (quoting *Ambriz*).

Here, the claims of the named Plaintiff are not sufficient to establish either any California-based conduct by AQ or any nexus between that conduct and Plaintiff's claims.  As discussed above, Plaintiff does not allege <u>any</u> conduct by AQ which occurred in California.  The vast majority of Plaintiff's allegations describe conduct by "Defendants" generally. And indeed, Plaintiff makes <u>no allegations whatsoever</u> that any of the allegedly unlawful conduct took place in California. Indeed, the only connection to California appears to be that Ross is located in California. Plaintiff even admits that she purchased the allegedly mislabeled sheets <u>in Missouri</u>. Am. Compl. ¶ 11. This dearth of allegations is clearly insufficient to establish jurisdiction over AQ. *See Holland America*, 485 F.3d at 459 ("The placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state.").

In sum, Plaintiff has not alleged facts sufficient to establish either general or specific personal jurisdiction over AQ, and as a result the claims against AQ must be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

## II.   PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6).

### a.   Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a claim must have "at least a plausible chance of success." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1134-35 (9th Cir. 2014) (citing *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013)). "Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of the elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief." *Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). That is, the complaint must allege factual content raising a reasonable inference of the defendant's liability for the alleged misconduct. *Levitt*, 765 F.3d at 1134-35. A complaint that does not meet these standards cannot survive a motion to dismiss.

1   **b.      Plaintiff's fraud-based claims must be dismissed because they were not pleaded**
2            **with sufficient particularity.[1]**

3       Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or
4   mistake, a party must state with particularity the circumstances constituting fraud or mistake."
5   Claims that do not meet the particularity requirements of Rule 9(b) of the Federal Rules of Civil
6   Procedure must be dismissed. *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales*
7   *Practices, & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1170 (C.D. Cal. 2010).   Furthermore,
8   "[a]llegations of fraud based on information and belief do not satisfy FRCP 9(b) requirements."
9   *County of Santa Clara v. Astra U.S., Inc.*, 428 F. Supp. 2d 1029, 1036 (N.D. Cal. 2006). The same
10  applies to mere conclusory allegations. *Id.*

11      These requirements are intended to protect defendants from a "fishing expedition" whereby
12  a plaintiff shoots first and interposes discovery questions later hoping for the defendants to supply
13  her with a case. *See Bush v. Rewald*, 619 F. Supp. 585, 601 (D. Haw. 1985). Here, several of
14  Plaintiff's claims sound in fraud and must be dismissed because they were not pleaded with
15  sufficient particularity.

16              i.      Several of Plaintiff's claims sound in fraud.

17      "Under California law, the elements of common law fraud are 'misrepresentation,
18  knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages.'" *Rosal v.*
19  *First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1131 (N.D. Cal. 2009) (quoting *Gil v. Bank of Am.,*
20  *Nat'l Ass'n*, 138 Cal. App. 3d 1371, 1381 (2006)). When the defendant is a corporation, "the
21  plaintiff's burden . . . is even greater . . . . The plaintiff must allege the names of the persons who
22  made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what
23  they said or wrote, and when it was said or written." *Malifrando v. Real Time Resolutions, Inc.*, No.
24  2:16-cv-0223-TLN-GGH-PS, 2016 WL 6955050, at *8 (E.D. Cal. Nov. 26, 2016) (quoting *Lazar*
25  *v. Superior Court*, 12 Cal. 4th 631, 645 (1996)) (internal quotation marks omitted). Generally,

26

27  _____
    [1] AQ briefly notes that Plaintiff's allegations regarding equitable tolling are virtually nonexistent.
28  Plaintiff's allegations are—at best—summary conclusions of concealment with no facts being
    pleaded in support.

DOCUMENT PREPARED
ON RECYCLED PAPER

"[t]he circumstances of the alleged fraud must be specific enough 'to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *In re Toyota Motor*, 754 F. Supp. 2d at 1170 (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). Furthermore, "the majority view among district courts in California" is that Rule 9(b)'s heightened pleading standard applies to a claim for negligent misrepresentation. *See Jackson v. Fischer*, 931 F. Supp. 2d 1049, 1068 (N.D. Cal. 2013). Finally, Missouri courts have held that the Rule 9(b) particularity standard applies to claims brought under the Missouri Merchandising Practices Act ("MMPA") (Count Eleven). *Johnsen v. Honeywell Int'l Inc.*, No. 4:14CV594 RLW, 2016 WL 1242545, at *6 (E.D. Mo. Mar. 29, 2016). "[I]n an MMPA claim, Plaintiff must identify the 'who, what, where, when, and how' of the alleged fraud 'to allow Defendant to prepare a defense to the MMPA charges.'"[2] *Id.* at *7-8.

