**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DOMINIQUE MORRISON,**<br>Plaintiff,<br>vs.<br>**ROSS STORES, INC., ET AL.,**<br>Defendants. | CASE NO. 18-cv-02671-YGR<br><br>**ORDER GRANTING MOTION OF AQ TEXTILES TO DISMISS FOR LACK OF PERSONAL JURISDICTION; GRANTING MOTION OF ROSS STORES, INC. TO DISMISS UNDER 12(B)(6) WITH LEAVE TO AMEND; VACATING HEARING**<br><br>**Dkt. Nos. 37, 38** |

Plaintiff Dominique Morrison brings this putative class action against Defendants Ross Stores, Inc. ("Ross"), AQ Textiles LLC ("AQ"), and Creative Textile Mills Private Limited, alleging that defendants engaged in deceptive practice, namely making inflated thread count representations with respect to bed linens they sold. With the prior motions of Ross and AQ to dismiss pending, plaintiff filed her first amended complaint ("FAC") on July 20, 2018. (Dkt. No. 34.) Plaintiff's FAC alleges claims for: violation of the Magnusson Moss Warranty Act ("MMWA"), 15 U.S.C. section 2301 *et seq.* (Count 1); fraud (Count 2); violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code section 1750 *et seq.* (Count 3); violation of the California Unfair Competition Law ("UCL"), Cal. Business & Professions Code section 17200 *et seq.* under its unlawful prong (Count Four), unfair prong (Count Five), and fraudulent prong (Count Six); (5) California False Advertising Law ("FAL"), Cal. Business & Professions Code section 17500 *et seq.* (Count Seven); breach of express warranty (Count Eight); breach of warranty of merchantability (Count Nine); negligent misrepresentation (Count Ten); and violation of the Missouri Merchandising Practices Act ("MMPA"), Missouri Rev. Stat. section 407.020 (Count Eleven). The claims alleged under the CLRA, UCL, and FAL are alleged against Ross only, the others are alleged against all defendants.

Ross and AQ have each filed a motion to dismiss. (Dkt. Nos. 37 and 38.) AQ moves to

dismiss for lack of personal jurisdiction. Both defendants move to dismiss for failure to state a claim and for failure to allege plaintiff's standing as to the full scope of product misrepresentations alleged.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below:

(1) the motion of defendant AQ to dismiss for lack of personal jurisdiction is **GRANTED**. Plaintiff has failed to establish specific jurisdiction as to AQ Textiles. Because the Court finds that personal jurisdiction is not established, the Court does not reach AQ's alternative grounds for dismissal based upon failure to allege sufficient facts to state a claim.

(2) the motion of defendant Ross to dismiss for failure to state a claim is **GRANTED WITH LEAVE TO AMEND**.[1]

**I. BACKGROUND**

Plaintiff alleges that she is a citizen of St. Louis County, Missouri who purchased a set of "Grande Estate 800TC Luxurious Sateen Weave" sheets, with an advertised thread count of 800, from a Ross store located in St. Louis, Missouri. (FAC ¶¶ 11 and 12.) She alleges that she purchased the sheets reasonably believing and relying upon representations on the label that the sheets were in fact 800-thread count. (*Id.* ¶¶ 36, 37.) She further alleges she was deceived by the label because the thread count was actually far less than 800, and had she known that the sheets were not 800-thread count, she would not have purchased them. (*Id*. ¶¶ 38, 39.)

Plaintiff alleges that defendants engaged in a scheme to make bedding and linen products more attractive, boost sales, and increase profits by misrepresenting the thread count of those products. (*Id.* ¶ 3.) Thread count is alleged to be an indicator of quality and comfort, with higher thread-count products garnering higher prices. (*Id.* ¶¶ 18, 21, 22.) Plaintiff alleges that the standard practice in the bedding and linen industry has been to count the number of threads in both the warp (vertical direction) and filling (horizontal direction) to measure thread count, counting

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **November 27, 2018.**

each yarn as one thread, regardless of whether the yarn was a single-ply or multi-ply yarn. (*Id*. ¶ 23.) Plaintiff alleges that deviating from these standards made it likely that consumers would be misled and deceived, but defendants nevertheless "manufactured, marketed, advertised, sold and/or distributed" bed linens with "inflated thread counts." (*Id*. ¶ 33.)

