# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DOMINIQUE MORRISON,**<br>Plaintiff,<br>vs.<br>**ROSS STORES, INC., ET AL.,**<br>Defendants. | CASE NO. 18-cv-02671-YGR<br>**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS**<br>Re: Dkt. Nos. 56, 61 |

Plaintiff Dominique Morrison brings this putative class action against Defendant Ross Stores, Inc. ("Ross"). The Court previously granted a motion to dismiss the First Amended Complaint against Ross, with leave to amend. Plaintiff filed her Second Amended Complaint (Dkt. No. 54) alleging claims for: violation of the Magnusson Moss Warranty Act ("MMWA"), 15 U.S.C. section 2301 *et seq.* (Count 1); fraud (Count 2); violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code section 1750 *et seq.* (Count 3); violation of the California Unfair Competition Law ("UCL"), Cal. Business & Professions Code section 17200 *et seq.* under its unlawful prong (Count Four), unfair prong (Count Five), and fraudulent prong (Count Six); (5) California False Advertising Law ("FAL"), Cal. Business & Professions Code section 17500 *et seq.* (Count Seven); breach of express warranty (Count Eight); breach of warranty of merchantability (Count Nine); negligent misrepresentation (Count Ten); violation of the Missouri Merchandising Practices Act ("MMPA"), Missouri Rev. Stat. section 407.020 (Count Eleven); and a newly added claim for unjust enrichment (Count Twelve).

Pending before the Court is the motion of Ross to dismiss the SAC. (Dkt. No. 56.) Having carefully considered the papers submitted and the pleadings in this action, the motion is:

(1) **GRANTED WITHOUT LEAVE** as to Count One, the MMWA claim, for failure to allege a claim covered by the statute;

(2) **GRANTED WITHOUT LEAVE** as to Count Twelve for unjust enrichment. Plaintiff stated

1    no opposition to the motion to dismiss on this claim.  Further, the leave to amend granted by the

2    prior order did not include adding a new claim not contemplated by the prior pleading or argument

3    on the motion, nor has good cause been shown for permitting addition of this claim at this time;

    (3) **DENIED** on all other grounds stated.  First, plaintiff has alleged the claims based upon fraudulent conduct with sufficient particularity to satisfy Rule 9(b), which requires the circumstances constituting the fraudulent conduct to be stated in detail, while "[m]alice, intent, knowledge, and other" states of mind can be alleged generally.  *See* Fed. R. Civ. P. 9(b).[1]

    Second, plaintiffs' claims under California statutes need not be dismissed due to her Missouri residence.  Ross conflates the application of California law to an out-of-state plaintiff, which courts permit when defendant's conduct allegedly emanates from California, with the choice-of-law analysis necessary to determine whether California law should apply to a *nationwide class*. Compare *Norwest Mortgage, Inc. v. Superior Ct.*, 72 Cal. App. 4th 214, 224–225 (1999) ("[California] statutory remedies may be invoked by out-of-state parties when they are harmed by wrongful conduct occurring in California") with *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012). *See also Ehret v. Uber Techs., Inc.*, 68 F. Supp. 3d 1121, 1131–32 (N.D. Cal. 2014); *In re iPhone 4S Consumer Litig.*, No. C 12-1127 CW, 2013 WL 3829653, at *7–9 (N.D. Cal. July 23, 2013); *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1237–38 (N.D. Cal. 2012).  Plaintiff has provided sufficient factual allegations to state a plausible claim that the conduct at issue emanated from California.  The choice-of-law question is one that must be answered in the context of class certification.

    Third, and similarly, plaintiff has alleged sufficient facts from which the Court could find plaintiff has standing to pursue claims on behalf of purchasers of other bed linens alleged to be substantially similar to those she purchased.  Any issues related to typicality and adequacy of plaintiff as a class representative for purchasers of other bed linens may be raised in the context of

---

[1] Because the Court finds the fraud allegations sufficient for purposes of alleging the basis for the negligent misrepresentation claim, and Ross concedes that the economic loss rule does not apply to such a claim when it is based upon fraud, dismissal on those grounds is denied as well. *See Robinson Helicopter Co. v. Dana Corp.*, 34 Cal.4th 979, 991 (2004) (economic loss rule does not bar misrepresentation claims based upon fraud and independent of breach of contract).

United States District Court
Northern District of California

class certification.

Finally, plaintiff has alleged facts sufficient to establish her common law breach of warranty claims, as well as that her pre-litigation notice satisfied the "reasonable" notice requirements for purposes of those claims and her CLRA claims. The breach of warranty claim likewise appears to be timely. *See Daniel* v. *Ford Motor Co.,* 806 F.3d 1217, 1222 (9th Cir. 2015) (latent defects subject to four-year statute of limitation). Therefore, the remaining grounds for dismissal fail.

Ross is directed to file its answer within 21 days of this Order. The Court **SETS** this matter for an initial case management conference on **July 8, 2019**, at 2:00 p.m. in Courtroom One, U.S. District Courthouse, 1301 Clay Street, Oakland.

This terminates Docket No. 56.

**IT IS SO ORDERED.**

Dated: May 30, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**