1   JEFFREY B. MARGULIES (BAR NO. 126002)
2   LAUREN A. SHOOR (BAR NO. 280788)
    ANDY GUO (BAR NO. 307824)
3   **NORTON ROSE FULBRIGHT US LLP**
    555 South Flower Street
4   Forty-First Floor
    Los Angeles, California 90071
5   Telephone:    (213) 892-9200
    Facsimile:    (213) 892-9494
6   jeff.margulies@nortonrosefulbright.com
    lauren.shoor@nortonrosefulbright.com
7   andy.guo@nortonrosefulbright.com

8   Attorneys for Defendants
    ROSS STORES, INC.
9
    *Additional Counsel listed on Next Page*
10
11              IN THE UNITED STATES DISTRICT COURT
12           FOR THE NORTHERN DISTRICT OF CALIFORNIA
13

14   DOMINIQUE MORRISON, individually          Case No. 4:18-cv-02671-YGR
     and on behalf of all others similarly
15   situated,                                 **DEFENDANT ROSS STORES, INC.'S**
                                                **ANSWER AND DEFENSES TO**
16              Plaintiff,                      **PLAINTIFF'S SECOND AMENDED**
                                                **COMPLAINT**
17        v.

18   ROSS STORES, INC., et al.,

19              Defendants.

20
21
22
23
24
25
26
27
28

1

*Additional Counsel*

2

Reid L. Phillips *(pro hac vice application forthcoming)*

3

Jennifer K. Van Zant *(admitted pro hac vice)*
Andrew L. Rodenbough *(admitted pro hac vice)*

4

Ryan C. Fairchild *(admitted pro hac vice)*
**BROOKS, PIERCE, MCLENDON, HUMPHREY &**
   **LEONARD, LLP**

5

230 North Elm Street

6

2000 Renaissance Plaza
Greensboro, NC 27401

7

Telephone:    (336) 373-8850
Facsimile:    (336) 378-1001

8

rphillips@brookspierce.com
jvanzant@brookspierce.com

9

arodenbough@brookspierce.com
rfairchild@brookspierce.com

10

Attorneys for Defendant

11

ROSS STORES, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Defendant Ross Stores, Inc. ("Ross") responds to Plaintiff's Second Amended Complaint

2    (the "Second Amended Complaint") as follows:

3                              **FIRST DEFENSE AND ANSWER**

4    Responding to the numbered paragraphs of the Second Amended Complaint, Ross states:

5                                    **INTRODUCTION**

6         1.      Ross admits that the Second Amended Complaint purports to assert claims against

7    Ross related to the sale of certain products and that the Second Amended Complaint purports to be

8    on behalf of Plaintiff and on behalf of others who are similarly situated.  Except as expressly

9    admitted herein, the allegations of paragraph 1 are denied.

10        2.      Ross lacks information or knowledge sufficient to form a belief as to the truth of the

11   allegations contained in paragraph 2 with regard to members of the bedding and linen products

12   industry or with regard to the use by consumers of thread count and therefore denies the same.  To

13   the extent a further response is required, the allegations of paragraph 2 are denied.

14        3.      The allegations of paragraph 3 are denied.

15        4.      The allegations of paragraph 4 are denied.

16        5.      Ross lacks information or knowledge sufficient to form a belief as to the truth of the

17   allegations contained in paragraph 5 with regard to consumers' beliefs regarding thread count and

18   therefore denies the same.  To the extent a further response is required, the allegations of paragraph

19   5 are denied.

20        6.      Ross lacks information or knowledge sufficient to form a belief as to the truth of the

21   allegations contained in paragraph 6 with regard to consumers' beliefs regarding thread count and

22   therefore denies the same.  To the extent a further response is required, the allegations of paragraph

23   6 are denied.

24        7.      Ross denies that Plaintiff or any other putative class members have been damaged

25   in any way by conduct of Ross.  To the extent a further response is required, Ross lacks information

26   or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 7

27   and they are therefore denied.

