1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

**DOMINIQUE MORRISON,**

Plaintiff**,**

vs.

**ROSS STORES, INC., ET AL.,**

Defendants**.**

CASE NO. 4:18-cv-2671-YGR

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SETTING DEADLINES FOR NOTICE, OBJECTION, EXCLUSION, AND FINAL FAIRNESS HEARING**

Dkt. No. 98

On July 13, 2021, the Court held a hearing on the motion of plaintiff Dominique Morrison for conditional certification of a settlement class in this action; preliminary approval of the parties' proposed settlement; approval of the Class Notice Packet; appointing Class Representatives, Class Counsel and the proposed Settlement Administrator; and setting a date for the hearing on final approval of the settlement. (Dkt. No. 98.)

Having considered the motion briefing, the arguments of counsel, the relevant law, the terms of the settlement agreement and the class notice, as well as the supplemental briefing and record in this case, and based on the reasons and terms set forth herein, the Court **GRANTS** the parties' motion for preliminary approval of class action settlement.

## I.     BACKGROUND

Plaintiffs filed the putative class action complaint on May 7, 2018 against defendant Ross Stores, Inc. ("Ross"), AQ Textiles, LLC ("AQ"), and Creative Textile Mills Private Limited ("Creative") alleging that they engaged in deceptive acts and unconscionable business practices designed to deceive and mislead consumers into believing that defendants' bedding and linen products had higher thread counts than they really have.  Plaintiff's amended complaint alleges claims for the following against Ross: (1) violation of the Magnusson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* ("MMWA"); (2) fraud; (3) violations of the California Consumer Legal Remedies Act, Civil Code § 1750 *et seq.* ("CLRA"); (4) unlawful business practices under California Business and Professions Code § 17200 *et seq.* ("UCL"); (5) unfair business practices under California

United States District Court
Northern District of California

1   Business and Professions Code § 17200, *et seq.*; (6) fraudulent business practices under California

2   Business and Professions Code, § 17200, *et seq.*; (7) misleading and deceptive advertising under

3   California Business and Professions Code, § 17500, *et seq.*; (8) breach of express warranty; (9)

4   breach of warranty of merchantability; (10) negligent misrepresentation; (11) violation of the

5   Missouri Merchandising Practices Act; and (12) unjust enrichment

6        The parties reached a settlement prior to class certification with the assistance of an

7   experienced mediator, Judge Elizabeth Laporte (ret.).

8   **II.      KEY TERMS OF THE SETTLEMENT AGREEMENT**

9        **A.      Injunctive Relief for the Class**

10       For a period of up to twelve years, but no less than seven years, Ross is required to ensure

11  that the thread count of the AQ products it receives and intends to sell conform to industry standards

12  for the testing and verification of thread count, so that the actual thread count for such products are

13  consistent with the representations regarding thread count listed on the labeling.  Accordingly, Ross

14  has agreed to do the following:

15       a.   Ross will require AQ to certify in writing on an annual basis beginning on January 1st

16            after the Effective Date that the description of the thread count on its packaging for

17            Products accurately reflects the actual thread count as determined by ASTM 3775, as

18            officially interpreted and amended from time to time, or any successor industry standard

19            for textile thread count for Products sold to Ross. Ross shall not be required to obtain a

20            certification from AQ if it has not purchased any Products within the previous year and

21            has not issued any purchase orders for future purchases of Products; provided, however,

22            that Ross shall require AQ to provide a certification before issuing any subsequent

23            purchase orders for Products to AQ.

24       b.   Require AQ to report in writing on an annual basis, beginning on January 1st after the

25            Effective Date, as to whether there are any known investigations by any outside entity or

26            pending claims or lawsuits regarding AQ's representations concerning thread count on

27            the Products, any remedial actions taken regarding these claims or investigations, and if

28            no remedial actions were taken, the reasons for which remedial actions were not taken.

United States District Court
Northern District of California

c.   Commencing no later than the Effective Date, Ross will require AQ to supply a passing test report for each new style of Products showing compliance with ASTM 3775, as officially interpreted and amended from time to time, or any successor industry standard for textile thread count, before taking possession of such style. Only one test report is required if the Product differs only by size or color.

The aforementioned injunctive relief will remain in effect for twelve years following final approval of this settlement, with such terms automatically terminating after twelve years. Ross may seek early termination of the injunctive relief terms no earlier than seven years, provided that there have been no violations of the required injunctive relief terms within the preceding three years.

### B.   Claims Administrator

Under the terms of the Settlement Agreement, Ross will retain CPT Group as Settlement Administrator to assist with the administration and notice of the Settlement and will pay for all of the costs and notice and the claims administration.

### C.   Attorneys' Fees and Costs

Under the Settlement Agreement, plaintiff's counsel agreed to seek up to $750,000 in attorneys' fees plus reimbursement of Class Counsel's costs and expenses.  The parties also agreed that Ross shall pay Ms. Morrison up to $5,000 as an incentive award in exchange for a general release of all claims against Ross.

### III.   PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

### A.   Legal Standard

A court may approve a proposed class action settlement of a class proposed to be certified only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification.  Fed. R. Civ. P. 23(e)(2).  In reviewing the proposed settlement, a court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998), o*verruled on other grounds by Dukes*, 564 U.S. at 131.  The *Hanlon* court identified the following factors as relevant to assessing a

3

settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Settlements that occur before formal class certification also "require a higher standard of fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). In reviewing such settlements, in addition to considering the above factors, a court also must ensure that "the settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011).

### B.     Class Definition and Basis for Conditional Certification

The Settlement Agreement, attached hereto as **Exhibit A**, defines the class as:

> All persons in the United States who purchased the Products for personal use from a Ross store on or after May 7, 2014, to the Objection/Exclusion Deadlines. Excluded from the Settlement Class are: (a) Ross's employees, officers, directors, or attorneys; (b) person who timely and properly excluded themselves from the Settlement Class as provided herein, and (c) the Court, the Court's immediate family, and Court staff.

("the Settlement Class"). The proposed class definition is nearly identical to the class definition alleged in the complaint, with the major differences being defining the exact products at issue and the insertion of the time frame of May 7, 2014 until the objection deadline.

The Court finds that, for purposes of settlement, plaintiff has satisfied the requirements of Rule 23(a) as well as the requirements for certification under one or more subsections of Rule 23(b). With respect to numerosity under Rule 23(a)(1), the Settlement Class includes 800,000 members, making it so numerous that joinder of all members is impracticable.

Rule 23(a)(2) commonality requires "questions of fact or law common to the class," though all questions of fact and law need not be in common. *Hanlon*, 150 F.3d at 1026. The focus of this action—whether Ross known, or should have known, that the thread counts on its AQ-supplied

4

sheets were inflated beyond the ASTM standard—is common to all class members.

Rule 23(a)(3) requires that the plaintiff show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Plaintiff's and members of the Settlement Class claims all stem from the same alleged conduct, *i.e.* thread count inflation and misrepresentation on the Products' packaging, making plaintiff's claims typical of class members.

With respect to Rule 23(a)(4), the Court finds the representative parties and class counsel have fairly and adequately represented the interests of the Class.  No conflicts of interest appear as between plaintiff and the members of the Settlement Class.  Class Counsel have demonstrated that they are qualified and have experience with prosecuting class actions of this kind and therefore adequate to represent the Settlement Class as well.

The Settlement Class further satisfies Rule 23(b)(3) in that common issues predominate and "a class action is superior to other available methods for fairly and efficiently adjudicating" the claims here.

Based on the foregoing, the proposed class is conditionally certified pursuant to Rule 23(c).

### C.    Settlement Agreement Appears Fair and Reasonable

The settlement agreement, a copy of which is attached hereto as **Exhibit A**, is granted preliminary approval pursuant to Rule 23(e)(2).  Based upon the information before the Court, the Settlement Agreement falls within the range of possible approval as fair, adequate and reasonable, and there is a sufficient basis for notifying the Class and for setting a Fairness and Final Approval Hearing.

As to the *Hanlon* factors, the Court finds that they indicate the settlement here is fair and reasonable.  Absent the settlement, plaintiff would have been required to show that Ross did more than just sell sheets that were deceptively labeled by AQ, which would have been difficult for plaintiff to do.  As reflected in the relevant deposition testimony of Ross employees, Ross did not design the sheets, nor did Ross specify their thread count, draft the language on the product labeling, or own or license the brand name "Grande Estate."  While Ross approved the aesthetic design of the label insert for the sheets, Ross did not make, approve, or otherwise adopt any

representations about the sheets.  Nor did Ross advertise the thread count of the Grande Estate sheets to consumers.  Thus, plaintiff would have faced challenges establishing liability against Ross.

Importantly, although the class members are releasing their damages claims as to Ross, the release does not cover the claims that can be brought against AQ or Creative, the distributor and manufacturer, respectively, of the sheets.  Given the challenges in establishing liability against Ross, and the fact that class members can still seek damages against AQ and Creative, the settlement for injunctive relief only provides value to the class members, many of which are repeat customers.

Further, proceeding to trial would have been costly; recovery was not guaranteed; and there was the possibility of protracted appeals.

The Settlement Agreement appears to have been the product of arm's length and informed negotiations.  The settlement occurred only after extensive litigation including: the exchange of thousands of pages of documents in response to discovery requests, many depositions, including that of plaintiff's and Ross's 30(b)(6) designee, service of several subpoenas on AQ and other third parties, and extensive briefing on motions seeking dismissal including a preview of Ross's summary judgment motion based on the innocent retailer defense.  Thus, the parties have vetted their claims and know the strengths and weaknesses of their case.