Plaintiff alleges claims against AQ for, *inter alia*, fraud, negligent misrepresentation, and under the MMPA (the "Fraud-Based Claims").[3] Those claims fail to meet the requirements of Rule 9(b) for multiple reasons.

> ii.  <u>Plaintiff's lumping together of the Defendants does not satisfy the requirements of Rule 9(b).</u>

First, the Amended Complaint does not allege <u>any</u> specific misrepresentation made by <u>any</u> individual defendant, including AQ. Nor does Plaintiff allege that AQ (or any other single defendant) knew of the supposedly false thread count. Instead, Plaintiff makes broad allegations regarding all of the Defendants, repeatedly lumping them together for purposes of the allegations upon which her claims rely.  *See, e.g.*, Am. Compl. ¶¶ 4, 7, 51, 61, 98, 117, 129-30, 154-55 & 163 (examples of "Defendants" making misrepresentations).  The failure to make allegations specific to AQ is fatal to Plaintiff's Fraud-Based Claims, each of which relies on misrepresentations.  *See*

---

[2] Additionally, where there are no allegations that a defendant sold "any goods or merchandise or provide[d] any services to the plaintiffs," the plaintiffs will have failed to state a claim under the MMPA. *Lavender v. Wolpoff & Abramson, L.L.P.*, No. 07-0015-CV-W-FJG, 2007 U.S. Dist. LEXIS 64375, at *6 (W.D. Mo. Aug. 30, 2007). Plaintiffs do not allege that <u>AQ</u> sold the Products to Plaintiffs, and in fact allege that they bought the product from <u>Ross</u>.

[3] These are Claims Two, Ten, and Eleven of the Amended Complaint. In her Amended Complaint, Plaintiff has dropped her other fraud-based claims as to AQ.

73273058.1

- 17 -

DOCUMENT PREPARED
ON RECYCLED PAPER

*Swartz*, 476 F.3d at 764-65 ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." (internal quotation marks omitted)).

                iii.    <u>Plaintiff does not allege the who, what, when, where, or how of the alleged fraud.</u>

Second, the Fraud-Based Claims fail because the Amended Complaint is devoid of the "who, what, when, where, and how" of the alleged fraud. *See Kearns*, 567 F.3d at 1124. At no point does Plaintiff allege when or where she or any other person saw, read, or heard any allegedly deceptive advertising or false representations by AQ. Indeed, even though Plaintiff now alleges that she purchased bed sheets from a Ross store in Missouri, the Amended Complaint surprisingly omits the date of that purchase. Furthermore, even where the Amended Complaint alleges misrepresentations and reliance, there are no allegations that Plaintiff or any of the purported class members actually <u>saw</u> those representations or when or where they saw those representations.[4] Plaintiff continuously makes allegations as to the thread count's purported falsity and Defendants' purported conduct without actually connecting those actions to her purchase. Such vague allegations do not adequately put AQ, or any Defendant, on notice of the details of their alleged fraud.

In summary, the Fraud-Based Claims fail to meet the particularity requirements of Rule 9(b) for multiple reasons and must be dismissed.

     **c.**    **<u>Plaintiff's breach of warranty claims (a) must also be dismissed for failure to timely notify Defendants of an alleged breach, and (b) additionally must be dismissed for failure to adequately plead the elements of breach of warranty.</u>**

                i.    <u>Plaintiff has failed to properly allege notice within a reasonable time of discovery the breach.</u>

California Commercial Code § 2607(3)(A) requires that a buyer, "within a reasonable time

---

[4] By way of further example, consider Section IV *infra*. Outside of one other product, Plaintiff fails to name any other unpurchased products that supposedly support her class action claims.

DOCUMENT PREPARED
ON RECYCLED PAPER

1    after he or she discovers or should have discovered any breach, notify the seller of breach or be

2    barred from any remedy." Where a plaintiff "fails to plead that she provided this notice within a

3    reasonable time of discovering the breach, as is required by § 2607," her breach of express

4    "warranty claims must be dismissed." *See Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 817 (N.D.