Plaintiff further alleges that "[d]efendant Ross represented that numerous bedding and linen products were of a certain thread count, but when measured in accordance with industry standards, these thread counts were far less than claimed because Defendant improperly counted the plies making up the threads in their linens rather than the threads themselves." (*Id*. ¶ 34.) Plaintiff alleges defendant AQ knowingly imported, labeled, and distributed inferior textiles with fraudulent labeling from defendant Creative. (*Id*. at ¶¶ 17, 36, 43-45.) Additionally, AQ supplied Ross with numerous products with this false labeling. Plaintiff alleges defendants, acting in concert, engaged in this conduct to induce consumers like plaintiff to purchase inferior products with falsely stated thread counts. (*Id*. ¶¶ 49-51.)

Plaintiff brings her claims on behalf of a putative class Missouri class and a nationwide class of persons who purchased "the Products," alleged to include "Grande Estate Fine Linens 800 TC Luxurious Sateen Weave sheet sets, Hampton House 1200 TC, and all other cotton/polyester blend sheet sets with inflated thread counts that were manufactured or supplied by Defendant AQ Textiles and/or Defendant Creative Textiles and w[ere] packaged or advertised and sold at one of Defendant Ross' stores." (*Id.* ¶¶ 47, 55, 60.)

## II. APPLICABLE STANDARDS

### A. Motion to Dismiss for Lack of Personal Jurisdiction (Fed. R. Civ. P. 12(b)(2))

Under Rule 12(b)(2), a defendant may be dismissed if the court lacks personal jurisdiction over it. Plaintiff bears the burden of demonstrating that jurisdiction is appropriate. Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over parties, looking to the state's long arm statute regarding service of summons. *See* Fed. Rule Civ. Proc. 4(k)(1)(A) (service of process effective to establish personal jurisdiction over defendant subject to jurisdiction in the state court where the district is located); *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014) (same). California's long-arm statute, in turn, permits exercise of personal jurisdiction to the full

3

extent permitted by federal due process. *Id.*; *see also Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017). The party filing the complaint bears the burden to establish jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008); *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

### B. Motion to Dismiss for Failure to State a Claim (Fed. R. Civ. P. 12(b)(6))

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (*citing Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). In ruling on a motion to dismiss, "the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 984 (9th Cir. 2000). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Papasan v. Allain,* 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79.

Additionally, claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Proc. 9(b). Claims for fraud, including statutory claims grounded in fraud, must articulate "the who, what, when, where and how of the misconduct alleged" in order to provide the defendant an opportunity to respond. *Kearns v. Ford*

4

*Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (dismissing plaintiff's claims under UCL and CLRA for failure to comply with Rule 9(b)). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. Proc. 9(b).

**III. DISCUSSION**

**A. AQ's Motion to Dismiss for Lack of Personal Jurisdiction**

For purposes of federal due process, two types of personal jurisdiction exist: general jurisdiction (sometimes called "all-purpose") and specific jurisdiction (sometimes called "case-linked"). *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779–81 (2017). "A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Id.* A court with only specific jurisdiction over a defendant is limited to hearing claims deriving from the facts that establish jurisdiction in the forum. *Id.*

In order to demonstrate general jurisdiction over AQ in California, plaintiff must establish that AQ has contacts that are "so 'continuous and systematic' as to render [it] essentially at home in" California. *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Plaintiff concedes that the Court lacks general jurisdiction over AQ, alleging that it is a North Carolina limited liability company with its principal place of business in North Carolina. (*See* FAC ¶ 15; Oppo. to AQ Motion at 3.)