28

**JURISDICTION AND VENUE**

8.   It is admitted that Plaintiff has alleged that there are likely more than 100 putative class members.  Ross lacks information or knowledge sufficient to form a belief as to the truth of the allegations about Plaintiff's residence, and therefore it is denied that minimal diversity exists. It is denied that there is an aggregate amount in controversy exceeding $5,000,000.  Except as expressly admitted herein, the allegations of paragraph 8 are denied.

9.   It is admitted that Defendant Ross conducts business in this district.  Except as expressly admitted herein, the allegations of paragraph 9 are denied.

10.   The allegations of paragraph 10 are denied.

**PARTIES**

11.   Ross lacks information or knowledge sufficient to form a belief as to the truth of the allegations about Plaintiff's residence.  Except as expressly admitted herein, the allegations of paragraph 11 are denied.

12.   Admitted.

**FACTUAL ALLEGATIONS**

13.   Ross lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore denies the same.

14.   To the extent the allegations of paragraph 14 are directed to entities other than Ross, Ross lacks information or knowledge sufficient to form a belief as to the truth of those allegations. To the extent a further response is required, the allegations of paragraph 14 are denied.

15.   To the extent the allegations of paragraph 15 characterize or attempt to characterize the contents of the article cited therein, those allegations are denied to the extent they conflict with the article, which speaks for itself.  To the extent a further response is required, the allegations of paragraph 15 are denied.

16.   To the extent the allegations of paragraph 16 characterize or attempt to characterize the contents of the article cited there, those allegations are denied to the extent they conflict with the article, which speaks for itself.  To the extent a further response is required, the allegations of paragraph 16 are denied.

- 2 -

1          17.     Ross lacks information or knowledge sufficient to form a belief as to the truth of the

2    allegations contained in paragraph 17 and therefore denies the same.

3          18.     Ross lacks information or knowledge sufficient to form a belief as to the truth of the

4    allegations contained in paragraph 18 and therefore denies the same.

5          19.     To the extent the allegations of paragraph 19 characterize or attempt to characterize

6    the contents of an ASTM standard, those allegations are denied to the extent they conflict with the

7    standard, which speaks for itself.  Except as expressly admitted herein, the allegations of paragraph

8    19 are denied.

9          20.     To the extent the allegations of paragraph 20 characterize or attempt to characterize

10   the contents of an ASTM standard, those allegations are denied to the extent they conflict with the

11   standard, which speaks for itself.  Except as expressly admitted herein, the allegations of paragraph

12   20 are denied.

13         21.     To the extent the allegations of paragraph 21 characterize or attempt to characterize

14   the contents of an ASTM standard, those allegations are denied to the extent they conflict with the

15   standard, which speaks for itself.  Except as expressly admitted herein, the allegations of paragraph

16   21 are denied.

17         22.     To the extent the allegations of paragraph 22 characterize or attempt to characterize

18   the contents of an ASTM standard, those allegations are denied to the extent they conflict with the

19   standard, which speaks for itself.  Except as expressly admitted herein, the allegations of paragraph

20   22 are denied.

21         23.     To the extent the allegations of paragraph 23 are directed to entities other than Ross,

22   Ross lacks information or knowledge sufficient to form a belief as to the truth of those allegations

23   and they are therefore denied.  Except as expressly admitted herein, the allegations of paragraph 23

24   are denied.

25         24.     To the extent the allegations of paragraph 24 characterize or attempt to characterize

26   the contents of a letter from the Federal Trade Commission ("FTC"), those allegations are denied

27   to the extent they conflict with the letter, which speaks for itself.  Except as expressly admitted

28   herein, the allegations of paragraph 24 are denied.

25.     To the extent the allegations of paragraph 25 characterize or attempt to characterize the contents of a letter from the FTC, those allegations are denied to the extent they conflict with the letter, which speaks for itself.  Except as expressly admitted herein, the allegations of paragraph 25 are denied.

26.     To the extent the allegations of paragraph 26 characterize or attempt to characterize the contents of a letter from the ATMI, those allegations are denied to the extent they conflict with the letter, which speaks for itself.  Except as expressly admitted herein, the allegations of paragraph 26 are denied.