In addition, the three mediation sessions conducted by the Honorable Jay C. Gandhi and the Honorable Hon. Elizabeth D. Laporte (twice), demonstrates that the settlement reached by the parties was a result of serious, informed, non-collusive, and arms-length negotiation.  Counsel for both parties are highly experienced.  Accordingly, the Court finds that the record does not indicate collusion or self-dealing.  *See In re Bluetooth*, 654 F.3d at 946-47.

The relief provided for the Class appears to be adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreements required to be identified under Rule 23(e)(3).

United States District Court
Northern District of California

1  Moreover, the Settlement Agreement appears to treat Class members equitably relative to

2  each other.

3  Based on the foregoing, the Court conditionally certifies the class and provisionally

4  appoints Audet & Partners, LLP, Cueno, Gilbert & LaDuca, LLP, Levin, Sedran & Berman, and

5  Steckler Wayne Cochran Cherry PLLC, as Class Counsel and plaintiff Dominique Morrison as

6  class representative(s).

7  **IV.    PLAN OF NOTICE AND ADMINISTRATION**

8  **A.    Notice Plan**

9  A court must "direct notice [of a proposed class settlement] in a reasonable manner to all

10  class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "The class must be

11  notified of a proposed settlement in a manner that does not systematically leave any group without

12  notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate

13  notice requires: (i) the best class notice practicable; (ii) reasonably calculated, under the

14  circumstances, to apprise the Class members of the proposed settlement and of their right to object

15  or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due,

16  adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable

17  requirements of due process and any other applicable requirements under federal law. *Phillips*

18  *Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably

19  calculated, under all the circumstances, to apprise interested parties of the pendency of the action

20  and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr.*

21  *Co.*, 339 U.S. 306, 314 (1950).

22  The parties' proposed notice plan appears to be constitutionally sound in that plaintiff has

23  made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under

24  the circumstances, to apprise the Class members of the proposed settlement and of their right to

25  object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and

26  constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv)

27  meet all applicable requirements of due process and any other applicable requirements under

28  federal law.

7

The Court approves form of the [long-form] Notice of Proposed Class Action Settlement attached as **Exhibit B** to this Order.  The Court also approves the form of the Short-Form Notice attached hereto as **Exhibit C**.  The Settlement Administrator will have the long-form class notice translated into Spanish, as well as the settlement website.  Furthermore, the press release will include a subheader in Spanish informing class members that there are Spanish translations of the relevant notice documents.  Taken together these notices are sufficient to inform Class members of the terms of the Settlement Agreement, their rights under the Settlement Agreement, their rights to object to or comment on the Settlement Agreement, their right to receive a payment or opt out of the Settlement Agreement, the process for doing so, and the date and location of the Fairness and Final Approval hearing.  The forms of plan of notice are therefore **APPROVED**.

**B.     Settlement Administrator**

CPT Group, Inc. is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement.

The Settlement Administrator shall distribute the Class Notice according to the notice plan described in the Settlement Agreement and substantially in the form approved herein, no later than September 24, 2021 ("Notice Date").  Proof of distribution of the Class Notice shall be filed by the parties in conjunction with the motion for final approval.

Ross is directed to provide to the Settlement Administrator the Class members' contact data as specified by the Settlement Agreement no later than September 10, 2021.

**D.     Exclusion/Opt-Out**

Any Class Member shall have the right to be excluded from the Class by mailing a request for exclusion to the Settlement Administrator no later than November 29, 2021.  Requests for exclusion must be in writing and set forth the name and address of the person [or entity] who wishes to be excluded, [as well as all trade names or business names and addresses used by such person or entity,] and must be signed by the class member seeking exclusion.  No later than January 11, 2022, Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the Class as provided in the Settlement Agreement.

1   Any Class Member who does not request exclusion from the settlement class as provided

2   above shall be bound by the terms and provisions of the Settlement Agreement upon its final

3   approval, including but not limited to the releases, waivers, and covenants described in the

4   Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement

5   and whether or not such person or entity makes a claim upon the settlement funds.

6   **E.    Objections**

7   Any Class Member who has not submitted a timely request for exclusion from the

8   Settlement Agreement shall have the right to object to (1) the Settlement Agreement, (2) and/or

9   Class Counsel's motion for attorneys' fees and Class Representative Awards by mailing to the

10   Settlement Administrator a written objection and stating whether they intend to appear at the

11   Fairness Hearing, as set forth in the Class Notice, no later than November 29, 2021.  Failure to

12   submit a timely written objection will preclude consideration of the Class Member's later

13   objection at the time of the Fairness Hearing.

14   **F.    Attorneys' Fees and Class Representative Awards**

15   Plaintiff(s) and their counsel shall file their motion for attorneys' fees and for Class

16   Representative awards no later than October 18, 2021.  Each settlement class member shall have

17   the right to object to the motion for attorneys' fees and Class Representative awards by filing a

18   written objection with the Court no later than November 15, 2021.

19   Plaintiffs shall file a reply brief responding to any timely objection no later than November

20   29, 2021

21   **G.    Fairness and Final Approval Hearing**

22   All briefs, memoranda, and papers in support of final approval of the settlement shall be

23   filed no later than December 17, 2021.

24   The Court will conduct a Fairness and Final Approval Hearing on Tuesday, January 25,

25   2022, at 2:00 p.m., to determine whether the Settlement Agreement should be granted final

26   approval as fair, reasonable, and adequate as to the Class.  The Court will hear all evidence and

27   argument necessary to evaluate the Settlement Agreement and will consider Class Counsel's

28   motion for attorneys' fees and for Class Representative awards.

United States District Court
Northern District of California

9

Class members may appear, by counsel or on their own behalf, to be heard in support of or opposition to the Settlement Agreement and Class Counsel's Motion for attorneys' fees and Class Representative awards by filing a Notice of Intention to Appear no later than December 24, 2021.

The Court reserves the right to continue the date of the final approval hearing without further notice to Class members.

The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

**H.     Post-Distribution Accounting**

If final approval is granted, the parties will be required to file a Post-Distribution Accounting in accordance with this District's Procedural Guidance for Class Action Settlements and at a date set by the Court at the time of the final approval hearing.  Counsel should prepare accordingly.

| Summary of Key Dates | |
|---|---|
| **Event** | **Date** |
| Class data to be provided to Settlement Administrator | September 10, 2021 |
| Class Notice to be sent by | September 24, 2021 |
| Class Counsel to file their motion for fees and costs and Class Representative awards | October 18, 2021 |
| Postmark deadline to submit objection or request for exclusion | November 29, 2021 |
| Motion for Final Approval to be filed by | December 17, 2021 |
| Class counsel and settlement administrator to submit supplemental statements regarding status of notice program, objections, opt-outs | January 11, 2022 |
| Fairness and Final Approval Hearing | January 25, 2022 <br><br> NOTE: Subject to change without further notice to the Class. |

**IT IS SO ORDERED.**

This terminates Docket No. 98.

Dated: August 27, 2021

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

United States District Court
Northern District of California

10

# EXHIBIT A

1  JEFFREY B. MARGULIES (BAR NO. 126002)
2  EVA YANG (BAR NO. 306215)
   **NORTON ROSE FULBRIGHT US LLP**
3  555 South Flower Street
   Forty-First Floor
4  Los Angeles, California  90071
   Telephone:    (213) 892-9200
5  Facsimile:    (213) 892-9494
   jeff.margulies@nortonrosefulbright.com
6  eva.yang@nortonrosefulbright.com

7
   ATTORNEYS FOR DEFENDANT
8  ROSS STORES, INC.

9                        UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11                             OAKLAND DIVISION

12

13  DOMINIQUE MORRISON, on behalf of       Case No. 4:18-cv-02671-YGR
    herself and all others similarly situated,

14                                          Assigned for All Purposes to the Hon. Yvonne
                                            Gonzalez Rogers
15                   Plaintiff,
    vs.                                     **STIPULATION OF SETTLEMENT**
16
    ROSS STORES, INC.,
17
                     Defendants.
18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

102312476.1                        1                   Case No.: 3:18-cv-02671-YGR

1          This Stipulation of Settlement is made by and among Dominque Morrison ("Plaintiff"), on

2    behalf of herself and the Settlement Class (defined below), on the one hand, and Ross Stores, Inc.,

3    on the other.

4                                                **RECITALS**

5          A.      On May 7, 2018, Plaintiff commenced a proposed class action against Ross Stores,

6    Inc. ("Ross"), AQ Textiles, LLC ("AQ"), and Creative Textile Mills Private Limited ("Creative")

7    in the United States District Court, Northern District of California, Case No. 4:18-cv-02671-

8    YGR.  Plaintiff alleged that the bed sheets that she purchased from Ross that were imported by

9    AQ and manufactured by Creative were represented to have a higher thread count than they

10   actually had. Plaintiff asserted claims on behalf of herself and a proposed California class of all

11   purchasers that purchased bedding linen or bedding products from defendants that were

12   represented as having higher thread counts for violation of the Magnuson-Moss Warranty Act, 15

13   U.S.C. § 2301, *et seq*. ("MMWA"), fraud, violation of the Consumer Legal Remedies Act, Civ.

14   Code § 1750, *et seq*. ("CRLA"), violation of California's Unfair Competition Law, Bus. & Prof.

15   Code § 17200, *et seq*. ("UCL") under the unlawful, unfair, and fraudulent prong, violation of

16   False Advertising Law, Bus. & Prof. Code § 17500, *et seq*. ("FAL"), breach of express warranty,

17   breach of warranty of merchantability, and negligent misrepresentation.

18         B.      On June 29, 2018, AQ and Ross each filed a motion to dismiss the Complaint.  On

19   July 20, 2018, prior to the motion to dismiss hearings, Plaintiff filed an amended complaint

20   ("FAC"). The Court vacated the motion to dismiss hearing as moot.