5    Cal. 2014), at 817-18.

6        Plaintiff does not allege "that she provided [the notice required by Section 2607(3)(A)]

7    within a reasonable time of discovering the breach." *Id.* Indeed, she never alleges when she

8    purchased the sheets, so there is no way to evaluate whether that notice was sent "within a

9    reasonable time of discovering the breach." As a result, Plaintiff's claim for breach of express

10   warranty must be dismissed for failure to plead that pre-suit notice was provided within a

11   reasonable time of discovering the breach.

12              ii.    <u>Plaintiff has failed to adequately plead the elements of breach of warranty.</u>

13       Under California law, a plaintiff must allege (1) the exact terms of the warranty,

14   (2) reasonable reliance on the warranty, and (3) a breach of that warranty that proximately caused

15   plaintiff injury. *Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1140 (N.D. Cal. 2010).

16   "To create a warranty, representations regarding a product must be specified and unequivocal."

17   *Toyota Motor*, 754 F. Supp. 2d at 1182; *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1018 (N.D. Cal.

18   2014) (explaining express warranties must be "specific and unequivocal" and may not be vague

19   statements).

20       Here, Plaintiff now attempts to allege the "exact terms of the warranty," recasting a

21   previously general statement that Defendants warranted that the sheets were of a "certain true and

22   accurate thread count," as having been "communicated expressly through packaging and other

23   marketing representations." Am. Compl. ¶ 84; *see also id.* ¶ 169. Despite this recasting, and even

24   looking at the pictures provided in the complaint of an alleged set of Grande Estate 800TC

25   Luxurious Sateen Weave sheets, *id.* ¶ 44, Plaintiff has not alleged the "exact terms of the warranty"

26   as that warranty purportedly pertains to "the qualities and durability of the Products," *see id.* ¶¶ 85,

27   170.

28       Additionally, despite making general allegations as to her reliance on an alleged warranty

of the sheets' thread count, Plaintiff never identifies if she saw that warranty, where she saw that warranty, whether she even used the sheets in reliance on any supposed warranty, or any other form of specificity that would support her claim. This failure to plead "the exact terms of the warranty" with sufficient specificity, defeats her breach of express warranty claims. *Tiestworth*, 720 F. Supp. 2d at 1140; *see also Nabors v. Google, Inc.*, No. 5:10-CV-03897 EJD (PSG), 2011 WL 3861893, at *3 (N.D. Cal. Aug. 30, 2011) (finding failure to allege breach of express warranty where plaintiff failed to "identify the particular commercial or advertisement upon which he relied and [] describe with the requisite specificity the content of that particular commercial or advertisement"). Plaintiff's claim for breach of warranty must thus be dismissed.

> **d.      Plaintiff's Magnuson-Moss Warranty Act claims are defective and must be dismissed for multiple reasons.**

Plaintiff's Magnuson-Moss Warranty Act ("MMWA") claims must be dismissed pursuant to Rule 12(b)(6). The MMWA provides a federal cause of action for breach of a "written warranty" or an implied warranty with respect to consumer goods. The MMWA defines "written warranty" as:

> (A) any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time, or

> (B) any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking,

> which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product.

15 U.S.C. § 2301(6). The MMWA does not define "implied warranty," instead providing that the scope of an implied warranty is defined by the state law creating the implied warranty. *Id.* § 2301(7).

The portion of the MMWA that creates a civil remedy is 15 U.S.C. § 2310(d). That section provides that a consumer who is damaged by a seller's failure to comply with a written or implied

warranty may file a civil suit for damages in state or federal court.  However, 15 U.S.C. § 2310(e) provides that neither a class action nor an individual claim brought under subsection 2310(d) for a failure to comply with a warranty may proceed on the merits "unless the person obligated under the warranty or service contract is afforded a reasonable opportunity to cure such failure to comply." In the case of a class action suit, the same subsection provides that "such reasonable opportunity will be afforded by the named plaintiffs and they shall at that time notify the defendant that they are acting on behalf of the class."