Plaintiff instead contends that the Court has specific jurisdiction over AQ in California, based upon AQ's alleged relationship with Ross, a company headquartered in California. In order for a court to have specific jurisdiction over a defendant, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The relationship between the defendant and the forum state "must arise out of contacts that the 'defendant [itself]' creates with the forum State." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 286. "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not

5

based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id.* (citing *Burger King,* 471 U.S. at 475).

In the Ninth Circuit, specific jurisdiction requires a showing that: (1) the defendant either purposefully directs its activities to the forum or purposefully avails itself of the benefits of the forum's laws; (2) the claim "arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction [ ] comport[s] with fair play and substantial justice, *i.e.*, it [is] reasonable." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1022–23 (9th Cir. 2017) (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

Plaintiff contends that AQ's relationship with Ross—including the allegations that AQ imported, labeled, and supplied products to Ross, and that Ross acted as a conduit for AQ— establishes specific jurisdiction over plaintiff's claims against AQ in this Court. In support of this argument, plaintiff relies only on authorities issued prior the Supreme Court's 2017 decision in *Bristol-Myers*, 137 S. Ct. 1773.[2] There, the Supreme Court rejected an assertion of specific jurisdiction where the non-resident plaintiffs had not "identif[ied] any adequate link between the State and the nonresidents' claims." *Id.* The Supreme Court reiterated its holding in *Walden* that "a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction." *Id.* "What is needed . . . is a connection between the forum and the specific claims at issue." *Id.* at 1781. The requirement to establish personal jurisdiction must be met as to each named plaintiff's claim, with respect to each defendant individually, not merely based upon a party's decision to enter into a contract with a California company. *Id.* at 1783. Thus, the Supreme Court concluded that "[t]he bare fact that [Bristol-Myers] contracted with a California distributor is not enough to establish personal jurisdiction in the State." *Id.*

Plaintiff's reliance on a similar contractual relationship between AQ and Ross likewise fails. Based upon *Bristol-Myers* and *Walden*, a plaintiff, as here, who is not a California resident, does not allege to have suffered harm in California, and does not allege any conduct *by the*

---

[2] For example, plaintiff cited to *Cottle v. W. Skyways Inc.*, No. 117CV00049DADBAM, 2017 WL 1383277 (E.D. Cal. Apr. 18, 2017), contending that the Ninth Circuit employs a "sliding scale" analysis for purposes of specific jurisdiction. *Bristol-Myers* expressly rejected the Ninth Circuit's sliding scale approach. *Bristol-Myers*, 137 S. Ct. at 1781.

6

*defendant* occurred in California, has not established specific personal jurisdiction as to her claims.[3] The motion to dismiss AQ for lack of personal jurisdiction is **GRANTED**.

### B. Motion to Dismiss for Failure to State a Claim

Ross argues that the FAC should be dismissed for failure to state a claim on a number of grounds, including failure to allege facts to show that plaintiff gave the required pre-filing notices, failure to allege the elements of the claims sufficiently, and failure to allege the fraud-based claims with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure. Ross also argues that the allegations of the FAC are directed to "defendants" generally and do not allege the basis for Ross's liability, including when plaintiff purchased the sheets, the alleged role Ross played in the alleged misrepresentation and breach of warranty, and Ross' knowledge of the alleged misrepresentations.

The Court agrees that the FAC does not fairly apprise Ross of the conduct alleged to give rise to its liability for either the fraud-based claims or the warranty-based claims. Because plaintiff has directed the allegations to "defendants" generally, the theory and facts upon which she bases her all claims against Ross are ambiguous. Plaintiff never specifically alleges that Ross itself made any representations, knew any representations were false, supplied any false information, or had any role in the labeling or advertising of the sheets. It follows that plaintiff has not alleged "the who, what, when, where and how of the misconduct" sufficient to state her fraud-based claims (fraud, misrepresentation, CLRA, FAL, UCL, MMPA). *Kearns*, 567 F.3d at 1126. Likewise, she has not alleged the basis for Ross's liability on any warranty claim. For this reason, the motion to dismiss is properly granted.