27.     To the extent the allegations of paragraph 27 characterize or attempt to characterize the contents of an FTC letter, those allegations are denied to the extent they conflict with the letter, which speaks for itself.  Except as expressly admitted herein, the allegations of paragraph 27 are denied.

28.     To the extent the allegations of paragraph 28 are directed to entities other than Ross, Ross lacks information or knowledge sufficient to form a belief as to the truth of those allegations. Except as expressly admitted herein, the allegations of paragraph 28 are denied.

29.     The allegations of paragraph 29 are denied.

30.     The allegations of paragraph 30 are denied.

31.     Responding to the allegations of paragraph 31, it is admitted that Ross includes the phrase "comparable value" on the price tags affixed to products for sale in its stores.  Except as admitted, the allegations of paragraph 31 are denied.

32.     The allegations of paragraph 32 are denied.

33.     Ross lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies the same.

34.     Ross lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies the same.

35.     Ross lacks information or knowledge sufficient to form a belief about what bed sheets Plaintiff purchased and who imported or manufactured them.  To the extent a further response is required, the allegations of paragraph 35 are denied.

36.     Ross lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies the same.

37.     Ross lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies the same.

38.     Ross lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies the same.

39.     Ross lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies the same.

40.     Ross lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies the same.

41.     The allegations of paragraph 41 are denied.

42.     Ross lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies the same.

43.     Responding to the allegations of paragraph 43, it is admitted that AQ Textiles imports and sells bed sheets to Ross, and that Ross has sold bed sheets purchased from AQ Textiles in its stores.  It is further admitted that Ross has purchased from AQ Textiles and sold sheets with the brand names Grande Estate and Hampton House.  To the extent Plaintiff alleges that the images included in this paragraph depict the labels of products sold by Ross, Ross lacks information or knowledge sufficient to form a belief as to the truth of such allegation and therefore denies it. Except as expressly admitted, the allegations of paragraph 43 are denied.

44.     The allegations of paragraph 44 are denied.

45.     Ross lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies the same.

46.     Responding to the allegations in paragraph 46, it is admitted that Ross has sold Grande Estates sheet sets labeled as 800 thread count in its stores. Ross lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies the same.

47.    Responding to the allegations of paragraph 47, Ross admits that the image included in paragraph 47 appears to depict a Ross price tag for a queen sheet set with a price of $39.99 and a comparable value of $100.00.  Except as expressly admitted, the allegations of paragraph 47 are denied.

48.    The allegations of paragraph 48 are denied.

49.    The allegations of paragraph 49 are denied.

50.    The allegations of paragraph 50 are denied.

51.    The allegations of paragraph 51 are denied.

52.    Ross admits that Plaintiff purports to assert individual and class-action claims with respect to the bed sheets identified in paragraph 52, but expressly denies that she has the legal right to assert such claims on a class-action basis.  Except as expressly admitted, the allegations of paragraph 52 are denied.

53.    Ross admits that Plaintiff purports to assert individual and class-action claims with respect to the bed sheets identified as the "Products," but expressly denies that she has the legal right to assert such claims on a class-action basis.  Except as expressly admitted, the allegations of paragraph 53 are denied.

54.    The allegations of paragraph 54 are denied.

55.    The allegations of paragraph 55 are denied.

56.    The allegations of paragraph 56 are denied.

57.    The allegations of paragraph 57 are denied.

58.    The allegations of paragraph 58 are denied.

59.    The allegations of paragraph 59 are denied.

## CLASS ACTION ALLEGATIONS

60.    It is admitted that Plaintiff seeks to bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  It is denied that any class should be certified.  Except as expressly admitted herein, the allegations of paragraph 60 are denied.

61.    It is admitted that Plaintiff seeks to use a class period as described in paragraph 61.  Except as expressly admitted herein, the allegations of paragraph 61 are denied.

1       62.    It is admitted that Plaintiff seeks to exclude certain persons and entities from the

2   classes they seek to certify.  Except as expressly admitted herein, the allegations of paragraph 62

3   are denied.

4       63.    It is denied that a class action is an appropriate method for addressing Plaintiff's

5   claims.  Except as expressly admitted herein, the allegations of paragraph 63 are denied.