21         C.      Plaintiff's FAC alleged the same claims, but added a claim for violation of the

22   Missouri Merchandising Practices Act ("MMPA"), Missouri Rev. Stat. § 407.020. Rather than a

23   California class, the FAC sought to certify a proposed Missouri and nationwide class. The claims

24   alleged under the CLRA, UCL, and FAL are alleged against Ross only, the others are alleged

25   against all defendants.

26         D.      On August 3, 2018, AQ and Ross again moved to dismiss the FAC.  On November

27   14, 2018, the Court granted both motions but allowed Plaintiff leave to amend with respect to the

28

DOCUMENT PREPARED
ON RECYCLED PAPER

1    claims against Ross. The Court found that Plaintiff failed to establish personal jurisdiction as to

2    AQ, and therefore granted AQ's motion without allowing Plaintiff leave to amend her claims

3    against AQ.

4         E.       On December 4, 2018, Plaintiff filed a Second Amended Complaint ("SAC")

5    alleging the same claims in the FAC, and adding a claim for unjust enrichment. Plaintiff asserted

6    these claims on behalf of herself and a proposed Missouri and nationwide class who purchased

7    bedding or linen products from Ross that were manufactured or supplied by AQ and/or Creative

8    and that were packaged or advertised with a representation regarding thread count. On January 4,

9    2019, Ross filed a motion to dismiss the SAC.

10        F.       On May 30, 2019, the Court granted Ross's motion to dismiss as to Plaintiff's

11   claims for violation of MMWA and unjust enrichment without leave to amend.  As such, the

12   operative claims that currently remain are: (1) fraud; (2) violation of the CLRA; (3) violation of

13   UCL under its unlawful prong, unfair prong, and fraudulent prong; (4) violation of the FAL; (5)

14   breach of express warranty; (6) breach of warranty of merchantability; (7) negligent

15   misrepresentation; and (8) violation of the MMPA.

16        G.       On June 20, 2019, Ross answered Plaintiff's SAC, denying Plaintiff's allegations

17   and asserting several affirmative defenses.

18        H.       On July 8, 2019, the parties attended an initial case management conference where

19   the Court set various scheduling deadlines and referred the case to mediation.

20        I.       On November 13, 2020, the parties attended a full day mediation before the Hon.

21   Jay C. Gandhi. The parties exchanged detailed settlement proposals and continued to engage in

22   settlement discussions following the mediation.

23        J.       On March 23, 2020, due to the worsening situation with COVID-19 and

24   government mandated closures, the parties stipulated to vacate all existing deadlines. The parties

25   thereafter submitted two stipulations further extending their time to submit a proposed briefing

26   schedule due to the continued state closures and circumstances surrounding COVID-19.

27        K.       On July 20, 2020, the Court ordered the parties to jointly submit a proposed

28

DOCUMENT PREPARED
ON RECYCLED PAPER

1  scheduling order, which was submitted to the Court on November 23, 2020.

2       L.      On January 7, 2021, in accordance with the Court's Standing Order, Ross

3  requested a pre-filing conference in connection with its anticipated motion for summary

4  judgment.  On January 14, 2021, the Court found that the pre-filing conference was premature,

5  although noting that it cannot prohibit a party from filing a motion for summary judgment. As

6  such, Ross was prepared to file a motion for summary judgment as to all of Plaintiff's claims on

7  the basis that, among others, Ross, as a retailer, did not make or participate in any representations

8  regarding the thread count of the sheets that Plaintiff purchased.

9       M.      On February 18, 2021, the parties attended a second mediation session before the

10  Hon. Elizabeth D. Laporte (ret.) and continued to discuss possible settlement of the matters.

11      N.      On March 3, 2021, the parties attended a third mediation session before the Hon.

12  Elizabeth D. Laporte (ret.) and reached a settlement in principle of this matter.

13      O.      Ross denies all of Plaintiff's allegations and charges of wrongdoing or liability

14  arising out of any of the conduct, statements, acts or omissions alleged, or that could have been

15  alleged in the Litigation.  Ross also denies that Plaintiff, the Settlement Class, or any member of

16  the Settlement Class have suffered damage or harm by reason of any alleged conduct, statement,

17  act or omission of Ross.  Ross further denies that the litigation meets the requisites for

18  certification as a class action under Rule 23 of the Federal Rules of Civil Procedure, except for

19  purposes of settlement, or that the evidence is sufficient to find liability as to Ross for any of

20  Plaintiff's claims that are alleged.

21      P.      Plaintiff's counsel has analyzed and evaluated the merits of all the Parties'

22  contentions and this Settlement as it impacts all the Parties and the Settlement Class Members,

23  including, but not limited to, engaging in discovery and reviewing voluminous documents

24  produced, taking the depositions of relevant witnesses, consulting with experts and evaluating the

25  facts and evidence to date. Among the risks of continued litigation for Plaintiff are the risks of

26  failing to prove liability and damages on a class-wide or individual basis. In particular, there may

27  be difficulties establishing that Ross made a representation or had any input, comment, or control

28

DOCUMENT PREPARED
ON RECYCLED PAPER

1  over the thread count language on sheets that were supplied and labeled by AQ, that Plaintiff's

2  claims are typical, or that common questions of fact or law predominate. Plaintiff and Plaintiff's

3  counsel, after taking into account the foregoing along with other risks and the costs of further

4  litigation, are satisfied that the terms and conditions of this Agreement are fair, reasonable,

5  adequate and equitable, and that a settlement of the Litigation and the prompt provision of

6  effective relief to the Settlement Class are in the best interest of the Settlement Class Members.

7       Q.    Ross agrees that the settlement is fair and reasonable in light of the merits and

8  risks of the case. While continuing to deny all allegations of wrongdoing and disclaiming any

9  liability with respect to any and all claims, Ross considers it desirable to resolve the Litigation on

10 the terms stated herein, in order to avoid further burden, expense, inconvenience, and interference

11 with its ongoing business operations.

12      In consideration of the covenants and agreements set forth herein, and of the releases and

13 dismissals of claims as described below, and other good and valuable consideration, the receipt

14 and sufficiency of which hereby is acknowledged by each of the Parties, Plaintiff on behalf of

15 herself and the Settlement Class and Ross agree to the Settlement described herein, subject to

16 Court approval, under the following terms and conditions:

17 I.    **DEFINITIONS**

18      1.1    "Agreement" or "Settlement" means this Stipulation of Settlement.

19      1.2    "AQ" means AQ Textiles, LLC. as presently organized and includes any subsequent

20 or additional business or other entities created to continue the present business operations of AQ

21 in whole or part.

22      1.3    "Class Counsel" means Audet & Partners, LLP; Cuneo, Gilbert & LaDuca; Levin,

23 Sedran & Berman; and Steckler Wayne Cochran Cherry PLLC.

24      1.4    "Class Representative" means Plaintiff Dominique Morrison.

25      1.5    "Complaint" means the operative complaint filed in the Litigation by Plaintiff.

26      1.6    "Defendant" or "Ross" means Ross Stores, Inc.

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

1      1.7    "Defendant's Counsel" or "Ross's Counsel" of "Defense Counsel" means

2 Defendant's counsel of record in the Litigation, Norton Rose Fulbright US LLP.

3      1.8    "Effective Date" means the later of: (i) the expiration date of the time for filing a

4 notice of appeal from the Final Approval or (ii) if a notice of appeal is filed, but the Final Approval

5 is affirmed or the appeal is dismissed, the date upon which the mandate of the Court of Appeals is

6 issued.

7      1.9    "Early Termination" means the early termination of the injunctive relief terms that

8 is prior to twelve (12) years after Final Approval.

9      1.10   "Exclusion Deadline" means the deadline for which the Settlement Class Member

10 must request to be excluded from the Settlement Class as to the Released Claims, 90 days after the

11 Court preliminarily approves this Settlement.

12      1.11   "Fee and Expense Award" means the amount awarded to Class Counsel by the Court

13 for attorneys' fees, costs, and expenses.

14      1.12   "Final Approval" means an order by the Court for, among other things, final

15 approval of the Settlement.

16      1.13   "Final Approval Hearing" means the hearing for which the Court considers whether

17 to grant or deny the final approval of the Settlement.

18      1.14   "Incentive Award" means any award sought by application to and approval by the

19 Court that is payable to Plaintiff to compensate her for efforts in bringing this Litigation and/or

20 achieving the benefits of this settlement on behalf of the Settlement Class, as further discussed in

21 section 6.2.

22      1.15   "Judgment" means the judgment to be entered by the Court pursuant to the

23 Settlement.

24      1.16   "Litigation" means *Dominque Morrison v. Ross Stores, Inc., et al.*, United States

25 District Court for the Northern District of California, Case No. 4:18-cv-02671-YGR.

26      1.17   "Notice" means a document, which includes both the Long Form Notice and

27 Summary Notice, to be disseminated in accordance with the Preliminary Approval Order,

28

informing Persons who fall within the Settlement Class definition of, among other things, the pendency of the Litigation, the material terms of the proposed Settlement and their options with respect thereto. Proposed Long Form Notice and Summary Notice has been concurrently filed.

1.18   "Notice Plan" means the method of providing the Class with notice of the Settlement. A proposed Notice Plan has been concurrently filed.

1.19   "Notice of Early Termination" means a written document prepared by Ross or Ross's counsel notifying Plaintiff's Counsel of Early Termination.

1.20   "Objection Deadline" means the date by which Settlement Class Members must file objections, if any, to the Settlement, 90 days after the Court preliminarily approves this Settlement.