To the extent Plaintiff's MMWA claims rely on a written warranty, those claims fail because Plaintiff has not alleged the existence of a "written warranty" as defined by the MMWA. The only written warranty that Plaintiff claims existed was Defendants' alleged warranty "that the sheeting and bedding products had a certain true and accurate thread count." *See* Am. Compl. ¶ 84; *see also id.* ¶ 169. This does not constitute a warranty that "affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time" or that includes a promise "to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking." *See* 15 U.S.C. § 2301(6) (emphasis added). Even if, *arguendo*, the Court were to read Plaintiff's arguments regarding quality of sleep or softness into the Amended Complaint, the Amended Complaint would still contain no allegations whatsoever as to a level of quality of sleep or a specified period of time. Instead, the allegations of the Amended Complaint state only that Plaintiff had a subjective belief that the sheets "were of a higher quality, more durable, softer, and better for sleeping than sheets with lower thread counts." Am. Compl. ¶ 12. Plaintiff's allegations about what Plaintiff believed about sheets, however, do not constitute representations made by Defendants regarding a specified level of performance over a specified period of time.[5] Because Plaintiff has not alleged the existence of a warranty that falls into one of those two categories, her MMWA claims must be dismissed to the extent they rely on an alleged "written warranty."

---

[5] Furthermore, at no point does Plaintiff allege that she used the sheets or that she was dissatisfied.

DOCUMENT PREPARED
ON RECYCLED PAPER

**e.** **Plaintiff's claims for breach of the implied warranty of merchantability must be dismissed for multiple reasons.**

To state a claim for breach of the implied warranty of merchantability, a plaintiff must allege that a product suffers from some "fundamental defect that renders the product *unfit for its ordinary purpose.*" *Tasion Commc'ns., Inc. v. Ubiquiti Networks, Inc.*, No. C-13-1803 EMC, 2014 WL 2916472, at *11 (N.D. Cal. June 26, 2014) (emphasis added). The "mere manifestation of 'some' defect is insufficient," *id.*, because "the implied warranty merely provides a 'minimum level of quality.'" *Mathison v. Bumbo¸* No. SA CV08-0369 DOC (ANx), 2008 WL 8797937, at *9 (C.D. Cal. Aug. 18, 2008) (quoting *American Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1296 (1995)). California district courts have accordingly dismissed claims for breach of the warranty of merchantability "where the good serves its purpose without issue throughout its useful life" even where some alleged defect causes a loss in resale value or has some latent defect but can still be used for its purpose. *See id.*

Under California law, and pursuant to Section 1791.1 of the California Civil Code, "the Implied Warranty of Merchantability has a duration coextensive with any express warranty provided, but 'not more than one year following the sale of new consumer goods to a retail buyer.'" *Mathison*, 2008 WL 8797937, at *8. Additionally, "a plaintiff seeking to assert a claim for breach of the implied warranty of merchantability must provide reasonable notice of the alleged breach." *Tasion*, 2014 WL 2916472, at *11. Plaintiff's breach of warranty of merchantability claims against AQ fail for multiple reasons.

i.     Plaintiff does not allege a fundamental defect.

First, Plaintiff's claims for breach of the implied warranty fail because she does not allege an actual "fundamental defect" with the allegedly mislabeled sheets at issue.  While Plaintiff now makes general allegations that the sheets were "inherently defective and not fit for their intended use due to the lower thread count," these allegations defy logic. Am. Compl. ¶¶ 35, 190. The only alleged defect is that the stated thread count is different from the actual thread count.  Even if that allegation were true, which AQ denies, there would still be no evidence that the sheets at issue

cannot still be successfully used for their intended purpose.[6] Indeed, while Plaintiff now alleges that the sheets she purchased were not as soft, comfortable, or durable than they should have been based on their represented thread count, even sheets that are allegedly less soft and durable can still be used as sheets—i.e., "bedding, commonly spread in pairs so that one sheet is immediately above and the other immediately below the sleeper." *See* Sheet, Dictionary.com, https://www.dictionary.com/browse/sheet (last visited July 30, 2018).

> ii.   Plaintiff has not adequately pleaded that the sheets are still within the warranty period.

Second, Plaintiff's implied warranty claims fail because she has not adequately pleaded that the sheets at issue are still within the warranty period.  As stated above, the implied warranty of merchantability has a duration equal to that of an express warranty given with respect to the same goods, but with a maximum duration of one year.  It is not clear from the face of the Amended Complaint that the products at issue are still warranted, because Plaintiff did not allege the date on which she bought the sheets. As a result, Plaintiff has not pleaded "facts sufficient to demonstrate that [she] still had an express warranty when [she] filed suit." *Accord Mathison*, 2008 WL 8797937, at *8.