Further, plaintiff has failed to allege that she provided Ross "reasonable" or statutory pre-

---

[3] While *Bristol-Myers* "le[ft] open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." 137 S. Ct. at 1783–84. However, "'[f]ederal courts apply state law to determine the bounds of their jurisdiction over a party' [and] . . . California authorizes its courts to exercise jurisdiction 'to the full extent that such exercise comports with due process.'" *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1067 (9th Cir. 2017) *quoting Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017. "Accordingly, 'the jurisdictional analyses under [California] state law and federal due process are the same.'" *Id. quoting Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

filing notice and opportunity to cure as required by the CLRA or for breach of warranty claims under the California Commercial Code and the MMWA. In order to allege breach of express warranty or MMWA claims, a "buyer must plead that notice of the alleged breach was provided to the seller within a reasonable time after discovery of the breach." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1142-43 (N.D. Cal. 2010) (*citing* UCC § 2–607(3)(a) and 15 U.S.C. § 2310(e)). Similarly, under the CLRA, a plaintiff must allege provision of notice to the alleged violator of the Act "[t]hirty days or more prior to the commencement of an action for damages." California Civil Code § 1782(a). Plaintiff's allegation that "defendants" were put on notice of a breach by prior customer complaints and by a letter from plaintiffs' counsel sent three days prior to the filing of this action (*see, e.g.*, FAC ¶ 97) is insufficient. Though she argues futility in her motion, she does not allege any facts showing that pre-filing notice to Ross would have been futile. Likewise, the argument that a class action plaintiff need not provide pre-suit notice is wholly without support.[4]

Therefore, Ross's motion to dismiss is **GRANTED**. Plaintiff has leave to amend to allege sufficiently the factual basis for her claims against Ross, and for her satisfaction (or excuse from satisfaction) of the notice requirements applicable to them.[5]

---

[4] Plaintiff cites no Ninth Circuit authority for her contention that notice under 15 U.S.C. section 2310(e) need not be provided until the class certification stage. Plaintiff's argument that "[t]he district courts who have analyzed this provision *uniformly* have held that class-action plaintiffs are not required to provide pre-suit notice or opportunity to cure" (Oppo. at 5:20-21, emphasis supplied) is patently incorrect. Courts in this district have found that "no private action may be brought unless the defendant first is afforded a reasonable opportunity to cure its failure to comply, and in the case of a purported class action, 'such reasonable opportunity will be afforded by the named plaintiffs and they shall at that time notify the defendant they are acting on behalf of the class.'" *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1143 (N.D. Cal. 2010) (quoting 15 U.S.C. § 2310(e)); *Corson v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:12-CV-08499-JGB, 2013 WL 10068136, at *7 (C.D. Cal. July 18, 2013) ("[p]laintiffs must allege that they provided adequate pre-suit notice in order to proceed with their MMWA claim" including notice that they are proceeding on behalf of a class).

[5] Because plaintiff's failure to identify Ross's conduct and to allege notice are ample basis for dismissal, the Court declines to reach Ross's additional arguments that plaintiff's claims should be dismissed for failure to allege certain elements of the claims sufficiently, or should be dismissed for lack of standing at the pleading stage based upon a class definition broader than the products she purchased.

## IV. CONCLUSION

Based upon the foregoing,

(1) the motion of defendant AQ Textiles LLC to dismiss for lack of personal jurisdiction is **GRANTED**. Defendant AQ Textiles is **DISMISSED**.

(2) the motion of defendant Ross Stores Inc. is **GRANTED WITH LEAVE TO AMEND.**

Plaintiff shall file her second amended complaint no later than **December 4, 2018**, and defendant Ross shall file its response no later than **January 4, 2019**, in light of the intervening holidays.

This terminates Docket Nos. 37 and 38.

**IT IS SO ORDERED.**

Dated: November 14, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**