6       64.    It is denied that the identities of the purported class members may be easily

7   identified from Ross's records.  Ross lacks information or knowledge sufficient to form a belief as

8   to the truth of the remaining allegations in paragraph 64 and therefore denies the same.

9       65.    It is admitted that Plaintiff seeks to represent a Missouri state class in addition to

10  nationwide classes and/or state subclasses.  It is denied that any of those classes are appropriate

11  methods of addressing Plaintiff's claims. Except as expressly admitted herein, the allegations of

12  paragraph 65 are denied.

13      66.    It is denied that a class action is an appropriate method for addressing Plaintiff's

14  claims.  To the extent a further response is required, the allegations of paragraph 66, including all

15  subparts thereof, are denied.

16      67.    The allegations of paragraph 67 are denied.

17      68.    Ross lacks information or knowledge sufficient to form a belief as to the truth of the

18  allegations in paragraph 68 and therefore denies the same.

19      69.    The allegations of paragraph 69 are denied.

20      70.    The allegations of paragraph 70 are denied.

21      71.    The allegations of paragraph 71 are denied.

22      72.    The allegations of paragraph 72 are denied.

23      73.    The allegations of paragraph 73 are denied.

24      74.    The allegations of paragraph 74 are denied.

25          **EQUITABLE TOLLING**

26      75.    The allegations of paragraph 75 are denied.

27      76.    The allegations of paragraph 76 are denied.

28

1    77.    It is denied that any products sold by Ross were defective. To the extent a further

2    response is required, the allegations of paragraph 77 are denied.

3    78.    The allegations of paragraph 78 are denied.

## COUNT ONE

### Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

6    79.    Count One was dismissed by order of the Court. To the extent a response is required,

7    denied.

8    80.    Count One was dismissed by order of the Court. To the extent a response is required,

9    denied.

10   81.    Count One was dismissed by order of the Court. To the extent a response is required,

11   denied.

12   82.    Count One was dismissed by order of the Court. To the extent a response is required,

13   denied.

14   83.    Count One was dismissed by order of the Court. To the extent a response is required,

15   denied.

16   84.    Count One was dismissed by order of the Court. To the extent a response is required,

17   denied.

18   85.    Count One was dismissed by order of the Court. To the extent a response is required,

19   denied.

20   86.    Count One was dismissed by order of the Court. To the extent a response is required,

21   denied.

22   87.    Count One was dismissed by order of the Court. To the extent a response is required,

23   denied.

24   88.    Count One was dismissed by order of the Court. To the extent a response is required,

25   denied.

26   89.    Count One was dismissed by order of the Court. To the extent a response is required,

27   denied.

28

1    90.    Count One was dismissed by order of the Court. To the extent a response is required,

2  denied.

3    91.    Count One was dismissed by order of the Court. To the extent a response is required,

4  denied.

5    92.    Count One was dismissed by order of the Court. To the extent a response is required,

6  denied.

7    93.    Count One was dismissed by order of the Court. To the extent a response is required,

8  denied.

9    94.    Count One was dismissed by order of the Court. To the extent a response is required,

10  denied.

11    95.    Count One was dismissed by order of the Court. To the extent a response is required,

12  denied.

13    96.    Count One was dismissed by order of the Court. To the extent a response is required,

14  denied.

15    97.    Count One was dismissed by order of the Court. To the extent a response is required,

16  denied.

17    98.    Count One was dismissed by order of the Court. To the extent a response is required,

18  denied.

19    99.    Count One was dismissed by order of the Court. To the extent a response is required,

20  denied.

21    100.    Count One was dismissed by order of the Court. To the extent a response is required,

22  denied.

23    101.    Count One was dismissed by order of the Court. To the extent a response is required,

24  denied.

25    102.    Count One was dismissed by order of the Court. To the extent a response is required,

26  denied.

27    103.    Count One was dismissed by order of the Court. To the extent a response is required,

28  denied.

1      104.   Count One was dismissed by order of the Court.  To the extent a response is required,

2  denied.

3      105.   Count One was dismissed by order of the Court.  To the extent a response is required,

4  denied.