1.21   "Parties" means Plaintiff and Defendant, collectively.

1.22   "Party" means either Plaintiff or Defendant.

1.23   "Plaintiff" or "Class Representative" means Dominque Morrison.

1.24   "Plaintiff's Counsel" means Plaintiff's counsel of record in the Litigation, Audet & Partners, LLP; Cuneo Gilbert & Laduca; Levin Sedran & Berman; and Steckler Wayne Cochran Cherry PLLC.

1.25   "Preliminary Approval Order" means an order providing for, among other things, preliminary approval of the Settlement and dissemination of the Notice to the Settlement Class according to the Notice Plan.

1.26   "Products" means polyester/cotton sheets imported and supplied to Ross by AQ Textiles, LLC that are packaged or advertised with a representation regarding thread count as identified on **Exhibit A**.

1.27   "Released Claims" means the release and discharge of the Released Parties by the Settlement Class from any and all claims, liens, demands, actions, causes of action, rights, duties, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, known or unknown, whether arising under any international, federal, state or local statute, ordinance, common law, regulation, principle of equity or otherwise, that that were, or could

have been, asserted in the Litigation and that arise out of or relate to the allegations thereof, or to any similar allegations or claims regarding the thread count of the Products.

1.28 "Released Parties" means Defendant and its present and former subsidiaries, parents, affiliates, divisions, officers, directors, members, managers, shareholders, insurers, re-sellers, distributors, brokers, service providers, employees, agents, legal representatives, heirs, predecessors, successors, or assigns. Released Parties does not include AQ or Creative Textiles LLC.

1.29 "Settlement Administrator" means CPT Group.

1.30 "Settlement Class" or "Settlement Class Members" means all persons in the United States who purchased the Products for personal use from a Ross store on or after May 7, 2014, to the Objection/Exclusion Deadlines. Excluded from the Settlement Class are: (a) Ross's employees, officers, directors and attorneys; (b) persons who timely and properly exclude themselves from the Settlement Class as provided herein, and (c) the Court, the Court's immediate family, and Court staff.

1.31 "Settlement Website" means an internet website created and maintained by the Settlement Administrator. The URL of the Settlement Website shall be provided in the Notice Plan.

II.   **CERTIFICATION OF THE SETTLEMENT CLASS**

2.1 The Parties agree, for settlement purposes only, that the Settlement Class shall be certified and proceed as a class action under Federal Rule of Civil Procedure 23(b)(3) or 23(b)(2), or both, with a class consisting of all Settlement Class Members, and with Plaintiff as the Class Representative and with Class Counsel as counsel for the Settlement Class Members.

2.2 In the event that the Court declines to enter the Preliminary Approval Order or to grant Final Approval (or enters any order that increases the cost or burden of the settlement to Defendant beyond what is set forth in this Agreement), the Parties may, but are not required to, modify this Agreement. Such a modification shall be binding only if it is in writing and executed by Plaintiff's Counsel and Defendant's Counsel.

Document Prepared
on Recycled Paper

2.3     In the event the Settlement is terminated or for any reason the Settlement is not effectuated, the certification of the Settlement Class shall be vacated and the Litigation shall proceed as if the Class had not been certified. Any certification of a conditional, preliminary or final Settlement Class, pursuant to the terms of this Agreement, shall not be construed as an admission on the part of Ross that the Settlement Class is appropriate for certification as a litigation class under the Federal Rules of Civil Procedure or any similar state or federal class action statute or rule.

III.    **SETTLEMENT CONSIDERATION**

3.1     <u>Injunctive Relief</u>. Ross will provide the Class with injunctive relief by way of the following:

a)      Ross will require AQ to certify in writing on an annual basis beginning on January 1st after the Effective Date that the description of the thread count on its packaging for Products accurately reflects the actual thread count as determined by ASTM 3775, as officially interpreted and amended from time to time, or any successor industry standard for textile thread count for Products sold to Ross. Ross shall not be required to obtain a certification from AQ if it has not purchased any Products within the previous year and has not issued any purchase orders for future purchases of Products; provided, however, that Ross shall require AQ to provide a certification before issuing any subsequent purchase orders for Products to AQ.

b)      Ross will require AQ to report in writing on an annual basis beginning on January 1st after the Effective Date as to whether there are any known investigations by any outside entity or pending claims or lawsuits regarding AQ's representations concerning thread count on the Products, any remedial actions taken regarding these claims or investigations, and if no remedial actions were taken, the reasons for which remedial actions were not taken.

c)      Commencing no later than the Effective Date, Ross will require AQ to supply a passing test report for each new style of Products showing compliance with ASTM 3775, as officially interpreted and amended from time to time, or any successor industry standard for

DOCUMENT PREPARED
ON RECYCLED PAPER

textile thread count, before taking possession of such style. Only one test report is required if the Product differs only by size or color.

          d)    <u>Termination</u>. The injunctive relief terms set forth in Section 3.1 will remain in effect for 12 years following Final Approval of this Settlement, with such terms automatically terminating after 12 years. Ross may seek Early Termination of the injunctive relief terms in Section 3.1 no earlier than seven years, provided that there have been no violations of such injunctive relief terms within the preceding three years.

    The aforementioned injunctive relief will be implemented and commence within 30 days of the Effective Date of this agreement.

## IV.    **FEE AND EXPENSE AND INCENTIVE AWARDS**

    4.1    Class Counsel will make an application to the Court for an Attorneys' Fee and Expense Award in an amount not to exceed $750,000, plus reimbursement of Class Counsel's costs and expenses in the amount of up to $40,000. Any motion for attorneys' fees and costs and expenses must be filed at least 35 days before the Objection Deadline.

    4.2    The Fee and Expense Award shall be the total obligation of Ross to pay for attorneys' fees, costs, and/or expenses of any kind (including, but not limited to, travel, filing fees, court reporter, and videographer expenses, expert fees, and costs, and document review and production costs) related to this Litigation.

    4.3    Class Counsel shall have the sole and absolute discretion to allocate the Fee and Expense Award amongst Plaintiff's Counsel and any other attorneys for Plaintiff. Ross shall have no liability or other responsibility for allocation of any such attorney's fees and expenses awarded, and, in the event that any dispute arises relating to allocation of fees, Class Counsel agree to hold Ross harmless from, and indemnify Ross with respect to, any and all such liabilities, costs, and expenses, including attorneys' fees and costs of such dispute. Except as set forth in this Agreement, each Party shall bear his, her or its own fees, costs and expenses.

    4.4    Plaintiff may additionally apply to the Court for an Incentive Award as compensation for the time and effort undertaken in and risks of pursuing this Litigation, including

DOCUMENT PREPARED ON RECYCLED PAPER

the risk of liability for the Parties' costs of suit, and for agreeing to the general release set forth in Section 6.1. The Incentive Award shall not exceed $5,000.

4.5     Ross agrees not to oppose or to submit any evidence or argument challenging or undermining the applications for Fee and Expense Award or Incentive Award, provided such applications are consistent with Sections 4.1 and 4.4. Plaintiffs' Counsel and Plaintiff agree that the denial of, reduction or downward modification of, or failure to grant any application for attorneys' fees, costs, and expenses or Incentive Awards shall not constitute grounds for modification or termination of this Agreement, including the settlement and releases provided for herein.

4.6     Ross shall pay any Fee and Expense Award or Incentive Award within 30 days of the Effective Date.

## V.     NOTICE TO THE CLASS AND ADMINISTRATION OF SETTLEMENT

5.1     The Class Notice shall conform to all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clauses), the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable law, and shall otherwise be in the manner and form approved by the Court.

5.2     Ross shall retain the Settlement Administrator to facilitate the notice process by assisting the Parties in the implementation of the Notice Plan. The Settlement Administrator will help implement the terms of this Settlement. The Settlement Administrator shall be responsible for administrative tasks, including, without limitation, (a) notifying the appropriate state officials about the Settlement, (b) arranging, as set forth in this Section and in the Preliminary Approval Order, for distribution of Class Notice in accordance with the Notice Plan to Settlement Class Members, (c) answering inquiries from Settlement Class Members and/or forwarding such written inquiries to Class Counsel or their designee, (d) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding exclusions from the Settlement, (e) posting notices on the Settlement Website, and other related documents, and (f) otherwise assisting with implementation and administration of the Settlement terms.

DOCUMENT PREPARED
ON RECYCLED PAPER

5.3     The Settlement Administrator will create and maintain a Settlement Website, which will contain relevant Settlement information and case-related documents such as this Agreement, the Notice, Preliminary Approval Order, applicable deadlines, all papers filed in support of the proposed Agreement (including Plaintiff's anticipated motion for a Fee and Expense Award), orders of the Court pertaining to this Agreement, opt-out process, and contact information for the Settlement Administrator for a toll-free telephone number, e-mail, and U.S. mail. The Parties shall use reasonable efforts to agree on all information and documents to be posted on the Settlement Website and no information shall be posted or provided without the Parties' express approval.

5.4     Notice shall be provided as provided in the Notice Plan as approved by the Court.

5.5     The Parties shall supervise the Settlement Administrator in the performance of the notice functions set forth herein.

5.6     At least 14 days prior to the Final Approval Hearing, the Settlement Administrator shall certify to the Court that it has complied with the notice requirements set forth herein.