> iii.   Plaintiff has failed to plead reasonable notice of a breach.

Third, Plaintiff's implied warranty claim fails because, as discussed throughout, she failed to allege facts sufficient to show that she provided "reasonable notice" of the breach.  Though Plaintiff now alleges notice based on alleged customer complaints and a letter sent before, but not received until after, suit was filed, it is unclear whether such notice was "reasonable" because she did not allege the date on which she discovered the alleged breach.  As a result, her claims for breach of the implied warranty of merchantability fail for that additional reason.

In sum, Plaintiff's individual and class-action claims for breach of the implied warranty of merchantability fail as a matter of law and must be dismissed.

---

[6] This assumes that the purpose for which Plaintiff bought the sheets at issue was to actually use them as bedsheets.

DOCUMENT PREPARED
ON RECYCLED PAPER

1       **f.**     <u>**Plaintiff has failed to plead negligent misrepresentation.**</u>

2       In order to state a claim for negligent misrepresentation, a plaintiff must plead (1)

3 misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing

4 it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of

5 the truth and justifiable reliance on the misrepresentation by the party to whom it was directed, and

6 (5) resulting damage. *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1200 n. 2 (9th Cir. 2001).

7 Beyond failing to meet the requirements of Rule 9(b), Plaintiff pleads merely summary allegations

8 of the elements of negligent misrepresentation with no factual support for her claim. *See, e.g.*, *Wine*

9 *Bottle Recycling, LLC v. Niagara Sys. LLC*, No. 12-1924 SC, 2013 WL 1120962, at *11 (N.D. Cal.

10 Mar. 18, 2013) ("Plaintiff's pleadings, without more, are formulaic recitations of a negligent

11 misrepresentation claim's elements." (citing *Twombly*, 550 U.S. at 554-55)). Plaintiff's claim for

12 negligent misrepresentation should be dismissed for failure to state a claim. [7]

13 **III.**     <u>**PLAINTIFF'S CLASS-ACTION CLAIMS MUST BE DISMISSED FOR LACK OF**</u>

14         <u>**STANDING TO THE EXTENT THEY ARISE FROM THE SALE OF PRODUCTS**</u>

15         <u>**THAT THE NAMED PLAINTIFF DID NOT BUY.**</u>

16       Plaintiff's claims must be dismissed for lack of standing to the extent they are based on

17 products that the named Plaintiff did not actually purchase. The Court lacks subject matter

18 jurisdiction for claims brought by parties without standing, and those claims should be dismissed

19 under Rule 12(b)(1). *Larsen v. Trader Joe's Co.*, No. C 11-05188 SI, 2012 WL 5458396, at *4-5

20 (N.D. Cal. June 14, 2012). In fact, several federal courts have found that, where a named plaintiff

21 in a class-action lawsuit attempts to assert class-action claims with respect to products she did not

22 actually buy, those claims must be dismissed for lack of standing. *See, e.g.*, *Murray v. Sears,*

23 *Roebuck & Co.*, No. C 09-5744 CW, 2014 WL 563264, at *9 (N.D. Cal. Feb. 12, 2014) ("A plaintiff

24 therefore may not represent a class in bringing CLRA claims based on products that he or she never

25 purchased."); *Pearson v. Target Corp.*, No. 11 CV 7972, 2012 WL 7761986, at *3-4 (N.D. Ill. Nov.

26

---

27 [7] Plaintiff's claim for negligent misrepresentation is also barred by the economic loss rule. *Ladore*

28 *v. Sony Comput. Entm't Am., LLC*, 75 F. Supp. 3d 1065, 1074–76 (N.D. Cal. 2014) (barring claim for negligent misrepresentation based on sale of goods).

DOCUMENT PREPARED
ON RECYCLED PAPER

9, 2012) ("[H]ow could [plaintiff] possibly have been injured by representations made on a product he did not buy?"); *Granfield v. Nvidia Corp.*, No. C 11-05403 JW, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012) ("[W]hen a plaintiff asserts claims based both on products that she purchased and products that she did not purchase, claims relating to products not purchased must be dismissed for lack of standing.").