5      106.   Count One was dismissed by order of the Court.  To the extent a response is required,

6  denied.

7      107.   Count One was dismissed by order of the Court.  To the extent a response is required,

8  denied.

9      108.   Count One was dismissed by order of the Court.  To the extent a response is required,

10  denied.

## COUNT TWO

### Fraud

109.   Ross's responses to paragraphs 1-108 of the Second Amended Complaint are incorporated by reference as though set forth in their entirety.

110.   It is admitted that Plaintiff brings this count on her own behalf and seeks to assert class-action claims on this count.  Except as expressly admitted, denied.

111.   The allegations of paragraph 111 are denied.

112.   The allegations of paragraph 112 are denied.

113.   The allegations of paragraph 113 are denied.

114.   It is admitted that Plaintiff seeks damages and other compensation in this case, and it is denied that Plaintiff or any putative class members are entitled to any such damages or compensation.  Except as expressly admitted, denied.

## COUNT THREE

### Consumer Legal Remedies Act

### California Civil Code, § 1750, *et seq.*

115.   Ross's responses to paragraphs 1-114 of the Second Amended Complaint are incorporated by reference as though set forth in their entirety.

- 10 -

1    116.    It is admitted that Plaintiff brings this count on her own behalf and seeks to assert

2    class-action claims on this count.  Except as expressly admitted, denied.

3    117.    Paragraph 117 states a conclusion of law to which no response is required.  To the

4    extent a further response is required, the allegations are denied.

5    118.    Paragraph 118 states a conclusion of law to which no response is required.  To the

6    extent a further response is required, the allegations are denied.

7    119.    Paragraph 119 states a conclusion of law to which no response is required.  To the

8    extent a further response is required, the allegations are denied.

9    120.    Paragraph 120 states a conclusion of law to which no response is required.  To the

10    extent a further response is required, the allegations are denied.

11    121.    Paragraph 121 states a conclusion of law to which no response is required.  To the

12    extent a further response is required, the allegations are denied.

13    122.    It is admitted that some bed sheets are sold with a thread count listed on the

14    packaging.  Except as expressly admitted, denied.

15    123.    It is admitted that there is no requirement that bed sheets be packaged or sold with

16    a listed thread count.  Ross lacks information or knowledge sufficient to form a belief as to the truth

17    of the allegations in paragraph 123 regarding customers' perceptions of value and quality and

18    therefore denies the same.  Except as expressly admitted, denied.

19    124.    The allegations of paragraph 124 are denied.

20    125.    The allegations of paragraph 125 are denied.

21    126.    The allegations of paragraph 126 are denied.

22    127.    The allegations of paragraph 127 are denied.

23    128.    The allegations of paragraph 128 are denied.

24    129.    The allegations of paragraph 129 are denied.

25    130.    The allegations of paragraph 130 are denied.

26    131.    The allegations of paragraph 131 are denied.

27

28

- 11 -

1    132.   Ross lacks information or knowledge sufficient to form a belief as to the truth of the

2    allegations in paragraph 132 regarding customers' ability to determine the thread count of particular

3    bed sheets and therefore denies the same.  Except as expressly admitted, denied.

4    133.   To the extent the allegations of paragraph 133 are directed to entities other than

5    Ross, Ross lacks information or knowledge sufficient to form a belief as to the truth of those

6    allegations.  To the extent a further response is required, the allegations of paragraph 133 are denied.

7    134.   The allegations of paragraph 134 are denied.

8    135.   Ross lacks information or knowledge sufficient to form a belief as to the truth of the

9    allegations in paragraph 135 regarding the importance consumers place on thread count and

10   therefore denies the same.  Except as expressly admitted, denied.

11   136.   The allegations of paragraph 136 are denied.

12   137.   The allegations of paragraph 137 are denied.

13   138.   The allegations of paragraph 138 are denied.

14   139.   The allegations of paragraph 139 are denied.

15   140.   It is admitted that Plaintiff seeks individual and class relief under California law, but

16   expressly denied that plaintiff or putative class members are entitled to any relief against Ross.