5.7     Ross will bear the cost of the Notice and Settlement Administrator.

VI.     **RELEASES**

6.1     <u>Releases Regarding Named Plaintiff (Class Representative) and Released Parties.</u> Upon Final Approval, Plaintiff on the one hand, and Ross on the other hand, shall have unconditionally, completely, and irrevocably released and forever discharged each other from and shall be forever barred from instituting, maintaining, or prosecuting (1) any and all claims, liens, demands, actions, causes of action, rights, duties, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, known or unknown, that actually were, or could have been, asserted in the Litigation as to each Party, whether based upon any violation of any state or federal statute or common law or regulation or otherwise, or arise directly or indirectly out of, or in any way relate to, the allegations, claims, or contentions that Plaintiff, on the one hand, and Ross, on the other hand, have had in the past, or now have, related in any manner to Ross's products and services or business affairs; and (2) any and all other claims, liens, demands, actions, causes of action, rights, duties, obligations, damages or liabilities of any nature whatsoever, whether

DOCUMENT PREPARED
ON RECYCLED PAPER

1    legal or equitable or otherwise, known or unknown, that Plaintiff, on the one hand, and Ross, on

2    the other hand, have had in the past or now have, related in any manner to any and all Released

3    Parties' products, services or business affairs, or otherwise.

4        6.2   <u>Releases Regarding Settlement Class Members and released Parties.</u> Upon Final

5    Approval, Settlement Class Members shall have unconditionally, completely, and irrevocably

6    released and discharged the Released Parties from any and all claims, liens, demands, actions,

7    causes of action, rights, duties, obligations, damages or liabilities of any nature whatsoever, whether

8    legal or equitable or otherwise, known or unknown, whether arising under any international,

9    federal, state or local statute, ordinance, common law, regulation, principle of equity or otherwise,

10   that that were, or could have been, asserted in the Litigation and that arise out of or relate to the

11   allegations thereof, or to any similar allegations or claims regarding the Products (the Released

12   Claims"). Upon Final Approval, Settlement Class Members shall be forever barred from initiating,

13   maintaining, or prosecuting any Released Claims against Released Parties.

14       6.3   All Parties to this Settlement Agreement, including the Settlement Class,

15   specifically acknowledge that they have been informed by their legal counsel, via the Notice, of

16   Section 1542 of the California Civil Code (and any similar State laws) and they expressly waive

17   and relinquish any rights or benefits available to them under this statute (and any similar State

18   laws). California Civil Code § 1542 provides:

19           A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
20           THAT THE CREDITOR OR RELEASING PARTY DOES NOT
             KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
21           THE TIME OF EXECUTING THE RELEASE AND THAT, IF
             KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY
22           AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR
             OR RELEASED PARTY.
23

24       6.4   Notwithstanding Section 1542 of the California Civil Code, or any other federal or

25   state statute or rule of law of similar effect, this Agreement shall be given full force and effect

26   according to each and all of its expressed terms and provisions, including those related to any

27   unknown or unsuspected claims, liabilities, demands, or causes of action which are based on, arise

28   from or are in any way connected with the Litigation.

DOCUMENT PREPARED
ON RECYCLED PAPER

1    6.5    <u>Effectuation of Settlement.</u> None of the above releases include releases of claims or

2    otherwise affects the rights of Settlement Members to pursue any other party not expressly released,

3    including AQ and Creative, regarding the allegations in the Litigation regarding Products sold by

4    Ross.

5    6.6    <u>No Admission of Liability.</u> This Agreement set forth herein reflects, among other

6    things, the compromise and settlement of disputed claims among the Parties, and neither this

7    Agreement nor the releases given herein, nor any consideration therefor, nor any actions taken to

8    carry out the terms of this Agreement, are intended to be, nor may they be deemed or construed to

9    be, an admission or concession of liability, or the validity of any claim, defense, or of any point of

10   fact or law on the part of any Party. Ross denies the material allegations of the Complaint and

11   denies any wrongdoing or liability as to the Litigation. Neither this Agreement, nor the fact of the

12   Agreement set forth herein, nor the settlement proceedings, nor the settlement negotiations, nor any

13   related document, shall be used as an admission of any fault or omission by any or all of the

14   Released Parties, or be offered or received in evidence as an admission, concession, presumption,

15   or inference of any wrongdoing or liability by any or all of the Released Parties in any proceeding,

16   other than such proceedings as may be necessary to consummate, interpret or enforce this

17   Agreement.

18   VII.   **CLASS SETTLEMENT PROCEDURES**

19   7.1    <u>Preliminary Approval Order.</u> As soon as practicable following the signing of this

20   Agreement, Class Counsel shall apply to the Court for entry of the Preliminary Approval Order,

21   certifying the Settlement Class; preliminarily approving this Agreement as fair, just, reasonable and

22   adequate; approving Notice to the Settlement Class Members as described in Section V above; and

23   setting the Final Approval Hearing of the Agreement and any objections thereto.

24   7.2    <u>Final Approval Order and Judgment</u>. At or before the Final Approval Hearing,

25   Plaintiff, with the support of Ross, shall move for entry of an order of Final Approval, granting

26   final approval of this Agreement and adjudging this Agreement to be final, fair, reasonable,

27   adequate, and binding on all Settlement Class Members who have not excluded themselves from

28

1  the Settlement Class as provided below; ordering that the settlement relief be provided as set forth

2  in this Agreement and giving effect to the releases as set forth herein; and entering Judgment in the

3  Litigation.

4       7.3    <u>Exclusions and Objections.</u> The Notice and Settlement Website shall advise

5  prospective Settlement Class Members of their rights to forego the benefits of this Agreement with

6  respect to the Released Claims and pursue an individual claim; to object to this settlement

7  individually or through counsel; and to appear at the Final Approval Hearing. The proposed

8  Preliminary Approval Order, Notice, and Settlement Website will also provide that any Settlement

9  Class Members wishing to object or exclude themselves who fail to properly or timely file or serve

10 any of the requested information and/or documents will be precluded from doing so.

11      7.4    <u>Objections to the Settlement.</u> Settlement Class Members shall have the right to

12 appear and show cause, if they have any reason why the terms of this Agreement should not be

13 given Final Approval. Any objection to this Agreement, including any of its terms or provisions,

14 must be in writing, in the manner set forth in the Notice, and postmarked by the Objections

15 Deadline. Class Members may object either on their own or through an attorney hired at their own

16 expense. Any objection regarding or related to the Agreement shall contain a caption or title that

17 identifies it as "Objection to Class Settlement in *Dominque v. Ross Stores, Inc. et al.*, Case No.

18 4:18-CV-02671-YGR" and also shall contain information sufficient to identify and contact the

19 objecting party (or his or her attorney, if any), as well as a clear and concise statement of the

20 objection, documents sufficient to establish the basis for their standing as a Settlement Class

21 Member, i.e., verification under oath as to the approximate date(s) and location(s) of their

22 purchase(s) of the Products, the facts supporting the objection, and the legal grounds on which the

23 objection is based. Any objections not submitted to the Court by the Objection Deadline are deemed

24 waived. If an objecting party chooses to appear at the Final Approval Hearing, that party must file

25 with the Court, at least 30 days before the Final Approval Hearing, a notice of intent to appear and

26 that notice must list the name, address and telephone number of the attorney, if any, who will appear

27 on behalf of that party.

28

DOCUMENT PREPARED
ON RECYCLED PAPER

7.5 <u>Right to Respond to Objections.</u> Class Counsel and Defendant shall have the right, but not the obligation, to respond to any objection, by filing opposition papers no later than seven calendar days prior to the Final Approval Hearing, or on such other date as set forth in the Preliminary Approval Order, or any subsequent Court order(s) modifying the briefing schedule for the Final Approval Hearing. The Party responding shall file a copy of the response with the Court, and shall serve a copy, by regular mail, hand or overnight delivery, in the Party's discretion, to the objector (or counsel for the objector), Class Counsel and Defense Counsel, to the extent the objector or their counsel do not receive notice of electronic filing via the Court's ECF filing system.

7.6 <u>Ability to Opt Out.</u> If any Settlement Class Member wishes to be excluded from this Agreement and the Settlement Class, the Settlement Class Member may do so by completing and submitting the online form at the Settlement Website or by mailing a valid request to opt out, as described in the Notice, to the Settlement Administrator, provided however, that a Settlement Class Member's ability to opt out is solely as to the Released Claims and no Settlement Class Member may opt out with regard to the benefit of the injunctive relief terms as set forth in Section 3.1. Requests to exclude must be submitted online by the Exclusion Deadline, or if mailed must be *received by* the Settlement Administrator (not just postmarked) by the Exclusion Deadline, or they shall not be valid. For exclusion requests that are submitted online, the Class Member shall have the opportunity to print a page immediately after submission showing the information entered and the date and time the request for exclusion was received. A Settlement Class Member who elects to opt out of this Settlement and the Settlement Class shall not be permitted to object to this Settlement. Settlement Class Members shall be encouraged, but not required, to provide their email addresses in their requests for exclusion. Each request for exclusion must be submitted individually and may not be submitted on behalf of more than one individual. So-called "mass" or "class" requests for exclusion shall not be allowed.

7.7 <u>Effect of Opt Out or Objection.</u> Any Settlement Class Member who does not request exclusion from the Settlement has the right to object to the Settlement. Any Class Member who wishes to object must timely submit an objection. If a Class Member submits an objection and a

DOCUMENT PREPARED
ON RECYCLED PAPER

written request for exclusion, he or she shall be deemed to have complied with the terms of the opt out procedure and shall not be bound by the Agreement if approved by the Court. However, any objector who has not timely requested exclusion from the Settlement will be bound by the terms of the Agreement upon Final Approval.

7.8    Effect if Settlement Is Not Approved.   This Agreement was entered into only for purposes of settlement, subject to and without waiver of the Parties' respective rights. If the Court does not enter the Preliminary Approval Order or does not grant Final Approval, or if the Final Approval and Judgment is vacated, overturned, reversed, or rendered void as a result of appeal, the Parties shall be restored to their respective positions immediately preceding execution of this Agreement.