Here, despite having purchased only one specific sheet set, Am. Compl. ¶ 12, the named Plaintiff seeks to assert class claims on behalf of "all persons" in Missouri and nationwide who purchased "Grande Estate Fine Linens 800 TC Luxurious Sateen Weave sheet sets, Hampton House 1200 TC, and all other cotton/polyester blend sheet sets with inflated thread counts that were manufactured or supplied by Defendant AQ Textiles and/or Defendant Creative Textiles and was [sic] packaged or advertised and sold at one of Defendant Ross' [sic] stores." Id.  ¶¶ 47, 55, 60. However, as the decisions above demonstrate, Plaintiff cannot have standing to proceed with claims for any products except the ones she actually purchased.

> a.      <u>**Plaintiff has not sufficiently alleged the other sheets were substantially similar.**</u>

A plaintiff has standing for unpurchased products only where the products and alleged misrepresentations are substantially similar. *See, e.g.*, *Miller v. Ghiradelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012) (discussing those courts that have stated there can be no standing for unpurchased products and those that allow standing where the products and alleged misrepresentations are substantially similar); *see also Young v. Cree, Inc.*, No. 17-cv-06252-YGR, 2018 WL 171-181 (N.D. Cal. Apr. 9, 2018).

In *Young*, the complaint[8] identified all products manufactured by Cree that the plaintiff alleged were falsely represented. *See* Young Compl. ¶¶ 17-18, 22 (using language such as "Cree manufactures three categories of LED bulbs," "Defendant manufactures six types of . . . bulbs," and "[t]he Cree Reflector (Flood/Spot) products come in eight variations") (attached as Exhibit A). The Young Complaint further described why each of the products manufactured by Cree, including those not purchased by the plaintiff, provided a basis for the Young Complaint's claims. *See id.* ¶¶ 18-25 (stating, after describing all of the Cree products, that "each Cree product makes a claim

---

[8] Hereinafter, the "Young Complaint."

DOCUMENT PREPARED
ON RECYCLED PAPER

about an 'estimated' cost savings for the purchaser buying the product"). Moreover, the Young Complaint gave examples of actionable misrepresentations for several of the unpurchased Cree products identified. *See id.* ¶ 25.

Here, the Amended Complaint identifies only a single product purchased from Ross by Plaintiff, otherwise specifies one other brand by name, and then makes vague allegations regarding "sheets" generally, alleging that Ross represented that "numerous" (unidentified) other products had inflated thread counts. *Id.* ¶¶ 34, 49. Indeed, outside of one additional product, Plaintiff has not even bothered to identify any of the other products she claims to be suing over. As to the unnamed sheets, she makes only summary allegations about representations regarding inflated thread count. *Id.* ¶¶ 47-50. Moreover, as to those unnamed sheets, Plaintiff does not allege any of the Defendants' supposed roles in or knowledge of the inflated thread counts other than stating that the sheets were "manufactured or supplied by Defendant AQ Textiles and/or Defendant Creative Textiles and was [sic] packaged or advertised and sold at one Defendants Ross' [sic] stores." *Id.* ¶ 47.  Such vague allegations serve to further emphasize the fact that the named Plaintiff is not in position to assert claims for anything other than the product she purchased.

**b.**    **Plaintiff has made no allegations regarding a level of quality or length of time for the sheets she purchased, much less for the sheets she did not purchase.**

The court in *Young* found that the plaintiff had standing "because plaintiff allege[d] substantially similar misrepresentations concerning underlying longevity and cost savings." 2018 WL 1710181, at *9 (emphasis added). Those allegations are strikingly similar to the requirement under the MMWA that a written warranty must affirm or promise "that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time." *See* 15 U.S.C. § 2301(6) (emphasis added). In other words, both *Young* and the MMWA require a level of quality and a length of time to adequately plead standing or a claim, respectively.

The Amended Complaint here contains no allegations of a "specified level of performance over a specified period of time." Given that the Amended Complaint does not describe the products not purchased by the Plaintiff, much less describe a level of quality over a length of time, the Amended Complaint fails to establish standing for products not purchased by the named Plaintiffs.