17   Except as expressly admitted, denied.

18   141.   It is admitted that counsel for Plaintiff sent a letter to counsel for Ross dated May 4,

19   2018, and that such letter speaks for itself.  It is further admitted that counsel for Ross responded

20   via letter dated May 29, 2018, and that such letter speaks for itself.  Except as expressly admitted,

21   denied.

## COUNT FOUR

### Unfair Competition Law – Unlawful Prong

### California Business and Professions Code, § 17200, *et seq.*

25   142.   Ross's responses to paragraphs 1-141 of the Second Amended Complaint are

26   incorporated by reference as though set forth in their entirety.

27   143.   It is admitted that Plaintiff brings this count on her own behalf and seeks to assert

28   class-action claims on this count.  Except as expressly admitted, denied.

- 12 -

1    144.   The allegations of paragraph 144 are denied.

2    145.   The allegations of paragraph 145 are denied.

3    146.   The allegations of paragraph 146 are denied.

4    147.   The allegations of paragraph 147 are denied.

5    148.   The allegations of paragraph 148 are denied.

6    149.   The allegations of paragraph 149 are denied.

7    150.   The allegations of paragraph 150 are denied.

8                          **COUNT FIVE**

9                 **Unfair Competition Law – Unfair Prong**

10        **California Business and Professions Code, § 17200, *et seq.***

11        151.   Ross's responses to paragraphs 1-150 of the Second Amended Complaint are

12   incorporated by reference as though set forth in their entirety.

13        152.   It is admitted that Plaintiff brings this count on her own behalf and seeks to assert

14   class-action claims on this count.  Except as expressly admitted, denied.

15        153.   The allegations of paragraph 153 are denied.

16        154.   The allegations of paragraph 154 are denied.

17        155.   The allegations of paragraph 155 are denied.

18        156.   The allegations of paragraph 156 are denied.

19        157.   The allegations of paragraph 157 are denied.

20                          **COUNT SIX**

21               **Unfair Competition Law – Fraudulent Prong**

22        **California Business and Professions Code, § 17200, *et seq.***

23        158.   Ross's responses to paragraphs 1-157 of the Second Amended Complaint are

24   incorporated by reference as though set forth in their entirety.

25        159.   It is admitted that Plaintiff brings this count on her own behalf and seeks to assert

26   class-action claims on this count.  Except as expressly admitted, denied.

27        160.   The allegations of paragraph 160 are denied.

28        161.   The allegations of paragraph 161 are denied.

- 13 -

1    162.    The allegations of paragraph 162 are denied.

2    163.    The allegations of paragraph 163 are denied.

3    164.    The allegations of paragraph 164 are denied.

4    165.    The allegations of paragraph 165 are denied.

5    166.    The allegations of paragraph 166 are denied.

6                              **COUNT SEVEN**

7                  **Misleading and Deceptive Advertising**

8        **California Business and Professions Code, § 17500, *et seq.***

9    167.    Ross's responses to paragraphs 1-166 of the Second Amended Complaint are
10   incorporated by reference as though set forth in their entirety.

11   168.    It is admitted that Plaintiff brings this count on her own behalf and seeks to assert
12   class-action claims on this count.  Except as expressly admitted, denied.

13   169.    It is admitted that Plaintiff seeks to plead a violation of California statutory law and
14   seeks to assert such claims on behalf of a class.  Except as expressly admitted herein, the allegations
15   of paragraph 169 are denied.

16   170.    The allegations of paragraph 170 are denied.

17   171.    The allegations of paragraph 171 are denied.

18   172.    The allegations of paragraph 172 are denied.

19   173.    The allegations of paragraph 173 are denied.

20                             **COUNT EIGHT**

21                  **(Breach of Express Warranty)**

22   174.    Ross's responses to paragraphs 1-173 of the Second Amended Complaint are
23   incorporated by reference as though set forth in their entirety.

24   175.    It is admitted that Plaintiff brings this count on her own behalf and seeks to assert
25   class-action claims on this count.  Except as expressly admitted, denied.

26   176.    It is admitted that Ross sells bed sheets to the public.  Except as expressly admitted,
27   denied.