VIII.   **MISCELLANEOUS PROVISIONS**

8.1    The Parties agree that the recitals are contractual in nature and form a material part of this Agreement.

8.2    The Parties' counsel shall use their best efforts to cause the Court to enter the Preliminary Approval Order of this Agreement and Agreement as promptly as practicable, to take all steps contemplated by this Agreement to effectuate the settlement on the stated terms and conditions, and to obtain Final Approval of this Agreement.

8.3    This Agreement is intended to and shall be governed by the laws of the State of California, without regard to conflicts of law principles.

8.4    This Agreement and its accompanying exhibits set forth the entire understanding of the Parties. No change or termination of this Agreement shall be effective unless in writing and signed by Plaintiff's Counsel and Ross's Counsel. No extrinsic evidence or parol evidence shall be used to interpret this Agreement.

8.5    All of the Parties warrant and represent that they are agreeing to the terms of this Agreement based upon the legal advice of their respective attorneys, that they have been afforded the opportunity to discuss the contents of this Agreement with their attorneys and that the terms and conditions of this document are fully understood and voluntarily accepted.

DOCUMENT PREPARED
ON RECYCLED PAPER

1       8.6    The waiver by any party of a breach of any term of this Agreement shall not operate

2  or be construed as a waiver of any subsequent breach by any party. The failure of a party to insist

3  upon strict adherence to any provision of the Agreement shall not constitute a waiver or thereafter

4  deprive such party of the right to insist upon strict adherence.

5       8.7    The headings in this Agreement are inserted merely for the purpose of convenience

6  and shall not affect the meaning or interpretation of this document.

7       8.8    This Agreement may be executed by facsimile signature and in counterparts, each

8  of which shall be deemed an original and all of which, when taken together, shall constitute one

9  and the same instrument. The date of execution shall be the latest date on which any party signs the

10  Agreement. This Agreement has been negotiated among and drafted by Class Counsel and Defense

11  Counsel. Plaintiff, Plaintiff's Counsel, Settlement Class Members, and Defendant shall not be

12  deemed to be the drafter of this Agreement or of any particular provision, nor shall they argue that

13  any particular provision should be construed against its drafter or otherwise resort to the contra

14  proferentem canon of construction. Accordingly, this Agreement should not be construed in favor

15  of or against one Party as to the drafter, and the Parties agree that the provisions of California Civil

16  Code § 1654 and common law principles of construing ambiguities against the drafter shall have

17  no application. All Parties agree that counsel for the Parties drafted this Agreement during extensive

18  arm's-length negotiations.

19       8.9    Any disagreement and/or action to enforce this Agreement shall be commenced and

20  maintained only in the Court in which this Litigation is pending.

21      8.10   The Parties reserve the right, subject to the Court's approval, to agree to any

22  reasonable extensions of time that might be necessary to carry out any of the provisions of this

23  Agreement.

24      8.11   In the event any one of the provisions contained in this Agreement shall for any

25  reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or

26  unenforceability shall not affect other provisions if Defense Counsel and Class Counsel, on behalf

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

DocuSign Envelope ID: C6A4429B-6685-4C53-B45A-971843234C28

1    of the Parties, mutually elect to proceed as if such invalid, illegal, or unenforceable provision had

2    never been included in this Agreement.

3         8.12    This Agreement shall be binding upon and inure to the benefit of the respective

4    heirs, successors and assigns of the Parties.

5         8.13    The Parties intend for this Agreement to be a complete and final resolution of all

6    disputes between them with respect to the Litigation.

7         IN WITNESS HEREOF the undersigned, being duly authorized, have caused this

8    Agreement to be executed on the dates shown below and agree that it shall take effect on the first

9    date it has been executed by all of the undersigned.

10

11

12

13   Dated: 5/6/2021                      DocuSigned by:

                                           Dominique Morrison
14                                    By: ─A622C43DC692475...
                                           DOMINIQUE MORRISON
15

16

17   Dated:                           By:_____
                                           ROSS STORES, INC.
18

19                                    Printed Name:

20                                    Title:

21
     Dated:                               **NORTON ROSE FULBRIGHT US LLP**
22

23

24                                    By_____

25                                        Jeffrey Margulies
                                          Attorneys for Defendant
26                                        ROSS STORES, INC.

27

28
     102312476.1                    - 19 -                    Case No.: 3:18-cv-02671-YGR

DOCUMENT PREPARED
ON RECYCLED PAPER

1  of the Parties, mutually elect to proceed as if such invalid, illegal, or unenforceable provision had

2  never been included in this Agreement.

3     8.12   This Agreement shall be binding upon and inure to the benefit of the respective

4  heirs, successors and assigns of the Parties.

5     8.13   The Parties intend for this Agreement to be a complete and final resolution of all

6  disputes between them with respect to the Litigation.

7     IN WITNESS HEREOF the undersigned, being duly authorized, have caused this

8  Agreement to be executed on the dates shown below and agree that it shall take effect on the first

9  date it has been executed by all of the undersigned.

10

11

12

13

14  Dated: _____    By: _____
                                 DOMINIQUE MORRISON

15

16

17  Dated: May 6, 2021       By: _____
                                 ROSS STORES, INC.

18

19                           Printed Name: Ken. Tew

20                           Title: Group Senior Vice President
                                    General Counsel and Corporate
21                                  Secretary

22  Dated: May 6, 2021       NORTON ROSE FULBRIGHT US LLP

23

24                           Jeffrey B.    Digitally signed by Jeffrey B. Margulies
                             Margulies     DN: cn=Jeffrey B. Margulies, o=Norton
                                           Rose Fulbright US LLP, ou,
                                           email=jeff.margulies@nortonrosefulbrig
                          By _____ht.com, c=US
25                                         Date: 2021.05.06 13:34:59 -07'00'
                             Jeffrey Margulies
26                           Attorneys for Defendant
                             ROSS STORES, INC.

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

1   Dated: May 6, 2021                    **AUDET & PARTNERS, LLP**

2

3

4                                        By_____

5                                            Michael McShane
                                             Attorneys for Plaintiff
                                             DOMINIQUE MORRISON
6   Dated:
                                         **STECKLER WAYNE COCHRAN CHERRY**
7                                        **PLLC**

8

9

10                                       By_____

11                                           Stuart Cochran
                                             Attorneys for Plaintiff
                                             DOMINIQUE MORRISON
12
    Dated: May 6, 2021                    **CUNEO, GILBERT & LADUCA**
13

14

15                                       By _Charles LaDuca (with consent)_

16                                           Charles LaDuca
                                             Attorneys for Plaintiff
17                                           DOMINIQUE MORRISON

18  Dated: May 6, 2021                    **LEVIN, SEDRAN & BERMAN**

19

20

21                                       By _Charles Schaffer (with consent)_

22                                           Charles Schaffer
                                             Attorneys for Plaintiff
                                             DOMINIQUE MORRISON
23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:                                  **AUDET & PARTNERS, LLP**

By_____
    Michael McShane
    Attorneys for Plaintiff
    DOMINIQUE MORRISON

Dated:                                  **STECKLER WAYNE COCHRAN CHERRY PLLC**

By_____
    Stuart Cochran
    Attorneys for Plaintiff
    DOMINIQUE MORRISON

Dated:                                  **CUNEO, GILBERT & LADUCA**

By_____
    Charles LaDuca
    Attorneys for Plaintiff
    DOMINIQUE MORRISON

Dated:                                  **LEVIN, SEDRAN & BERMAN**

By_____
    Charles Schaffer
    Attorneys for Plaintiff
    DOMINIQUE MORRISON

DOCUMENT PREPARED
ON RECYCLED PAPER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## AQ SHEET BRAND NAMES

Amante Home

Bentley Home

Brookstone

Casa Fiori

Castlewood Manor

Chateau Dormir

Cool Comfort

Grand Manor

Grande Estate

Hampton House

Heatherwood Hill

Home Essential

Irving Park

Kensington Home

Kensington Manor

Kingston Manor

Luxura

Luxura Home

Main Street Linens

Medallion Home

Nu Percale

Organically Finished

Park Manor

Pima Supreme

Ron Chereskin

Document Prepared
on Recycled Paper

1    Sharper Image

2    Silvadur

3    Sterling Manor

4    Tencel

5    Ultra Lux

6    Villa Lux

7    Weave

8    Windsor Home

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

# EXHIBIT B

### EXHIBIT A – LONG-FORM NOTICE

**Attention purchasers of cotton-polyester blended sheet sets supplied by AQ Textiles, LLC and sold at Ross Stores between May 7, 2014 and November 29, 2021[Date of Objection Deadline]**

**This notice may affect your rights. Please read it carefully.**

*A court authorized this notice. This is not a solicitation from a lawyer.*

- The notice concerns a case called *Dominique Morrison v. Ross Stores, Inc.,* Case No. 4:18-cv-02671-YGR (United States District Court for the Northern District of California).

- This class action settlement will completely resolve the lawsuit against Ross Stores, Inc. ("Ross" or "Defendant").

- The suit alleges that Ross made false and misleading claims on package labels about the thread count of sheets, which were imported and supplied by AQ Textiles, LLC ("AQ") ("the Products"). It seeks a court order to preclude those representations and enforce certain injunctive measures described herein.

- Ross denies any wrongdoing, including that it made any representations about the thread count in the Products.

- Pursuant to the settlement Ross requires AQ to certify in writing on an annual basis that the polyester/cotton sheets it supplies to Ross comply with the actual thread count pursuant to industry standard ASTM D3775, as officially interpreted and amended from time to time, or any successor industry standard for textile thread count, and to report in writing on an annual basis as to whether there are any known investigations by any outside entity or pending claims or lawsuits regarding AQ's representation regarding thread count. Ross will also require AQ to supply a passing test report for thread count for each new style of polyester/cotton sheets that it supplies to Ross.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

- This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.threadcountsettlement.com.