DOCUMENT PREPARED
ON RECYCLED PAPER

1

2

  **c.**  <u>Authority from the Northern District of California shows that claims for sheets not purchased by the named Plaintiff should be dismissed.</u>

3

4

5

6

7

8

9

10

11

  The decision in *Rushing v. Williams-Sonoma, Inc.*, No. 16-CV-01421-WHO, 2016 WL 4269787 (N.D. Cal. Aug. 15, 2016), demonstrates why Plaintiff lacks standing for products she did not purchase.  There, the plaintiff brought class-action claims accusing Williams-Sonoma and other retailers of selling sheets with inflated thread counts.  The plaintiff attempted to bring class-action claims not only with respect to the sheets he purchased—which he claimed had an inflated thread count due to counting two-ply yarn as two threads rather than one—but for "31 additional products with misleading thread counts at or above 350," which he claimed could be reasonably presumed to have exaggerated thread counts.  *Id.* at *2.  The defendants sought to dismiss all of the plaintiff's claims with respect to sheets he did not actually purchase.

12

13

14

15

16

17

18

19

20

21

22

  The court in *Rushing* first described the situations in which it would allow a plaintiff to proceed with class claims with respect to products he did not purchase, saying that the inquiry "necessarily focuses on whether the resolution of the asserted claims will be identical between the purchased and unpurchased products."  *Id.* at *3 (quoting *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-CV-01196-WHO, 2014 WL 1024182, at *8 (N.D. Cal. Mar. 13, 2014)).  The court went on to say that "a claim that a reasonable consumer would be misled by a representation on a label may well require a context-specific analysis of the appearance of the label, the misrepresentation's placement on the label, and other information contained on the label," and that "where the actual composition or appearance of the product is legally significant to the claim at issue, the consumer may only be allowed to pursue claims for products with identical product composition and/or appearance."  *Id.* (quoting *Ang*, 2014 WL 1024182, at *8).

23

24

25

26

27

28

  Applying those standards, the court found that the plaintiff could only proceed with claims for sheets that suffered from the exact same alleged misrepresentation—counting two-ply yarn as two threads, holding that "[t]he legal theory and defenses applicable to his claim are legally significant and raise different questions not applicable" to any other alleged thread-count defects.  *Id.* at *4.  And even then, the court would only allow the plaintiff to proceed with other claims "only to the extent that he can plausibly allege, consistent with Rule 11, that the unpurchased

1    products are two-ply products that suffer from the same deception of which he complains." *Id.*

2          Applying the reasoning of the court in *Rushing* to the alleged facts here, the Plaintiff's

3    claims with respect to products she did not purchase fall woefully short.  Plaintiff does not make

4    any allegations regarding how, why, or in what proportion the thread counts of the other sheets are

5    incorrect, except to say that they are "inflated."  Nor does Plaintiff even directly allege which other

6    sheet sets may have misrepresented thread counts; instead, she says only that she seeks to bring

7    class claims for all persons who purchased sheets from Defendants that were represented as having

8    thread counts higher than the actual thread counts, without individually naming those sheet sets or

9    even directly alleging that the thread counts for those other sets are inaccurate.

10          In short, Plaintiff here purchased a unique sheet set for which she claims the thread count

11   was inflated.  That does not, however, give her standing to assert claims with respect to a number

12   of distinct products which she did <u>not</u> purchase, particularly given that she has failed to specifically

13   identity any allegedly mislabeled products other than those she actually bought and one other.

14   Given the foregoing, and in addition to the myriad of other reasons for dismissal, her claims for

15   any product except the one she actually purchased should be dismissed for lack of standing.

16                                    **<u>CONCLUSION</u>**

17          For the reasons stated above, AQ respectfully requests that the Court dismiss Plaintiff's

18   Amended Complaint and her claims against AQ, in their entirety, with prejudice.

19          Respectfully submitted, this the 3rd day of August, 2018.

20

21   Dated: August 3, 2018                    JEFFREY B. MARGULIES
                                              LAUREN A. SHOOR
22                                            SHIRLEY B. KIM
                                              **NORTON ROSE FULBRIGHT US LLP**
23
                                              JENNIFER K. VAN ZANT
24                                            RYAN C. FAIRCHILD
                                              **BROOKS, PIERCE, MCLENDON,**
25                                            **HUMPHREY & LEONARD, LLP**

26                                            By    /s/ Shirley B. Kim
                                                 SHIRLEY B. KIM
27                                               Attorneys for Defendants
                                                 ROSS STORES, INC. AND
28                                               AQ TEXTILES, LLC

DOCUMENT PREPARED
ON RECYCLED PAPER