28   177.    The allegations of paragraph 177 are denied.

- 14 -

178. The allegations of paragraph 178 are denied.

179. The allegations of paragraph 179 are denied.

180. The allegations of paragraph 180 are denied.

181. The allegations of paragraph 181 are denied.

182. The allegations of paragraph 182 are denied.

183. It is admitted that counsel for Plaintiff sent a letter to counsel for Ross dated May 4, 2018, and that such letter speaks for itself. Except as expressly admitted, denied.

184. The allegations of paragraph 184 are denied.

185. The allegations of paragraph 185 are denied.

186. The allegations of paragraph 186 are denied.

## COUNT NINE

### Breach of Implied Warranty of Merchantability

187. Ross's responses to paragraphs 1-186 of the Second Amended Complaint are incorporated by reference as though set forth in their entirety.

188. It is admitted that Plaintiff brings this count on her own behalf and seeks to assert class-action claims on this count. Except as expressly admitted, denied.

189. It is admitted that Ross sells bed sheets to the public. Except as expressly admitted, denied.

190. It is admitted that Ross sells bed sheets to the public. Except as expressly admitted, denied.

191. Paragraph 191 states a conclusion of law to which no response is required. To the extent a further response is required, the allegations are denied.

192. The allegations of paragraph 192 are denied.

193. The allegations of paragraph 193 are denied.

194. The allegations of paragraph 194 are denied.

195. It is admitted that Ross sells its products directly to consumers, as "end users," and therefore expects those products to reach "end users" in the condition in which they are sold. Except as expressly admitted, the allegations of paragraph 195 are denied.

- 15 -

1    196.    The allegations of paragraph 196 are denied.

2    197.    The allegations of paragraph 197 are denied.

3    198.    The allegations of paragraph 198 are denied.

4    199.    It is admitted that counsel for Plaintiff sent a letter to counsel for Ross dated May

5    4, 2018, and that such letter speaks for itself.  Except as expressly admitted, denied.

6    200.    The allegations of paragraph 200 are denied.

7                                    <u>COUNT TEN</u>

8                            **Negligent Misrepresentation**

9    201.    Ross's responses to paragraphs 1-200 of the Second Amended Complaint are

10   incorporated by reference as though set forth in their entirety.

11   202.    It is admitted that Plaintiff brings this count on her own behalf and seeks to assert

12   class-action claims on this count.  Except as expressly admitted, denied.

13   203.    Paragraph 203 states a conclusion of law to which no response is required.  To the

14   extent a further response is required, the allegations are denied.

15   204.    Paragraph 204 states a conclusion of law to which no response is required.  To the

16   extent a further response is required, the allegations are denied.

17   205.    The allegations of paragraph 205 are denied.

18   206.    The allegations of paragraph 206 are denied.

19   207.    The allegations of paragraph 207 are denied.

20   208.    It is denied that any products sold by Ross were defective. To the extent a further

21   response is required, the allegations of paragraph 208 are denied.

22   209.    The allegations of paragraph 209 are denied.

23   210.    The allegations of paragraph 210 are denied.

24

25

26

27

28

DEFENDANT ROSS STORES, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT
4:18-CV-02671-YGR

## COUNT ELEVEN

### Violation of the Missouri Merchandising Practices Act

211.  Ross's responses to paragraphs 1-210 of the Second Amended Complaint are incorporated by reference as though set forth in their entirety.

212.  Paragraph 212 states a conclusion of law to which no response is required.  To the extent a further response is required, the allegations are denied.