  **PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

| YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| EXCLUDE YOURSELF FROM THE CLASS | Opt out of the lawsuit and the settlement. This is the only option that allows you to ever bring or join another lawsuit that raises the same legal claims against Ross released by this settlement. You will not, however, be allowed to bring any further claims for injunctive relief regarding the thread count of the Products | November 29, 2021[90 days after Preliminary Approval Order] |
| OBJECT | Write to the Court about why you do not like the settlement, the amount of attorneys' fees, or the payment to the Plaintiff. | November 29, 2021[90 days after Preliminary Approval Order] |
| GO TO A HEARING | Speak in Court about the settlement. (If you object to any aspect of the settlement, you **must** submit a written objection by the Objection Deadline.) | [Final Approval Hearing]January 25, 2022 |
| DO NOTHING | You will have no right to sue later for the claims released by the settlement. | |

- These rights and options—and the deadlines to exercise them—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement.

**Final Approval Fairness Hearing**

On January 25, 2022[date], at [ a.m.]2:00 p.m., the Court will hold hearings to determine (1) whether the proposed settlement is fair, reasonable and adequate and should receive final approval; (2) whether to grant the applications for attorney's fees and expenses brought by the Plaintiff's Counsel; and (3) whether to grant the application for a class representative payment to the Plaintiff who brought the lawsuit. The hearing will be held in the courtroom of the Honorable Yvonne Gonzalez Rogers, Oakland Courthouse, Courtroom 1 - 4th Floor, 1301 Clay Street, Oakland, CA 94102. This hearing date may change without further notice to you. Consult the settlement website at www.threadcountsettlement.com, for updated information on the hearing date and time.

| Notice Contents: | Page |
|---|---|

How Do I Know If I Am Affected By The Litigation and Settlement?............................................ 3
What Is The Lawsuit About?................................................................................................3
What Does Plaintiff Seek To Recover In The Lawsuit?.........................................................4
Why Is This Case Being Settled?..........................................................................................4
What Is The Settlement?......................................................................................................4
What Can I Get In The Settlement?......................................................................................4
What Do Plaintiff And Her Lawyers Get?.............................................................................5
What Claims Are Released By The Settlement?....................................................................5
How Do I Exclude Myself From The Settlement And Litigation?............................................5
How Do I Object To The Settlement?....................................................................................
                                                                                                                      ~~65~~
When Will The Court Decide If The Settlement Is Approved?.................................................6
How Do I Get More Information?..........................................................................................6

## How Do I Know If I Am Affected By The Litigation and Settlement?

This case involves polyester-cotton blend ("Chief Value Cotton" or "CVC") sheet sets supplied by AQ to Ross and sold by Ross between May 7, 2014 and November 29, 2021~~[the exclusion deadline]~~ (the "Products"). The Products include brand names such as Grande Estate, Bentley Home, and Hampton House, and the packaging included AQ's Registered Identification ("RN") number of 113585. A complete list of brand names is available on the settlement website at www.threadcountsettlement.com

For purposes of settlement only, the Court has conditionally certified the following settlement class: All persons who, between May 7, 2014 and November 29, 2021~~[90 days after preliminary approval]~~, purchased, in the United States, any of the Products for personal use. Settlement Class members can opt out of the release of claims against Ross, but from bringing claims for injunctive relief against Ross over the alleged misrepresentations regarding thread count of the Products.

The following are not members of the Settlement Class: (1) the Honorable Yvonne Gonzalez Rogers, the Honorable Elizabeth Laporte (ret.), the Honorable Jay Gandhi (ret.); (2) any member of their immediate families or staff; (3) Ross and its employees, officers, directors and attorneys; (4) counsel for the Parties.

If the settlement does not become effective (for example, because it is not finally approved, or the approval is reversed on appeal), then this litigation will continue and any order preliminarily certifying the class for settlement purposes will be vacated.

## What Is The Lawsuit About?

A lawsuit was originally brought against Ross Stores, Inc. ("Ross"), AQ Textiles, LLC ("AQ"), and Creative Textile Mills Private Limited ("Creative"). The lawsuit alleged that the sheets provided to Ross by AQ and Creative were sold using labelling that misrepresented the actual thread count of the sheets contained in the package.

Ross denies that there is any factual or legal basis for the lawsuit. Ross contends that it did not make any representations about the thread count of AQ's Products. Ross further contends that AQ did not misrepresent the thread count of the Products. Ross therefore denies any liability. It further denies that the Plaintiff or any other members of the Settlement Classes have suffered injury or are entitled to monetary or other relief. Ross also denies that this case can be certified as a class action, except for purposes of settlement.

The Court has not determined whether Plaintiff or Ross are correct.

## What Does Plaintiff Seek To Recover In The Lawsuit?

Plaintiff alleged that by misrepresenting the thread count of the Products, Ross caused people to purchase sheets that contained qualities that was not accurately described on the packaging. The complaint sought to have Ross discontinue the practice of selling sheets without accurate thread counts and for the recovery of any possible over payments.

## Why Is This Case Being Settled?

This case has been pending since May 2018. Since then, Plaintiffs' Counsel has investigated the developing, manufacturing, marketing, and labeling of the Products. Plaintiffs' Counsel have engaged in extensive discovery, including depositions and document review. Based on its investigation, Plaintiff's Counsel has determined that there are significant risks of continuing the litigation including whether Ross or AQ made any representations regarding the thread count of the Products. In particular, there may be difficulties establishing: (1) that Ross made any representations regarding the thread count of the Products (2) that any premium can be attributed to the representations, and/or (3) that damages or restitution should be awarded or, if so, that any such award should be more than nominal. In particular, it may be difficult to establish that the volume of sales, or the pricing of Products, would have differed had the marketing and labeling been different.

On November 13, 2019, the Parties participated in an all-day mediation conducted by Honorable Jay Gandhi (retired) at JAMS in San Francisco, California. On February 18, 2021, the parties participated in an all-day mediation conducted by Honorable Elizabeth Laporte (retired) at JAMS in San Francisco, California. On March 3, 2021, the parties participated in a third mediation with Judge Laporte. After the third mediation, the parties agreed to this settlement.

After taking into account the risks and costs of further litigation, Plaintiff and her counsel believe that the terms and conditions of the settlement are fair, reasonable, adequate, and equitable, and that the settlement is in the best interest of the Settlement Class members.

## What Is The Settlement?

Ross has agreed to require AQ to certify in writing that its polyester/cotton sheets supplied to Ross complies with the actual thread count, and to report in writing on each year on any known investigations by any outside entity or pending claims or lawsuits regarding AQ's representation regarding thread count. Ross will also require AQ to supply a passing thread-count test report for each new style of polyester/cotton sheets that it supplies to Ross. If the Court approves the settlement, class members will not be able to bring claims for injunctive relief against Ross regarding the thread count of the Products, even if they opt out of the settlement. However, class members still will be able to bring claims for monetary damages and injunctive relief against AQ directly themselves or through the pending litigation in North Carolina.

In addition, as part of the settlement, Ross will pay up to $795,000.00 which will be used to pay the Plaintiff and her attorneys for their work in this litigation. The attorneys have worked on this case for almost three years and have not yet received any compensation for the time they have spent, or the costs they have incurred on behalf of the class.  Ross will also pay all costs associated with sending notice to the settlement class and otherwise administering the settlement.

## What Can I Get In The Settlement?

The settlement does not provide for any payments to settlement class members. Ross is required to ensure that sheets it purchases from AQ meet thread-count requirements as set forth

in the Settlement Agreement. Class members will retain their right to pursue any further claims directly themselves against the manufacturer and distributer of the sheets.

**What Do Plaintiff And Her Lawyers Get?**

To date, Plaintiff's lawyers have not been compensated for any of their work on this case. The Plaintiff's lawyers will petition the Court for a fee based on hours spent litigated the case. In addition, Plaintiff's lawyers will present evidence that they have paid out-of-pocket expenses (including expert fees, deposition transcript fees, court reporter fees, filing fees, service costs, copying costs, and travel expenses). None of these expenses has yet been reimbursed. As part of the settlement, Plaintiff's lawyers may apply to the Court to award them up to $750,000.00 to pay their attorneys' fees and up to $40,000.00 in out-of-pocket expenses.

In addition, the named Plaintiff in this case may apply to the Court for an incentive award of $5,000. This payment is designed to compensate the Plaintiff for the time, effort, and risks she undertook in pursuing this litigation, and for the relief she helped obtain on behalf of the class members

Plaintiff and her lawyers will file a motion with the Court on or before [35 days before objection deadline]October 18, 2021 in support of their applications for attorneys' fees, costs, and expenses and payments to the Plaintiffs. A copy of that motion will be available on the settlement website. The Court will determine what amounts of fees, costs, expenses, and class representative payments to award.

The award of attorneys' fees, costs and expenses will be paid to Plaintiff's lawyers within 30 days after an order granting final approval to the settlement becomes final.

**What Claims Are Released By The Settlement?**

The settlement releases all claims by members of the Settlement Class against Ross and its affiliates that were or could have been asserted by Plaintiff in this litigation, and that relate to the allegations that Ross misrepresented the thread count of the Products. This release includes claims that may not yet be known or suspected. This means that you will not be able to sue, continue to sue, or be part of any other lawsuit against Ross and/or any of its affiliates that involves the settled claims. For further information, please see Sections 1.27 and 6.2 of the Settlement Agreement. However, the settlement will not release any claims by members of the Settlement Class against AQ over the thread count of the Products including whether AQ misrepresented the thread count of the Products.