213.  The allegations of paragraph 213 are denied.

214.  The allegations of paragraph 214 are denied.

215.  The allegations of paragraph 215 are denied.

216.  The allegations of paragraph 216 are denied.

217.  The allegations of paragraph 217 are denied.

218.  The allegations of paragraph 218 are denied.

219.  The allegations of paragraph 219 are denied.

## COUNT TWELVE

### Unjust Enrichment

220.  Count Twelve was dismissed by order of the Court.  To the extent a response is required, denied.

221.  Count Twelve was dismissed by order of the Court.  To the extent a response is required, denied.

222.  Count Twelve was dismissed by order of the Court.  To the extent a response is required, denied.

223.  Count Twelve was dismissed by order of the Court.  To the extent a response is required, denied.

224.  Count Twelve was dismissed by order of the Court.  To the extent a response is required, denied.

225.  Count Twelve was dismissed by order of the Court.  To the extent a response is required, denied.

226.    Count Twelve was dismissed by order of the Court.  To the extent a response is required, denied.

227.    Count Twelve was dismissed by order of the Court.  To the extent a response is required, denied.

228.    Count Twelve was dismissed by order of the Court.  To the extent a response is required, denied.

229.    Count Twelve was dismissed by order of the Court.  To the extent a response is required, denied.

**SECOND DEFENSE**

This Court lacks subject matter jurisdiction over some or all claims asserted in the Second Amended Complaint, including claims asserted on behalf of putative class members.

**THIRD DEFENSE**

Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

**FOURTH DEFENSE**

Plaintiff lacks standing to assert claims for products she did not purchase.

**FIFTH DEFENSE**

Plaintiff did not suffer any ascertainable or other damages/injury and is not entitled to restitution as a result of any action taken by Ross.

**SIXTH DEFENSE**

Any damages that Plaintiff may have suffered were not caused by Ross and must be decreased to the extent the acts or omissions of Plaintiff or any third parties contributed to them.

**SEVENTH DEFENSE**

Plaintiff lacks standing to assert claims under inapplicable state laws.

**EIGHTH DEFENSE**

Some or all of Plaintiff's claims may be barred by applicable statutes of limitations.

**NINTH DEFENSE**

Class treatment is not appropriate for this action and no class should be certified.

1

**TENTH DEFENSE**

2

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

3

**ELEVENTH DEFENSE**

4

To the extent Plaintiff or putative class members have suffered any harm, which is

5

expressly denied, they have failed to mitigate their damages or to prevent any harm.

6

**TWELFTH DEFENSE**

7

Plaintiff's claims are barred because the products allegedly purchased were labelled in

8

accord with governing law and according to applicable standards.

9

**THIRTEENTH DEFENSE**

10

Ross did not label or manufacture the bed sheets at issue and is not responsible for any

11

representations made regarding thread count or other characteristics of the bed sheets on their

12

labels.

13

**FOURTEENTH DEFENSE**

14

To the extent Plaintiff or putative class members relied on or understood representations

15

regarding thread count as indicative of any quantifiable level of quality, durability, longevity,

16

softness, or comfort, such reliance or understanding was not reasonable.

17

**FIFTEENTH DEFENSE**

18

Plaintiff failed to provide Ross with sufficient notice and opportunity to cure in advance of

19

filing this lawsuit.

20

**SIXTEENTH DEFENSE**

21

To the extent Plaintiff's allegations are directed at parties other than Ross or allege

22

misrepresentations or misconduct by parties other than Ross, Ross is not responsible for, and does

23

not have knowledge of, such parties' alleged misrepresentations or misconduct, and denies any and

24

all liability with respect to the same.

25

//

26

//

27

//

28

//

- 19 -

1    WHEREFORE, Ross prays that:

2    1.    Plaintiff have and recover nothing in this action;

3    2.    Judgment be entered in favor of Ross;

4    3.    Plaintiff's claims be dismissed in their entirety;

5    4.    Ross be awarded its costs; and

6    5.    Ross be awarded such other and further relief as justice requires.

7    Dated: June 20, 2019                          JEFFREY B. MARGULIES
                                                    LAUREN A. SHOOR
8                                                   ANDY GUO
                                                    **NORTON ROSE FULBRIGHT US LLP**
9
                                                    JENNIFER K. VAN ZANT
10                                                  RYAN C. FAIRCHILD
                                                    **BROOKS, PIERCE, MCLENDON,**
11                                                  **HUMPHREY & LEONARD, LLP**

12

13

14                                                  By_____/s/ Andy Guo_____
                                                        ANDY GUO
15                                                      Attorneys for Defendants
                                                        ROSS STORES, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ROSS STORES, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT
4:18-CV-02671-YGR