**How Do I Exclude Myself From The Settlement And Litigation?**

You can exclude yourself from the settlement class if you wish to retain the right to sue Ross separately for any monetary claims over the thread count of the Products. If you exclude yourself, you cannot object to the terms of the settlement other than the injunctive relief included in the settlement.

To exclude yourself, you must complete and submit the online form at the settlement website or mail a request to exclude yourself from the settlement to the claim administrator at Morrison v Ross Stores, Inc., Settlement Administrator, 50 Corporate Park, Irvine, CA 92606[address]. If mailed, the exclusion request must contain your name, address, the words "I wish to be excluded from the Ross Thread Count Class Action Settlement," and your signature.

If submitted online, exclusion requests must be submitted by November 29, 2021[90 days after preliminary approval order]. If mailed, exclusion requests must be *received by the Claim Administrator* (not postmarked) by November 29, 2021[90 days after preliminary approval order].

## How Do I Object To The Settlement?

You can ask the Court to deny approval of the settlement by timely submitting an objection to the Claim Administrator. You cannot ask the Court to order a different settlement; the Court can only approve or deny the settlement. If the Court denies approval to the entire settlement, the lawsuit will continue.

You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. If you want to raise an objection to the settlement at the Final Approval hearing, you must first submit that objection in writing.

Any objection must include: (i) the case name and number *Morrison v. Ross*, Case No. 4:18-cv-02671-YGR (N.D. Cal.); (ii) your name, address, and telephone number; (iii) the name and address of the lawyer(s), if any, who are representing you in making the objection or who may be entitled to compensation in connection with your objection; (iv) documents or testimony sufficient to establish that you are a member of the Settlement Class; (v) a detailed statement of your objection(s), including the grounds for those objection(s); (vi) a statement as to whether you are requesting the opportunity to appear and be heard at the final approval hearing [you must file with the Court, at least 30 days before the Final Approval Hearing, your notice of intent to appear]; (vii) the identity of all counsel (if any) who will appear on your behalf at the final approval hearing and all persons (if any) who will be called to testify in support of your objection; (viii) copies of any papers, briefs, or other documents upon which your objection is based if not already in the court file; (ix) a detailed list of any other objections you or your counsel have submitted to any class action in any state or federal court in the United States in the previous five years (or affirmatively stating that no such prior objection has been made); (x) a list of prior representations by your counsel and all sanctions or discipline ordered by any court, bar association or governmental agency against your counsel; and (xi) your signature as objector, in addition to the signature of your attorney, if an attorney is representing you with the objection. Failure to include this information and documentation may be grounds for overruling and rejecting your objection.

All the information listed above must be in writing, electronically filed via the Court's ECF system (https://www.cand.uscourts.gov/cases-e-filing/cm-ecf/), or delivered to the Clerk of the Court by mail, express mail, or personal delivery such that the objection is *received by* the Clerk of the Court (not just postmarked or sent), at 450 Golden Gate Ave, San Francisco, CA 94102 on or before November 29, 2021[90 days after preliminary approval]. By filing an objection, you consent to the jurisdiction of the Court, including to any order of the Court to produce documents or provide testimony prior to the Final Fairness Hearing.

If you object to the settlement but still want to submit a claim in the event the Court approves the settlement, you must still submit a timely claim according to the instructions described above.

## When Will The Court Decide If The Settlement Is Approved?

The Court will hold a hearing on [hearing date]January 25, 2022, to consider whether to approve the settlement. The hearing will be held in the in the courtroom of the Honorable Yvonne Gonzalez Rogers, Oakland Courthouse, Courtroom 1 - 4th Floor, 1301 Clay Street, Oakland, CA 94102. The hearing is open to the public. This hearing date may change without further notice to you. Consult the Settlement Website at www.threadcountsettlement.com or PACER, at https:// https://ecf.cand.uscourts.gov/cgi-bin/login.pl www.cand.uscourts.gov/cases-e-filing/cm-ecf/, for updated information on the hearing date and time.

**How Do I Get More Information?**

       You can inspect many of the court documents connected with this case on the settlement website. Other papers filed in this lawsuit are available through PACER, the online service for the United States District Courts, at https://www.cand.uscourts.gov/cases-e-filing/cm-ecf/. Alternatively you may visit the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Ave, San Francisco, CA 94102 from 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

       You can contact the Claim Administrator by calling 1-8__-___-____ or writing to

       Morrison v Ross Stores, Inc.
       Settlement Administrator
       50 Corporate Park
       Irvine, CA 92606
       [address].

       You can also obtain additional information by contacting Plaintiff's Counsel: [list contact information]

       Michael A. McShane
       mmcshane@audetlaw.com
       Ling Y. Kuang
       lkuang@audetlaw.com
       Kurt D. Kessler
       kkessler@audetlaw.com
       AUDET & PARTNERS, LLP
       711 Van Ness Avenue, Suite 500
       San Francisco, CA 94102-3275
       Telephone: (415) 568-2555
       Facsimile: (415) 568-2556

       Charles E. Schaffer
       cschaffer@lfsblaw.com
       LEVIN SEDRAN & BERMAN
       510 Walnut Street, Suite 500
       Philadelphia, PA 19106
       Telephone: (215) 592-1500
       Facsimile: (215) 592-4663

       Charles LaDuca
       charles@cuneolaw.com
       Brendan Thompson
       brendant@cuneolaw.com
       CUNEO GILBERT & LADUCA, LLP
       4725 Wisconsin Avenue, NW, Suite 200
       Washington, DC 20016
       Telephone: (202) 789-3060

       Stuart L. Cochran
       stuart@swclaw.com

STECKLER WAYNE COCHRAN CHERRY
12720 Hillcrest Road, Suite 1045
Dallas, Texas 75230
Telephone: (972) 387-4040
Facsimile: (972) 387-4041

Do not call or contact the Court concerning this notice, the settlement or the lawsuit.

218883683

# EXHIBIT C

EXHIBIT B – SUMMARY NOTICE

# IF YOU PURCHASED CERTAIN COTTON-POLYESTER BLENDED SHEET SETS AT ROSS STORES YOUR RIGHTS MAY BE AFFECTED BY A PROPOSED CLASS ACTION SETTLEMENT
*For more information, visit www.threadcountsettlement.com*

**WHAT IS THIS CASE ABOUT?**

A proposed settlement has been reached in a class action lawsuit against Ross Stores, Inc. The lawsuit claims that the thread count on cotton/polyester sheets imported and supplied by AQ Textiles, LLC and sold by Ross was false or deceptive. Ross stands by its advertising and denies it did anything wrong. The Court has not decided which side is right. Instead, the parties have decided to settle this case.

**ARE YOU A CLASS MEMBER?**

If you are a class member if you purchased polyester-cotton blend ("Chief Value Cotton" or "CVC") sheet sets supplied by AQ to Ross and sold by Ross between May 7, 2014 and [90 days after preliminary approval]November 29, 2021. Details on the brands and other identifying information are included in the full Notice. You should read the entire Notice carefully and visit www.threadcountsettlement.com because your legal rights are affected whether you act or not.

**WHAT DOES THIS SETTLEMENT PROVIDE?**

Ross is agreeing to require AQ to provide certain assurances for its Products, such as an annual certification that AQ's products complies with the actual thread count pursuant to industry standards, reports as to whether there are any investigations or claims regarding its thread count representation, and provide passing test reports for thread count for any new styles of polyester/cotton sheets that it supplies to Ross. Ross has also agreed to pay the Class Counsel's fees and costs of up to $790,000 and an incentive award to the class representative of up to $5,000. The complete Stipulation of Settlement is found at www.threadcountsettlement.com .

**WHAT HAPPENS NOW?**

The Court will hold a hearing in this case on [DATE]January 25, 2022 at [TIME]2 p.m. at the federal courthouse located at 1301 Clay Street, Oakland, CA 94612 to consider the final approval of the settlement, payment of attorneys' fees to class counsel, incentive awards for the class representative, and other related issues. The motion(s) by class counsel for attorneys' fees and costs and incentive awards for class representative will be available for viewing at www.threadcountsettlement.com after they are filed. You may appear at the hearing in person or through your attorney at your own cost, but you are not required to do so.

The hearing date may change without further notice to you. Visit www.threadcountsettlement.com for the latest updates.

**WHAT ARE YOUR OPTIONS?**

- **EXCLUDE YOURSELF**: Get out of the lawsuit and settlement if you do not want to be bound by the settlement and give up your rights to sue Ross for money damages only (you cannot exclude yourself from any injunctive relief ordered by the Court). You must complete and submit an online form available at www.threadcountsettlement.com or by mailing your request to the Settlement Administrator by November 29, 2021[90 days after preliminary approval]. If mailed, it must be *received* by the Settlement Administrator by November 29, 2021[90 days after preliminary approval].

- **OBJECT TO THE SETTLEMENT**: You can object to the settlement by telling the Court why you do not think the settlement should be approved. You must file a written objection by November 29, 2021[90 days after preliminary approval]. If you intend on appearing at the hearing, you must also notify the parties and the Court that you plan on appearing by [30 days before the final approval hearing].

- **DO NOTHING**: If you do not exclude yourself from the settlement, you will be bound by the Court's decision. If the settlement is approved, you will forever release your claims against Ross as to its advertising, marketing, promotion, or distribution of the Products. However you will still be able to sue AQ over the thread count of the Products.

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.threadcountsettlement.com, or by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov/cgi-bin/login.pl/https://www.cand.uscourts.gov/cases-e-filing/cm-ecf/v, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Ave, San Francisco, CA 941021301 Clay Street, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**